1
2
3
4
5

Matthew C. Mickelson (S.B.N. 203867)
**LAW OFFICES OF MATTHEW C. MICKELSON**
16055 Ventura Boulevard, Ste. 1230
Encino, CA 91436
818-382-3360

Attorney for Defendants PERFECT 10, INC.
and NORMAN ZADA

6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17

GIGANEWS, INC., a Texas corporation;
LIVEWIRE SERVICES, INC., a Nevada
corporation,

                     Plaintiffs,
            v.

PERFECT 10, INC., a California
corporation, NORMAN  ZADA, an
individual, and DOES 1-50, inclusive

                     Defendants.

Case No.: 2:17-cv-05075-AB (JPR)

***Before Honorable André Birotte, Jr.***

**DEFENDANTS PERFECT 10, INC.'S
AND NORMAN ZADA'S ANSWER
TO PLAINTIFFS' FIRST AMENDED
COMPLAINT**

18
19
20
21
22
23
24
25
26
27
28

1    Defendants Perfect 10, Inc. and Norman Zada answer Plaintiffs' First

2    Amended Complaint (hereinafter the "FAC") as follows:

3        1.    Defendants admit the allegations contained in paragraphs 3, 7, 8, 13,

4    14, 16, 17, 18, 28, 32, 33, 37, 45, and 61 of the FAC.

5        2.    Defendants deny the allegations contained in paragraphs 4, 10, 11, 29,

6    30, 39, 41, 42, 54, 55, 56, 57, 58, 63, 64, 65, 66, 67, 68, 69 of the FAC in their

7    entirety.

8        3.    Answering paragraph 1 of the FAC, Defendants admit the facts of said

9    paragraph, except that they deny that they ever considered the claims to be

10   "unmeritorious."

11       4.    Answering paragraph 2 of the FAC, Defendants admit that Perfect 10,

12   Inc. has filed over two dozen suits for copyright infringement.  Other than this

13   admission, Defendants deny each and every other allegation in said paragraph.

14       5.    Answering paragraph 5 of the FAC, Defendants admit that the cases

15   referenced therein are accurately cited, but deny that those cases accurately describe

16   the USENET as it now exists.  Defendants deny that Giganews only operates

17   "several Usenet servers."  Defendants lack information and belief sufficient to admit

18   or deny all the other allegations in said paragraphs and therefore deny said

19   allegations.

20       6.    Answering paragraph 6 of the FAC, Defendants lack information and

21   belief sufficient to admit or deny the allegations in said paragraphs and therefore

22   deny said allegations.

23       7.    Answering paragraphs 9 and 12 of the FAC, Defendants lack

24   information and belief sufficient to admit or deny the allegations in said paragraphs

25   and therefore deny said allegations.

26       8.    Answering paragraph 15 of the FAC, Defendants admit the facts of said

27   paragraph, except that they deny that they ever considered the claims to be

28   "unmeritorious," or that Dr. Zada "controlled" the litigation of the Related Case, as

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

1    that term is ambiguous.

2        9.    Answering paragraph 19 of the FAC, Defendants admit the facts of said

3    paragraph, except that they deny that the fees awarded were "reasonable.," They

4    recognize that the court made such findings, but do not agree with those findings.

5        10.    Answering paragraph 20 of the FAC, Defendants admit the amount of

6    the sums transferred and the dates of transfer and that Perfect 10's General Ledger as

7    of December 31, 2014 reflects such transfers.  Other than this admission, Defendants

8    deny each and every other allegation in said paragraph, including Plaintiffs'

9    characterization of such transfers.

10        11.    Answering paragraph 21 of the FAC, Defendants admit that the

11    paragraph includes an accurate (albeit partial) transcript of Zada's January 28, 2016

12    debtor's examination.  Other than this admission, Defendants deny each and every

13    other allegation in said paragraph.

