1    ANDREW P. BRIDGES (CSB No. 122761)
     abridges@fenwick.com
2    FENWICK & WEST LLP
     801 California Street
3    Mountain View, CA  94041
     Telephone:  650.988.8500
4    Facsimile:   650.928.5200

5    JEDEDIAH WAKEFIELD (CSB No. 178058)
     jwakefield@fenwick.com
6    TODD R. GREGORIAN (CSB No. 236096)
     tgregorian@fenwick.com
7    ERIC B. YOUNG (CSB No. 318754)
     eyoung@fenwick.com
8    FENWICK & WEST LLP
     555 California Street, 12th Floor
9    San Francisco, CA  94104
     Telephone:  415.875.2300
10   Facsimile:   415.281.1350

11   RONALD P. SLATES, SBN: 43712
     rslates2@rslateslaw.com
12   RONALD P. SLATES, P.C.
     500 South Grand Avenue, Suite 2010
13   Los Angeles, CA 90071
     Telephone:  213.624.1515
14   Facsimile:   213.624.7536

15   Attorneys for Plaintiffs/Judgment Creditors,
     GIGANEWS, INC. and LIVEWIRE
16   SERVICES, INC

17                 UNITED STATES DISTRICT COURT

18                CENTRAL DISTRICT OF CALIFORNIA

19

20   GIGANEWS, INC., a Texas corporation;      Case No.: 2:17-cv-05075-AB (JPR)
     and LIVEWIRE SERVICES, INC., a
21   Nevada corporation,                       **PLAINTIFFS'** *MOTION IN*
                                                *LIMINE* **NO. 3 TO EXCLUDE**
22                     Plaintiffs,              **EVIDENCE RELATING TO**
                                                **SETTLEMENT AND**
23          v.                                  **MEDIATION**
                                                **COMMUNICATIONS**
24   PERFECT 10, INC., a California
     corporation; NORMAN ZADA, an              Judge:       Hon. André Birotte Jr.
25   individual; and DOES 1-50, inclusive,     Date:        March 1, 2019
                                                Time:        11:00 A.M.
26                     Defendants.              Courtroom:   7B
                                                Trial:       March 26, 2019
27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Plaintiffs Giganews, Inc. and Livewire Services, Inc. give notice that they will present to the Court this motion *in limine* to exclude Defendants Perfect 10 and Norman Zada from offering or presenting to the jury evidence of settlement or mediation communications between the parties.  The hearing will occur on March 1, 2019 at 11:00 a.m. or at any other date and time the Court directs.  Plaintiffs move pursuant to Rules 401–403, and 408 of the Federal Rules of Evidence, as well as the California mediation privilege (Cal. Evid. Code § 1119), which applies here under Federal Rule of Evidence 501.

Plaintiffs base the motion on this notice, the attached memorandum of points and authorities, all pleadings and papers on file in this action, and any other matters that the Court may consider at the final pretrial conference hearing.  This motion is made following the conference of counsel pursuant to L.R. 7–3, which took place on January 17, 2019.

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION AND FACTUAL BACKGROUND

Plaintiffs ask the Court to exclude reference or evidence of settlement offers and statements that any person or party made in connection with mediation proceedings or other settlement discussions.  Throughout the case Defendants have referred to confidential communications that they have characterized as settlement offers and negotiations.[1]  They have now signaled their plans to present "evidence" to the jury of three settlement discussions:

- Perfect 10 sued Plaintiffs for copyright infringement in 2011.  The parties mediated the case before a JAMS neutral in January 2014.  Gregorian Decl. ¶ 7, Ex. 6.  Zada and Perfect 10 intend to present evidence that Giganews

---

[1] *See, e.g.*, Dkt. 12 at 13–19 & n.8; Dkt. 33 at 17–19; Dkt. 67 at 8–10; Dkt. 72 at Nos. 52, 101, and 105; Dkt. 73 at ¶¶ 4, 25; Dkt. 121 at 8–9.

offered to settle for a particular sum on January 13, 2014.  Dkt. 72, No. 52.
Plaintiffs have not located evidence of such an offer outside of the context of
the mediation; Defendants produced none in discovery.

- In March 2015, this Court awarded Giganews and Livewire over $5 million
  in attorney's fees spent defending against Perfect 10's copyright claims.  On
  April 4, 2015, Perfect 10 offered to settle for $2 million in cash plus a deed
  of trust on Zada's Norfield Court mansion.  Dkt. 109-32, No. 216.  At the
  time, Zada was also closing a $3.5 million cash-out mortgage on the
  property.

