ANDREW P. BRIDGES (CSB No. 122761)
abridges@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.928.5200

JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
TODD R. GREGORIAN (CSB No. 236096)
tgregorian@fenwick.com
ERIC B. YOUNG (CSB No. 318754)
eyoung@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

RONALD P. SLATES, SBN: 43712
rslates2@rslateslaw.com
RONALD P. SLATES, P.C.
500 South Grand Avenue, Suite 2010
Los Angeles, CA 90071
Telephone: 213.624.1515
Facsimile: 213.624.7536

Attorneys for Plaintiffs/Judgment Creditors,
GIGANEWS, INC. and LIVEWIRE SERVICES, INC

FENWICK & WEST LLP
ATTORNEYS AT LAW

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GIGANEWS, INC., a Texas corporation; and LIVEWIRE SERVICES, INC., a Nevada corporation,

Plaintiffs,

v.

PERFECT 10, INC., a California corporation; NORMAN ZADA, an individual; and DOES 1-50, inclusive,

Defendants.

Case No.: 2:17-cv-05075-AB (JPR)

**PLAINTIFFS' *MOTION IN LIMINE* NO. 4 TO EXCLUDE IMPROPER BEHAVIOR, TESTIMONY AND ARGUMENT OF NORMAN ZADA**

Judge: Hon. André Birotte Jr.
Date: March 1, 2019
Time: 11:00 A.M.
Courtroom: 7B
Trial: March 26, 2019

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Plaintiffs Giganews, Inc. and Livewire Services, Inc. give notice that they will present to the Court this motion *in limine* to exclude Defendants Perfect 10 and Norman Zada from offering or presenting to the jury any testimony or argument from Norman Zada beyond direct, non-expert opinion answers to questions while he is on the witness stand. The hearing will occur on March 1, 2019 at 11:00 a.m. or at any other date and time the Court directs. Plaintiffs move pursuant to Rules 401, 402, 403, 611, 701, 702 of the Federal Rules of Evidence and Rules 26 and 37 of the Federal Rules of Civil Procedure.

Plaintiffs base the motion on this notice, the accompanying memorandum of points and authorities, all pleadings and papers on file in this action, and any other matters that the Court may consider at the final pretrial conference hearing. This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on January 17, 2019.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Giganews and Livewire respectfully ask the Court to exclude improper testimony and argument from Norman Zada at trial. This includes preventing him from (1) speaking in court when not on the witness stand, (2) offering testimony beyond direct answers to counsel's questions while he is on the witness stand, and (3) proffering expert opinions. Throughout this case and the Related Case, Mr. Zada interjected argument and irrelevant commentary during court proceedings and attempted to opine on matters for which he is unqualified. He did so despite the Court's direct admonishments. His conduct is improper for a percipient witness. His unbridled testimony and argument are not relevant to the claims or defenses in this case, will unfairly prejudice Plaintiffs, will confuse the jury, and will waste

time. Fed. R. Evid. 401, 402, 403, 701, 702. Plaintiffs thus seek an order barring Defendants from presenting any testimony or argument from Norman Zada beyond direct, non-expert opinion answers to counsel's questions while he is on the witness stand.

## II. ARGUMENT

### A. Mr. Zada's Pattern of Behavior During Court Proceedings Necessitates an Order Governing His Conduct and Testimony.

Although he has at all times had representation by counsel, whose role is to present to the Court on his behalf, Mr. Zada routinely disrupts proceedings with irrelevant and argumentative comments. He interrupts despite Plaintiffs' objections and the Court's admonishments.

For example, at the July 19, 2018 hearing before Judge Rosenbluth, Mr. Zada did not appear as a witness but still spoke almost 30 times during a less than one-hour hearing. Mr. Zada interrupted Plaintiffs' presentation, claiming "a need to address the Court." Dkt. 54 at 14-16. The Court advised him that he is "represented by counsel so I need to hear from counsel and not you. And also it's Mr. Gregorian's turn . . . ." *Id.* at 17:4-9. But that did not dissuade Mr. Zada. During his own counsel's presentation, he interrupted with irrelevant commentary the Court found did not "matter at this stage." *Id.* at 26, 28. When Judge Rosenbluth gave Mr. Zada an opportunity to address the Court with the explicit instruction that he limit his comments to the pending motion, Mr. Zada ignored the instruction and proceeded to argue the merits of the case. *Id.* at 30-34. He continued to interject throughout the hearing. *E.g.*, *id.* at 36, 38.

