1    Matthew C. Mickelson (S.B.N. 203867)
     **LAW OFFICES OF MATTHEW C. MICKELSON**
2    16055 Ventura Boulevard, Ste. 1230
     Encino, CA 91436
3    818-382-3360

4    Attorney for Defendants PERFECT 10, INC.
     and NORMAN ZADA
5

6

7
                    UNITED STATES DISTRICT COURT
8

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11   GIGANEWS, INC., a Texas corporation;        Case No.: 2:17-cv-05075-AB (JPR)
     LIVEWIRE SERVICES, INC., a Nevada
12   corporation,                                ***Before Honorable André Birotte, Jr.***

13                    Plaintiffs,               **DEFENDANTS' MOTION *IN LIMINE***
              v.                                **NO. 3 TO EXCLUDE**
14                                              **INFLAMATORY AND IRRELEVANT**
     PERFECT 10, INC., a California             **EXHIBITS, INCLUDING BUT NOT**
15   corporation, NORMAN  ZADA, an              **LIMITED TO, OLD HOWARD**
     individual, and DOES 1-50, inclusive       **STERN RECORDINGS,  PERFECT 10**
16                                              **PROMOTIONAL VIDEOS,  PHOTOS**
                      Defendants.               **OF DR. ZADA'S HOME, AND**
17                                              **DISCOVERY HEARING**
                                                **TRANSCRIPTS**
18

19

20                                              Date:        March 1, 2019
                                                Time:        11:00 a.m.
21                                              Courtroom:   7B,  350 West First Street,
                                                             Los Angeles, CA  90012
22

23

24

25

26

27

28

---

DEFENDANTS' MOTION *IN LIMINE* RE INFLAMMATORY IRRELEVANT EXHIBITS

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that at 11:00 a.m. on March 1, 2019, at 10 a.m. or as soon thereafter as this matter may be heard, in Courtroom 7B of the United States District Court for the Central District of California, located at 350 West First Street, Los Angeles, CA  90012,  Defendants Perfect 10, Inc. and Norman Zada will move *in limine* to exclude inflammatory and irrelevant evidence including but not limited to: ten year old audio recordings of Dr. Zada or his models on the Howard Stern show ; a teaser video to promote a Perfect 10 behind the scenes TV series; photos of Dr. Zada's home; Plaintiffs' pleadings; declarations by Plaintiff's attorneys; and irrelevant discovery hearing transcripts and similarly irrelevant and inflammatory materials.

The motion is based upon the ground that Plaintiffs are merely trying to include such inflammatory irrelevant materials to bias the jury and gain unfair advantage.  Audios and videos from the past, discovery hearing transcripts, and self serving pleadings, are irrelevant and/or are not admissible evidence under Federal Rule of Evidence 402.

This motion is made under the provisions of the Federal Rules of Evidence 402, 403, and related case law and is based upon the supporting Memorandum of Points and Authorities, the pleadings and papers on file in this action, and upon such of the argument and evidence as may be presented prior to or at the hearing of this matter.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on December 20, 2018 and January 17, 2019.

DATED:  January 18, 2019          LAW OFFICES OF MATTHEW C. MICKELSON


By:  */s/ Matthew C. Mickelson*
          MATTHEW C. MICKELSON
          Attorney for Defendants Perfect 10, Inc.
          and NORMAN ZADA

## I.      INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiffs' should not be allowed to introduce inflammatory evidence solely to smear Dr. Zada, which is what they are brazenly attempting to do.   This case is about whether Dr. Zada expected Perfect 10 to lose its copyright infringement case against Giganews so badly in January of 2014, that Giganews would become a huge creditor. Photos of Dr. Zada's current and prior homes, and decade-old audio recordings of Perfect 10 models on the Howard Stern show have no relevance to this issue. Plaintiffs simply want to include such materials in the hope that they will bias the jury against Dr. Zada.  The same rational applies to other materials identified below such as Plaintiffs' inflammatory pleadings in this case, which are not evidence of anything, shine no light on Dr. Zada's intent years earlier, and should thus be excluded.