14        12.    Answering paragraph 22 of the FAC, Defendants admit that the

15    attorney's fee award was issued on March 24, 2015.  Other than this admission,

16    Defendants deny each and every other allegation in said paragraph.

17        13.    Answering paragraph 23 of the FAC, Defendants admit that on March

18    27, 2015, $454,002.05 was transferred from a Perfect 10, Inc. account to the Krause

19    Kalfayan Benink & Slavens, LLP Client Trust Account and admit at the time of the

20    transfer, a sanctions motion was pending against Perfect 10 and Perfect 10's

21    attorneys.  Other than this admission, Defendants deny each and every other

22    allegation in said paragraph.

23        14.    Answering paragraph 24 of the FAC, Defendants admit the facts of said

24    paragraph, except that they deny that there were any "sham transactions for

25    inadequate consideration" and further deny that any car was transferred, or that

26    substantially all, rather than most, of Perfect 10's remaining physical assets were

27    transferred.

28        15.    Answering paragraph 25 of the FAC, Defendants admit that the

paragraph includes an accurate (albeit partial and out of context) transcript of Zada's January 28, 2016 debtor's examination.   Other than this admission, Defendants deny each and every other allegation in said paragraph.

16.   Answering paragraph 26 of the FAC, Defendants admit that $70,000 was paid by Norman Zada for the Perfect 10, Inc. property.  Other than this admission, Defendants deny each and every other allegation in said paragraph.

17.   Answering paragraph 27 of the FAC, Defendants admit that approximately 11 days after the Court entered the attorney's fees award, Perfect 10 and Dr. Zada offered to settle the fee award by paying $2 million in cash plus a first trust deed of $3.819 million on Dr. Zada's home, reserving the right to appeal the judgment.  Other than this admission, Defendants deny each and every other allegation in said paragraph, including that Defendants did anything to "insulate" Perfect 10, Inc.'s assets from the judgment, or that any aspect of the proffered settlement was "illusory."

18.   Answering paragraph 31 of the FAC, Defendants admit that portions of the Perfect 10 website still operate.   Other than this admission, Defendants deny each and every other allegation in said paragraph.

19.   Answering paragraph 34 of the FAC, Defendants admit that this paragraph includes an accurate (albeit partial and out of context) transcript of a deposition given by Poblete.  Other than this admission, Defendants deny each and every other allegation in said paragraph.

20.   Answering paragraph 35 of the FAC, Defendants admit that some office furniture and computers remain in the same room as when Perfect 10 owned them. Other than this admission, Defendants deny each and every other allegation in said paragraph.

**FIRST CAUSE OF ACTION**

21.   Defendants repeat and incorporate herein, their responses to paragraph 1-20 above.

22.     Answering paragraph 38 of the FAC, Defendants admit that between January 3, 2014 and November 20, 2014, $1.75 million of cash Perfect 10 owed to Dr. Zada was paid back to Dr. Zada, and that most of Perfect 10, Inc.'s physical assets (Dr. Zada actually owned the 2009 Lexus, not Perfect 10, see Exhibit "A") were transferred from Perfect 10, Inc. to Dr. Zada in exchange for $70,000.  Other than this admission, Defendants deny each and every other allegation in said paragraph.

23.     Answering paragraph 40 of the FAC, Defendants admit that the transfers were to an insider and that the non-cash transfers were most of Perfect 10, Inc's physical assets.  Other than this admission, Defendants deny each and every other allegation in said paragraph.

24.     Answering paragraph 43 of the FAC, Defendants lack information and belief sufficient to admit or deny the allegations in said paragraph (i.e, Plaintiffs' intentions) and therefore deny said allegations.

**SECOND CAUSE OF ACTION**

25.     Defendants repeat and incorporate herein, their responses to paragraph 1-24 above.

26.     Answering paragraph 46 of the FAC, Defendants admit the amounts of the transfers of monies owed to Dr. Zada from Perfect 10 to Dr. Zada and the dates.  Other than this admission, Defendants deny each and every other allegation in said paragraph.