- In November 2018, the parties mediated this fraudulent transfer case before a
  JAMS neutral.  Gregorian Decl. ¶ 9, Ex. 7.  Zada intends to testify that the
  mediator told him certain information about what a Giganews officer had
  said in mediation.[2]  *See* Dkt. 121 at 8.

This evidence does not bear on the claims or defenses in this case, would
confuse the jury, and flies in the face of the evidentiary rules and mediation
protocols that further open and honest settlement negotiations.  The Court should
exclude all evidence related to mediation proceedings under Rule 501 and the strict
California mediation privilege in California Evidence Code section 1119.  It should
also exclude all evidence of settlement offers or related discussions pursuant to
Rule 408, and as irrelevant, prejudicial, confusing, and a waste of time under Rules
402 and 403.

## ARGUMENT

## I.  Evidence of Mediation Offers and Other Communications Are Inadmissible Under Federal Rule of Evidence 501 and the California Mediation Privilege.

---

[2] If the Court denies this motion, Plaintiffs also intend to object to this testimony as
double hearsay.  While not pertinent to this motion, Mr. Yokubaitis and the
mediator both deny the statement that Mr. Zada claims to report.

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

1    The Court should exclude any evidence related to the parties' January 2014

2    and November 2018 mediations, including the alleged offer to settle the copyright

3    suit and Zada's uncorroborated report of what the mediator told him during the

4    mediation of this case.

5    All claims in this case arise under California state law.  Dkt. 26.  California

6    state law privileges therefore apply.  *See* Fed. R. Evid. 501; *Pac. Marine Ctr., Inc.*

7    *v. Phila. Indem. Ins. Co.*, No. 1:13–CV–00992–AWI, 2015 WL 1565362, at *6–7

8    (E.D. Cal. Apr. 8, 2015) (holding Rule 501 requires application of Section 1119

9    where the "Court exercises its diversity jurisdiction to apply California substantive

10   law"); *Gonzalez v. T-Mobile, USA, Inc.*, No. 13cv1029–BEN (BLM), 2014 WL

11   4055365, at *4 (S.D. Cal. Aug. 14, 2014) (quoting *Cal. Pub. Utils. Comm'n*, 892

12   F.2d 778, 781 (9th Cir. 1989) ("In diversity actions, questions of privilege are

13   controlled by state law.")).[3]

14   California's mediation privilege, in turn, bars evidence of all statements, all

15   writings, and all other "communications, negotiations, or settlement discussions" by

16   or between participants in connection with a mediation.  Cal. Evid. Code § 1119.

17   The California Supreme Court has ruled that the statute's protection is unqualified

18   and absolute: no such communications are admissible.  *See Foxgate Homeowners*

19   *Ass'n v. Bramalea Cal., Inc.*, 26 Cal. 4th 1, 14 (2001); *Rojas v. Super. Ct.*, 33 Cal.

20   4th 407, 424 (2004); *Fair v. Bakhtiari*, 40 Cal. 4th 189, 191, 197 (2006).

21   All evidence of alleged communications related to the January 2014 or

22   November 2018 mediations is inadmissible.  The Court should exclude it.

23

24

25   [3] Plaintiffs acknowledge an exception to this rule when the evidence is for a
     purpose other than to prove a claim or defense.  *See, e.g.*, *Milhouse v. Travelers*
26   *Commercial Ins. Co.*, 982 F. Supp. 2d 1088, 1105 n.10 (C.D. Cal 2013) (noting
     California mediation privilege applies in diversity case, but explaining the
27   exception).  Defendants offer mediation statements to show good faith, a defense
     under Cal. Civ. Code § 3439.08, and lack of intent, a critical element of Plaintiffs'
28   claims.  So, it is the rule, not the exception, that applies here.

## II. Evidence of Settlement Offers and Related Communications Is Inadmissible Under Rule 408 and Should Be Excluded.

The Court should separately exclude under Rule 408 all the proposed evidence of settlement offers and negotiations.

Evidence of an offer or acceptance of an offer to compromise a disputed claim is not admissible "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408(a). This is true "even when a party seeks to admit its own settlement offer or statements made in settlement negotiations." Fed. R. Evid. 408 advisory committee's notes to 2006 amendments.