As another example, Mr. Zada also spoke over 30 times during an hour-long September 10, 2018 hearing before Judge Rosenbluth. *E.g.*, Dkt. 84 at 7, 16-21, 23-24, 41-42, 44, 46, 51-52. He spoke over the Court and his own counsel, making portions of the record incomprehensible:

MR. ZADA: I got -- can I say something here, Your Honor? Sorry, I –

THE COURT: Well, wait, wait, you are represented by counsel. So if your lawyer wants you to, maybe I'll entertain it; but it is as Defense pointed out last time, our local rules --

MR. MICKELSON: It was your jewelry.

THE COURT: -- prohibit somebody --

MR. ZADA: No, but (indisc.) --

THE COURT: -- who is represented --

MR. ZADA: -- the transfers was Perfect 10.

THE COURT: -- by counsel from representing themselves.

MR. ZADA: Perfect 10 didn't have any (indisc.)

*Id.* at 16:24-17:12. The Court later reminded him, again, that he must let his "lawyer argue." *Id.* at 44:22. He did not stop. *Id.* at 46, 51-53. At one point, the Court admonished Mr. Zada that he was wasting its time:

MR. ZADA: No, that's not correct, okay. I'm sorry. Okay. This is what's going to happen, Your Honor. Let's talk about the transfers of the – I'm sorry. This is like really important to me, Your Honor, because I -- look, let's talk about the transfers in this case. Okay?

THE COURT: No, let's not. That's not what we're talking about. You know, I have hundreds of cases on my docket and other things I have to do. . . .

*Id.* at 52:11-18.

Zada's intemperate behavior in this case is consistent with his extensive misconduct in the Related Case. During a hearing on January 7, 2014, Judge Hillman had to remind Mr. Zada not to speak over the Court:

NORMAN ZADA: Your Honor, can I interject for a second. This is critical information for us. We need to know who these people are.

Giganews has been –

THE COURT: Dr. Zada?

DR. ZADA: -- all somebody else's fault. We claim it's –

THE COURT: Dr. Zada?

DR. ZADA: -- them. We need to know who these people are.

THE COURT: Dr. Zada? Let's start off on a good foot with this case. Okay? Unless I invite you to speak, you have competent counsel. All right?

Gregorian Decl., Ex. 8 at 7:5-16. Mr. Zada's persistent violations of the Court's instructions demonstrate that oral admonishments are insufficient.

In addition to being disruptive, his interjections and other statements lack probative value. As Judge Rosenbluth observed, they are off-topic and not relevant to the issues in this case. Fed. R. Evid. 401, 402. The order that Plaintiffs seek will not prejudice Defendants in any way. Counsel may present evidence and argument on Defendants' behalf, and Mr. Zada will have the opportunity to testify when his lawyer calls him as a witness. By contrast, Plaintiffs face unfair prejudice if Mr. Zada's soapbox interferes with the orderly proceedings of the trial. Mr. Zada's interjections from counsel's table will at a minimum confuse the jury as to his role in this case and waste time, and they may jeopardize the entire trial. Fed. R. Evid. 403. The Court should preclude them and issue a prophylactic order before trial.

**B. The Court Should Exclude Mr. Zada's Testimony Beyond Responsive Answers to Counsel's Questions.**

In addition to his outbursts in court, Mr. Zada refuses to focus his testimony to questions asked, preferring instead to deliver his own extensive diatribes. As just one example:

Q: So is it your testimony that you withheld such communications?

FENWICK & WEST LLP ATTORNEYS AT LAW

A: No. Mr. Gregorian, you're the one who has been doing the fraud on the Court here. And as an example of this, you put in your little document that you filed with the Court that we didn't produce 2015, '16, and '17 financial statements when you knew or should have known that Bruce Hersh testified that there were no such documents, and I'm tired of this. You're representing a bunch of criminals here. I'm an honest guy that was robbed and bankrupted because of your client's criminal activity and your firm's fraud on the Court. So do me a favor and stop making me out to be the victim -- the bad guy here. I got robbed and now I'm bankrupt, and I'm not happy about it. Okay?

Gregorian Decl., Ex. 9 at 52:3-52:17. And similarly:

Q So it's a simple question about what you know the law to be under Section 505. Is it proper or not for a Court to consider sanctionable conduct in deciding whether or not to award fees under 505?

A There was no sanctionable conduct in this case. 505 was never designed to benefit infringers of copyright. It was designed to protect copyright holders.