## II.     ARGUMENT

### A.      Only Relevant Evidence is Admissible

Under Federal Rule of Evidence 402, only relevant evidence is admissible. FRE 401 provides that "evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be with the evidence; and (b) the fact is of consequence in determining the action." (*See Huddleston v. U.S.* 485 U.S. (1988) 681, 682-92.)

In *United States v. Socony–Vacuum Oil Co.,* 310 U.S. 150, 239 (1940), the Supreme Court observed that "appeals to class prejudice are highly improper and cannot be condoned and trial courts should ever be alert to prevent them." Numerous federal courts have thereafter concluded evidence of a party's wealth should be excluded where it is not relevant to the issues in the case. See, e.g., *United States v. Arledge,* 553 F.3d 881, 895 (5th Cir.2008); *United States v. Jackson–Randolph,* 282 F.3d 369, 376 (6th Cir.2002); *United States v. Rothrock,* 806 F.2d 318, 323 (1st Cir.1986); *Garcia v. Sam Tanksley Trucking, Inc.,* 708 F.2d 519, 522 (10th Cir.1983); *United States v. Stahl,* 616 F.2d 30, 33 (2d Cir.1980); see also *Moore v. Telfon*

1
*Communications Corp.,* 589 F.2d 959, 966 (9th Cir.1978).

2       Here, the only issues to be determined by the jury as to the liability question

3   are whether or not $1.75 million in funds originally provided by Dr. Zada to Perfect

4   10, were fraudulently transferred back to Dr. Zada in 2014.[1]  That issue revolves

5   around Dr. Zada's subjective beliefs in early 2014 as to whether Perfect 10 should

6   have won.  The more convincing Dr. Zada's testimony is that he fully expected

7   Perfect 10 to win, the harder it will be for Plaintiff's to establish fraud.  Dr. Zada's

8   beliefs as to whether Perfect 10 should have won have absolutely nothing to do with

9   any of the following:

10      **A.      Photos of Dr. Zada's Home and Decade-Old Howard Stern Audio**

11              **Recordings**

12      Plaintiffs should not be allowed to present to the jury photos of Dr. Zada's

13   current and former homes.  There can only be one reason they are trying to do so - -

14   to bias the jury.  For that reason, Plaintiffs Exhibits 377 and 378 must be excluded.

15   Similarly, what happened on a decade-old episode of Howard Stern (Plaintiffs'

16   proposed exhibits 271-275), a decade-old teaser for Perfect 10's proposed reality

17   show  (Ex. 257), or a decade-old show entitled "How did you get so rich," (which Dr.

18   Zada isn't any longer) (Ex. 259) have no relevancy and must be excluded as well.

19   None of these inflammatory and completely irrelevant items should be allowed in

20   under FRCP 402 or 403.

21      **B.      Plaintiffs' Pleadings**

22      Plaintiffs' first amended complaint and pleadings in this case (see Ex. 192,

23   195, and 196), contain inflammatory claims, are not evidence, and will simply

24   prejudice and confuse the jury.

25

26

27   [1] Because Dr. Zada returned more than $500,000 of the $1.75 million back to Perfect
     10 in 2015, there is no basis for Plaintiffs to recover on any transfers in 2015.

28

### C.    The Court's Preliminary Orders

The Courts' preliminary orders on Defendants motions to dismiss (see Ex. 193-194) are not evidence, and will confuse and bias the jury.

### D.    Defendants' Pleadings that Were Denied

Equally problematic are Defendants' Pleadings (see Plaintiffs proposed exhibits 389-394, that were denied by the Court.  If the jury is allowed to see that the Court denied certain claims that Defendants made in various motions, including their motions to dismiss and their motion for summary judgment, Defendants will be substantially prejudiced.  In essence, Plaintiffs are seeking to improperly use the Court's findings on summary judgment and on motions to dismiss, to improperly suggest that the Court already made findings that in fact, are reserved for the jury.

### E.    Transcripts of discovery hearings.

Asking the jury to listen to the transcripts of discovery hearings dealing with discovery requests that have nothing to do with whether Dr. Zada committed fraud five years ago when he paid himself back monies he had previously advanced to Perfect 10, will be a complete waste of scarce court resources, and will confuse and prejudice the jury.  (See Ex. 145, 175).