27.     Answering paragraph 47 of the FAC, Defendants admit that Perfect 10's 2014 tax return reflected ordinary income of $1,335,866; distributions of $1,496,948 in Schedule M-2; a beginning-of-taxable-year "loan from shareholders" of $266,863 in Schedule L; a deduction of $645,980 in legal fees in Schedule F; and the accumulated adjustment account of -$51,731,421 in Schedule M-2 at year end. Defendants lack information and belief sufficient to admit or deny all other allegations in said paragraph, including  Plaintiffs' characterization of these figures,

1    and therefore deny said allegations..

2         28.    Answering paragraph 48 of the FAC, Defendants admit that Perfect 10

3    made no profit in early 2015.  Defendants deny each and every other allegation in

4    said paragraph.

5         29.    Answering paragraph 49 of the FAC, Defendants admit that on March

6    27, 2015, $454,002.05 was transferred from a Perfect 10, Inc. account to the Krause

7    Kalfayan Benink & Slavens, LLP Client Trust Account. Defendants also admit that

8    when the Court ruled that the sanctions order was moot, these same funds were

9    returned to Perfect 10.  Other than these admissions, Defendants deny each and

10   every other allegation in said paragraph.

11        30.    Answering paragraph 50 of the FAC, Defendants admit that most of

12   Perfect 10's physical assets were transferred to Dr. Zada in March 2015, which

13   included all of its magazines, videos, calendars, and t-shirts, some beds, a couch, a

14   desk, paper and office supplies, and several computers.  (The car actually belonged

15   to Dr. Zada even though he mistakenly paid Perfect 10 $30,000 for it.)  Defendants

16   deny each and every other allegation in the paragraph.

17        31.    Answering paragraph 51 of the FAC, Defendants admit Perfect 10's

18   2014 tax return includes a schedule that references the "Cost or Basis" of

19   photographic equipment, office furniture, and computer equipment in the amount of

20   $555,464.  That same schedule reflects prior depreciation of those same assets in the

21   amount of $538,949. Defendants deny each and every other allegation in the

22   paragraph.

23        32.    Answering paragraph 52 of the FAC, Defendants admit that Perfect

24   10's inventory of magazines that Dr. Zada purchased could have been as many as

25   4000 magazines, and that Perfect 10 at one time sold its magazines on its website for

26   as much as $15/magazine and certain rare issues for more. Defendants deny each

27   and every other allegation in the paragraph, including Plaintiffs' analysis as to what

28   such magazines were worth, as Plaintiffs' analysis neglected that an employee would

1   be needed to be paid to process any resulting orders.

2      33.   Answering paragraph 53 of the FAC, Defendants admit the facts of said

3   paragraph, except that they deny that "the transfers were without a reasonably

4   equivalent value in exchange."

5      34.   Answering paragraph 59 of the FAC, Defendants lack information and

6   belief sufficient to admit or deny the allegations in said paragraph (i.e, Plaintiffs'

7   intentions) and therefore deny said allegations.

8   **THIRD CAUSE OF ACTION**

9      35.   Defendants repeat and incorporate herein, their responses to paragraph

10   1-34 above.

11      36.   Answering paragraph 62 of the FAC, Defendants admit that some office

12   furniture and computers remain in the same room as when Perfect 10 owned them.

13   Defendants deny each and every other allegation in said paragraph.

14      37.   Answering paragraph 70 of the FAC, Defendants lack information and

15   belief sufficient to admit or deny the allegations in said paragraph (i.e, Plaintiffs'

16   intentions) and therefore deny said allegations.

17      38.   Answering paragraphs 36, 44 and 60, Defendants do not have the

18   ability to admit or deny said paragraphs, because they are legal boilerplate and

19   surplusage.  To the extent that these paragraphs refer to allegations pled in the FAC,

20   Defendants deny or affirm them with reference to the denials and affirmations set

21   forth in this Answer.

22   FIRST AFFIRMATIVE DEFENSE

23      39.   As a first, separate and affirmative defense to each and every cause of

24   action, Defendants allege that each and every cause of action fails to state a claim

25   upon which relief can be granted against the Defendants herein.