Rule 408 rests on two rationales. First, "the relevancy of settlement communications is thought to be suspect because they may have been an attempt to purchase peace rather than an admission of liability." *Emelianenko v. Affliction Clothing*, No. 09-07865 MMM (MLGx), 2011 WL 13176755, at *15 (C.D. Cal. Jul. 28, 2011). Second, "the rule's exclusion of settlement evidence furthers public policy by promoting the voluntary settlement of disputes, which would be discouraged if evidence of compromise were later used in court." *Id.* (quoting *Lyondell Chem. Co. v. Occidental Chem. Corp.*, 608 F.3d 284, 294–95 (5th Cir. 2010)); *see also* Fed. R. Evid. 408, Advisory Committee Notes.

Here, Defendants propose to use the April 2015 offer to show that Zada did not intend to keep Perfect 10's cash from Plaintiffs because he offered some of it back. They propose to use the January 2014 offer as proof of Plaintiffs' probable liability on Perfect 10's copyright claims and, in turn, to show that a fee award was not reasonably foreseeable. These uses fall squarely within Rule 408's prohibition: they seek to prove or disprove validity of a disputed claim.

Rule 408 allows admission of settlement evidence for "other purposes," for example where a party offers settlement evidence to prove an independent claim unrelated to the settled one. *See, e.g.*, *Carney v. Am. Univ.*, 151 F.3d 1090, 1095

FENWICK & WEST LLP
ATTORNEYS AT LAW

1  (D.C. Cir. 1998); Fed. R. Evid. 408(b).  In *Carney* and related decisions, however,

2  the settlement correspondence was admissible "to prove a separate wrong . . .

3  *stemming from the terms of the settlement itself.*"  *Hotchkiss v. CSK Auto, Inc.*, No.

4  12-CV-0105-TOR, 2013 WL 12097445, at *2–3 (E.D. Wash. Mar. 5, 2013)

5  (discussing *Carney*; emphasis added).  "Rule 408(b) is also applicable when the

6  claim is based upon some wrong that was committed in the course of the settlement

7  discussions."  Charles Alan Wright & Kenneth Graham, Jr., 23 Fed. Prac. & Proc.

8  Evid. § 5314 (1st ed. 2018).  The rationale behind these exceptions, that "wrongful

9  acts are not shielded simply because they took place during compromise

10  negotiations," does not apply here.  *Id.*  The court should exclude all settlement

11  communications under Rule 408.

12  **III.    The Settlement Offers and Communications Are Irrelevant, Are**

13  **Prejudicial, and Will Only Confuse the Issues Presented to the Jury.**

14         Finally, the Court should exclude the proposed evidence as irrelevant and

15  prejudicial.  Defendants contend that Zada's offer to settle the copyright litigation

16  for $2 million and a deed of trust tends to prove that he did not have fraudulent

17  intent when he transferred Perfect 10's cash and assets to himself.  The Court has

18  already ruled that it does not:

19         [W]hat Defendants intended when they made the offer is irrelevant; it

20         is Defendants' intent *at the time of the transfer* that is of concern here.

21         Nothing about this offer tends to show that Defendants did not have

22         fraudulent intent when they executed the transfers.

23  Dkt. 39 at 7–8.  Similarly, a rejected settlement offer for an amount well below the

24  cost of defense is simply not probative of the merits of Perfect 10's copyright

25  claim.  And Mr. Zada's uncorroborated description of his conversation with the

26  mediator in November 2018 has nothing to do with any issue in the case.

27  Introducing this irrelevant evidence also risks misleading and confusing the jury.

28  Fed. R. Evid. 403.  The Court should therefore bar all evidence of settlement and

1   mediation communications.

2                                    **CONCLUSION**

3          For these reasons, Plaintiffs request that the Court grant their Motion *in*

4   *Limine* No. 3 and exclude all mediation communications and settlement offers

5   between the parties under Rules 401–403, 408, and 501 of the Federal Rules of

6   Evidence and California Evidence Code section 1119.

7

8   Dated:  January 17, 2019                 Respectfully submitted,

9                                            FENWICK & WEST LLP

10

11                                          By: */s Todd R. Gregorian*

12                                              Todd R. Gregorian

13                                              Attorneys for Plaintiffs/Judgment
                                                Creditors
14                                              GIGANEWS, INC. and LIVEWIRE
                                                SERVICES, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28