Q Outside of the context of this case --

A There was no sanctionable conduct. There was no finding of sanctionable conduct on my part. You guys perpetrated a fraud on the Court. I can prove it. You guys are -- even now when you make statements like Zada has been involved in discovery misconduct for ten years,

that's sanctionable conduct. You're an officer of the court. I'd like to know what evidence you have that I've been involved in legal misconduct for ten years. I'm serious about this.

MR. MICKELSON: You've said that already.

THE WITNESS: Yeah, I know that. But I'm tired of this guy. This guy is a professional criminal. This guy is lying, and he consistently lies, and he's been trained to put lies into his pleadings because somehow that helps him in his cases.

I'm asking you: Where is the evidence that I've been involved -- you published -- this is a defamatory statement about me. And you're publishing it in a public record. I am challenging you. What is your evidence that I have been involved in legal misconduct for ten years?

*Id.* at 265:13-266:18.

The transcript is filled with numerous similar responses. Dkt. 61-2 at ¶¶ 14-15; *Id.*, Ex. K. Judge Rosenbluth found that Zada gave answers "that were inappropriate and that took up undue time" at his deposition (Dkt. 84 at 4:22-5:2), and ordered a further deposition and instructed Mr. Zada to "show up and answer the questions that you're asked without the editorializing" (*id.* at 7:17-18). Unless the Court imposes strong and clear restraints upon Mr. Zada's misbehavior, the misbehavior will continue at trial.

Plaintiffs thus ask the Court to exclude Mr. Zada's non-responsive testimony, consistent with its role to control "the mode and order of examining witnesses and presenting evidence" so that they are "effective for determining the truth" and

"avoid wasting time." Fed. R. Evid. 611.

**C. Defendants Failed to Disclose Mr. Zada as an Expert Witness, and His Opinion Testimony Does Not Satisfy Rules 701 and 702.**

Relatedly, the Court should exclude Mr. Zada's improper opinion testimony. Defendants disclosed Mr. Zada as an expert witness in the Related Case, but the Court excluded his expert opinions based on his "overwhelming conflict of interest." Gregorian Decl., Ex. 10 at 1. The Court also found him unqualified to serve as an expert. *Id.* at 8-9. In the face of that order, Defendants did not disclose Mr. Zada as an expert witness in this case. Still, Defendants have attempted to introduce improper opinion testimony from him, including for example:

- Legal conclusions as to whether his actions were to hinder, delay, or defraud Plaintiffs or creditors of Perfect 10 (Dkt. 73 at ¶¶ 4-5)
- The decrease of value of certain Perfect 10 assets over time (*Id.* at ¶ 7)
- The accounting classification and effect of certain financial transactions (Dkt. 121-7 at ¶¶ 3-5)

This testimony and other similar inadmissible opinion evidence from Mr. Zada are not based on his personal knowledge and his rational perception, require specialized knowledge that he lacks, and are not helpful to the jury. Fed. R. Evid. 602, 701. *See, e.g., United States v. Lopez*, 762 F.3d 852, 863 (9th Cir. 2014) (district court erred in admitting lay opinion testimony of witness who lacked personal knowledge and thus could not satisfy the requirements of Rule 602 or Rule 701); *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1059-60 (9th Cir. 2008) (testimony that "merely tells the jury what result to reach" is not helpful). Mr. Zada does not have "scientific, technical, or other specialized knowledge" that will assist the jury. Fed. R. Evid. 702. Moreover, Defendants did not disclose Mr. Zada as an expert witness under Rule 26(a) and are thus precluded from introducing his opinions under Rule 37 of the Federal Rules of Civil

FENWICK & WEST LLP
ATTORNEYS AT LAW

PLAINTIFFS' MIL NO. 4– IMPROPER BEHAVIOR, TESTIMONY & ARGUMENT OF NORMAN ZADA 7 CASE NO.: 2:17-CV-05075-AB (JPR)

Procedure, which forbids the use at trial of "of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101,1106 (9th Cir. 2001) (upholding exclusion of testimony that was not properly disclosed). Accordingly, Defendants may not offer Mr. Zada's opinion testimony at trial.

**III. CONCLUSION**

For the foregoing reasons, Giganews and Livewire respectfully request that the Court grant their motion to curb Mr. Zada's misbehavior during trial and to limit Mr. Zada's testimony to his percipient testimony that is directly responsive to counsel's questions while he is on the witness stand.

Dated: January 17, 2019

Respectfully submitted,

FENWICK & WEST LLP

By: /s/ Todd R. Gregorian
Todd R. Gregorian

Attorneys for Plaintiffs/Judgment Creditors
GIGANEWS, INC. and LIVEWIRE SERVICES, INC.