### F.    Orders to Compel Discovery (See Ex. 379-382)

Such orders, which appear in the docket in the Related Case[2] as Dkt. 223, 254, 312, and 326, will be impossible for the jury to understand, as they compel answers to various interrogatory and document requests that are not listed.  Plaintiffs seek to improperly use such incomprehensible and irrelevant materials to smear Dr. Zada.  If the jury is allowed to see such materials, Defendants will be forced to spend a substantial amount of Court resources proving that they in fact produced thirty times as much discovery as Plaintiffs, etc.  It will be a complete waste of the Court's time.

---

[2] *Perfect 10, Inc. v. Giganews, et al*, U.S. Dist. Court Central District of California Case No. 2:11-cv-07098-AB-JPR

### G.    Docket in the Related Case

The docket sheet in the related case (Ex. 146) is also irrelevant and will likely confuse the jury.

### H.    Other Irrelevant and Inflammatory Material

Other material which will result in a complete waste of scarce court resources, is completely irrelevant, and will likely confuse and prejudice the jury, include the following: Ex. 9, (184 pages of Dr. Zada's 2015 loan application to try to get money to pay the award (why should the jury to asked to go through 184 pages of irrelevant materials?); Ex. 10 (an agreement with Dr. Zada, Mr. Chumura, and Mr. Weber that has nothing to do with Perfect 10); Ex. 99-101 (FASB materials that will completely confuse the jury); Ex. 151-157 (which detail some of Dr. Zada's personal credit card expenses - Ex. 157 shows a $10,000 contribution to the Clinton foundation in 2014 which will likely inflame any Republicans on the jury); Ex. 176 (a 28 page treatise on fiduciary duties of directors) which will completely confuse the jury; Ex. 214 (court order to appear for examination) – no purpose other than to bias the jury; Ex. 227, 288 (a list of fairly nasty website domains such as lesbians-4-u.com, that were transferred to Perfect 10 as a result of a successful litigation against defendant Gerco Marsch), which are not representative of the types of tasteful websites that Perfect 10 was known for and will simply bias the jury; Ex. 251 (email from Joseph Morganelli (a former massive infringer who ran the Usenet site binnews.com, and agreed to pay the various movie studios $15 million), and then sought to assist Giganews in the related case by offering his DMCA services to Perfect 10); Ex. 263, an intentionally degraded version of the actual notice.   Defendants have no objection to the use of the actual notice that was produced in discovery.  That Giganews had a fax machine of miserable quality was no fault of Perfect 10's.

## III.   CONCLUSION

For the reasons given above, and in particular FRCP 402 and 403, the Court should enter an order that no documents, evidence or testimony, that are clearly

irrelevant to the case at hand, and will likely prejudice the jury, should be allowed into evidence, including but not limited to: Photos of Dr. Zada's current and former homes (Plaintiffs' Exhibits 377-378); audio tapes of the Howard Stern show (Plaintiffs' Exhibits 271-275); a teaser video for the Perfect 10 reality show (Plaintiffs' Exhibit 257);  an episode from "How did you get so rich," (Plaintiffs' Exhibit 259);  Plaintiff's pleadings (Plaintiffs' Exhibits 192 and 195); Court orders on motions to dismiss Dkt. 25 and 39 (Plaintiffs' Exhibits 193, 194); transcripts of discovery hearings (Plaintiffs' Exhibits 145, 175); the docket in the related case (Plaintiffs' Exhibit 146), as well as Plaintiff's exhibits 9-10, 99-101, 151-157, 176, 196 (Plaintiffs First Amended Complaint), 214,  227, 251, 288, 379-382 (orders to compel in the Related Case, and 389-394 (Defendant's pleadings on their motions to dismiss, for judgment on the pleadings, and for summary judgment).  Defendants will also move to exclude a number of exhibits that are identified in our other motions *in limine*.

DATED:  January 18, 2019

LAW OFFICES OF MATTHEW C. MICKELSON

By:  */s/ Matthew C. Mickelson*
    MATTHEW C. MICKELSON
    Attorney for Defendants Perfect 10, Inc.
    and NORMAN ZADA