26   SECOND AFFIRMATIVE DEFENSE

27      40.   As a second, separate and affirmative defense to each and every cause

28   of action, Defendants allege that each and every cause of action is implausible under

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

the standards set forth in *Bell Atlantic Corp. v. Twombly*, (2007) 550 U.S. 544, 556-557 (2007); and *Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009).

THIRD AFFIRMATIVE DEFENSE

41.    As a third, separate and affirmative defense to each and every cause of action, Defendants allege that the FAC's third cause of action is improper because the Court did not give Plaintiffs leave to amend to add a third cause of action.

FOURTH AFFIRMATIVE DEFENSE

42.    As a fourth, separate and affirmative defense to each and every cause of action, Defendants allege that each and every cause of action is barred under the doctrine of collateral estoppel.

FIFTH AFFIRMATIVE DEFENSE

43.    As a fifth, separate and affirmative defense, Defendants allege that by virtue of the conduct of Plaintiffs, Plaintiffs have waived any and all claims they may have had under the facts alleged in the Complaint.

SIXTH AFFIRMATIVE DEFENSE

44.    As a sixth, separate and affirmative defense, Defendants allege that Plaintiffs have not suffered any damage as a result of any actions taken by Defendants or their agents and Plaintiffs are therefore barred from asserting any cause of action against Defendants.

SEVENTH AFFIRMATIVE DEFENSE

45.    As a seventh separate and affirmative defense, Defendants allege that at all times herein relevant, without admitting the truth of any allegations, Defendants are informed and believe and thereon avers that Plaintiffs seek excessive damages.

EIGHTH AFFIRMATIVE DEFENSE

46.    As an eighth, separate and affirmative defense, Defendants allege that at all times herein relevant, without admitting the truth of any allegations, Defendants are informed and believe and thereon avers that Plaintiffs seek excessive

prejudgment interest not authorized by law, including but not limited to interest barred by Civil Code section 1504.

NINTH AFFIRMATIVE DEFENSE

47.    As a ninth, separate and affirmative defense, Defendants allege that at all times herein relevant, without admitting the truth of any allegations, Defendants are informed and believe and thereon avers that Plaintiffs seek attorney's fees not authorized by law.

TENTH AFFIRMATIVE DEFENSE

48.    As a tenth, separate and affirmative defense, Defendants allege that at all times herein relevant, without admitting the truth of any allegations, Defendants are informed and believe and thereon avers that Plaintiffs seek punitive damages which are excessive, not authorized by law, in violation of due process, and unconstitutional.

ELEVENTH AFFIRMATIVE DEFENSE

49.    As an eleventh, separate and affirmative defense, Defendants allege that at all times herein relevant, Defendants are informed and believe and thereon aver that Plaintiffs have failed to mitigate their damages and are therefore entitled to no relief.

TWELFTH AFFIRMATIVE DEFENSE

50.    As a twelfth separate and affirmative defense, Defendants allege that at all times herein relevant, Plaintiffs' FAC, and each purported cause of action therein, is barred, in whole or in part, because Plaintiffs lack standing to bring the alleged claims.

THIRTEENTH AFFIRMATIVE DEFENSE

51.    As a thirteenth, separate and affirmative defense, Defendants allege that at all times herein relevant, Plaintiffs' FAC, and each purported cause of action therein, is barred, in whole or in part, because Plaintiffs are not the real party in interest and has no right to seek redress for the alleged claims.

FOURTEENTH AFFIRMATIVE DEFENSE

52.     As a fourteenth, separate and affirmative defense, Defendants allege that at all times herein relevant, Plaintiffs' FAC, and each purported cause of action therein, is barred, in whole or in part, by the doctrine of estoppel.

FIFTEENTH AFFIRMATIVE DEFENSE

53.     As a fifteenth, separate and affirmative defense, Defendants allege that at all times herein relevant, Plaintiffs' FAC, and each purported cause of action therein, is barred, in whole or in part, by the doctrine of waiver.

SIXTEENTH AFFIRMATIVE DEFENSE

54.     As a sixteenth, separate and affirmative defense, Defendants allege that at all times herein relevant, Plaintiffs' FAC, and each purported cause of action therein, is barred, in whole or in part, by the doctrine of unclean hands.

SEVENTEENTH AFFIRMATIVE DEFENSE

55.     As a seventeenth, separate and affirmative defense, Defendants allege that at all times herein relevant, Plaintiffs' FAC, and each purported cause of action therein, is barred, in whole or in part, by Defendants' offer of payment.

EIGHTEENTH AFFIRMATIVE DEFENSE

56.     As an eighteenth, separate and affirmative defense, Defendants allege that at all times herein relevant, Plaintiffs' FAC, and each purported cause of action therein, is barred, in whole or in part, by the doctrine of laches.

NINETEENTH AFFIRMATIVE DEFENSE

57.     As a nineteenth, separate and affirmative defense, Defendants allege that at all times herein relevant, Plaintiffs' FAC, and each purported cause of action therein, is barred, in whole or in part, by Plaintiffs' lack of capacity.

TWENTIETH AFFIRMATIVE DEFENSE

58.     As a twentieth, separate and affirmative defense, Defendants alleges that at all times herein relevant, Plaintiffs' FAC, and each purported cause of action therein, is barred, in whole or in part, by the applicable statute of limitations,

including, but not limited to, Code of Civil Procedure §§ 3439.09(a), 3439.09(b), 3439.09(c), 338(d) and Civil Code § 3440.6.

TWENTY-FIRST AFFIRMATIVE DEFENSE

59.    As a twenty-first separate and affirmative defense, Defendants allege that at all times herein relevant, Plaintiffs' FAC, and each purported cause of action therein, is barred, because of Plaintiffs' comparative fault and negligence in any damages suffered by Plaintiffs.

TWENTY-SECOND AFFIRMATIVE DEFENSE

60.    As a twenty-second separate and affirmative defense, Defendants allege that at all times herein relevant, Plaintiffs' FAC, and each purported cause of action therein, is barred, because the FAC is uncertain.

TWENTY-THIRD AFFIRMATIVE DEFENSE

61.    As a twenty-third separate and affirmative defense, Defendants allege that at all times herein relevant, Plaintiffs' FAC, and each purported cause of action therein, is barred, because any alleged transfers were proper and legal preferential transfers.

TWENTY-FOURTH AFFIRMATIVE DEFENSE

62.    As a twenty-fourth separate and affirmative defense, Defendants allege that at all times herein relevant, Plaintiffs' FAC, and each purported cause of action therein, is barred, because any transferee of any of the alleged transfers was a good faith taker for a reasonably equivalent value.

TWENTY-FIFTH AFFIRMATIVE DEFENSE

63.    As a twenty-fifth separate and affirmative defense, Defendants allege that at all times herein relevant, Plaintiffs' FAC, and each purported cause of action therein, is barred, because the FAC seeks improper and illegal double recovery for the same harm.

## PRAYER

WHEREFORE, Defendants pray as follows:

1       1.     That Plaintiffs take nothing by reason of their FAC, that judgment be

2   rendered in favor of Defendants;

3       2.     That Defendants be awarded their costs of suit incurred in defense of

4   this action, including attorney's fees; and

5       3.     For such other relief as the Court deems proper.

6   DATED:  December 27, 2017     LAW OFFICES OF MATTHEW C. MICKELSON

7

8               By: _/s/ Matthew C. Mickelson_____

9                     MATTHEW C. MICKELSON

                  Attorney for Defendants Perfect 10, Inc.

10                    and NORMAN ZADA

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants demand a jury trial.

DATED:  December 27, 2017          LAW OFFICES OF MATTHEW C. MICKELSON


By:  _/s/ Matthew C. Mickelson_
        MATTHEW C. MICKELSON
        Attorney for Defendants Perfect 10, Inc.
        and NORMAN ZADA

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT