ANDREW P. BRIDGES (CSB No. 122761)
abridges@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.928.5200

JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
TODD R. GREGORIAN (CSB No. 236096)
tgregorian@fenwick.com
ERIC B. YOUNG (CSB No. 318754)
eyoung@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

RONALD P. SLATES, SBN: 43712
rslates2@rslateslaw.com
RONALD P. SLATES, P.C.
500 South Grand Avenue, Suite 2010
Los Angeles, CA 90071
Telephone: 213.624.1515
Facsimile: 213.624.7536

Attorneys for Plaintiffs/Judgment Creditors,
GIGANEWS, INC. and LIVEWIRE
SERVICES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIGANEWS, INC., a Texas corporation; and LIVEWIRE SERVICES, INC., a Nevada corporation,<br><br>Plaintiffs,<br><br>v.<br><br>PERFECT 10, INC., a California corporation; NORMAN ZADA, an individual; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 2:17-cv-05075-AB (JPR)<br><br>**PLAINTIFFS' MOTION IN LIMINE NO. 7 TO EXCLUDE INFLAMMATORY TOPICS THE COURT HAS ALREADY DEEMED IRRELEVANT**<br><br>Date: March 1, 2019<br>Time: 11:00 A.M.<br>Courtroom: 7B<br>Trial: March 26, 2019<br>Judge: Hon. André Birotte Jr. |

FENWICK & WEST LLP
ATTORNEYS AT LAW

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Plaintiffs Giganews, Inc. and Livewire Services, Inc. give notice that they will present to the Court this motion *in limine* to exclude Defendants Perfect 10 and Norman Zada from offering or presenting to the jury evidence or argument on the irrelevant and inflammatory subjects Defendants have sought to introduce into the case, as they demonstrated in earlier their requests for admission.  The subjects include scurrilous accusations that Plaintiffs are involved with child pornography; baseless and false comparisons to Megaupload, a notorious criminal copyright infringer; and the like.  During discovery the Magistrate Judge issued a protective order relieving Plaintiffs of any obligation to respond to the discovery requests on these topics.  The Court should now rule similarly that Defendants cannot parade those or similar topics before the jury.  Such "evidence" is not probative of any claim or defense in the action and will prejudice Plaintiffs by confusing the issues, misleading and inflaming the jury, and wasting time.  As Defendants explain below, some of the proposed "evidence" is also hearsay and is inadmissible for that reason as well.  The hearing will occur on March 1, 2019 at 11:00 a.m. or at any other date and time the Court directs.  Plaintiffs move pursuant to Rules 401, 402, 403, and 801–803 of the Federal Rules of Evidence.

Plaintiffs base the motion on this notice, the attached memorandum of points and authorities, all pleadings and papers on file in this action, and any other matters that the Court may consider at the final pretrial conference hearing.  This motion follows the conference of counsel pursuant to L.R. 7–3, which took place on January 17, 2019.

## MEMORANDUM OF POINTS AND AUTHORITIES

Giganews and Livewire ask the Court to exclude any evidence on the irrelevant, inflammatory, prejudicial, and confusing topics that Defendants originally sought to introduce in Perfect 10's requests for admission. During discovery, Perfect 10 served requests regarding child pornography and criminal copyright liability of nonparties in the European Union, among many other topics. *See* Dkt. 45-1. The Court granted Plaintiffs' motion for protective order, describing the requests as "absurd" and "far afield" given the "narrow focus to this case." Dkts. 56-4 (July 19, 2018 Hearing Transcript) at 4:25–6:12; 52 at 1. Two months later Defendants proffered evidence on the same subjects as "undisputed facts" to support their motion for summary judgment. *See* Dkts. 67, 72. That suggests that Defendants will attempt the same tactics at trial and justify an order barring them.

The claims in this case are straightforward:

- Actual fraud requires Plaintiffs to show that Perfect 10 transferred its cash and assets to Mr. Zada to "hinder, delay, or defraud" a creditor. Cal. Civ. Code § 3439.04(a)(1).

- Constructive fraud requires Plaintiffs to show that the Perfect 10 did not receive reasonably equivalent value for its transfers, and that the transfer was made while Perfect 10 had unreasonably small assets for its contemplated business, or that it intended to incur or reasonably should have believed that it would incur debts beyond its ability to pay as they became due. *See Donell v. Kowell*, 533 F.3d 762, 770–71 (9th Cir. 2008). Constructive fraud has an "objective" standard, meaning that Mr. Zada's subjective beliefs about whether Perfect 10 would become insolvent are irrelevant. *See In re Heller Ehrman LLP*, Bankr. No. 08-32514DM, 2013 WL 951706, at *10 (N.D. Cal. Mar. 11, 2013).

FENWICK & WEST LLP
ATTORNEYS AT LAW

- Plaintiffs' claim under Cal. Civ. Code § 3440 requires only that they show that Perfect 10 transferred its physical property without an immediate delivery.

Defendants' evidence is not relevant to any of these claims and is therefore inadmissible. Fed. R. Evid. 401 & 402; *McEuin v. Crown Equip. Corp.*, 328 F.3d 1028, 1032–33 (9th Cir. 2003). Further, the danger of confusion of the issues and prejudice arising from wild references to child pornography or criminal copyright offenses by non-parties, inflammatory discussions of "theft," and the like substantially outweighs any probative value. *See* Fed. R. Evid. 403; *Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir. 1996). The Court should exclude evidence on the following topics:

### 1. *Evidence or argument regarding child pornography, including Mr. Zada's attempts to use Plaintiffs' services and software to locate child pornography on the Usenet*

Mr. Zada proposes to offer testimony about using the Mimo newsreader and Giganews's Usenet access services to search for child pornography. This is an improper and offensive attempt to tar Plaintiffs with a false association. Mr. Zada has used this same tactic throughout his cases. *See* Dkts. 45-1; 56-4 at 4:25–6:12; 67; 72 at No. 49. This is a standard tactic of Mr. Zada. Two former employees testified that Mr. Zada made them search for child pornography on the internet to bolster his attacks on Google, causing the employees personal distress. *See* Dkt. 45-2, Ex. E at 59:1–62:25 & Ex. F at 60:10–61:2. Mr. Zada maintained a printed file of child pornography that he originally claimed was for use against "culprits" and later sought to use against Google and its executives. *Id.*

This tactic has no place in this case. Mr. Zada's proposed testimony—that he believes Plaintiffs are purveyors of child pornography—is not relevant to any claim or defense in the action. It does not bear on whether Mr. Zada intended to hinder, delay, or defraud a creditor of Perfect 10 when he removed Perfect 10's cash and

FENWICK & WEST LLP
ATTORNEYS AT LAW

assets. Nor does it show whether an attorney's fee award or discovery sanction was a foreseeable risk of Perfect 10's copyright litigation during 2014. It is a gratuitous attempt to smear Plaintiffs and inflame the jury.

### 2. *References to Plaintiffs as "thieves" or "stealing other people's property," and the like, and inflammatory hypotheticals about theft*

The Court should exclude evidence and argument directly or indirectly referring to Plaintiffs as thieves or criminals as irrelevant and prejudicial. Mr. Zada repeatedly made similar comments at his deposition and relied on them as "evidence" at summary judgment. Dkt. 73 at ¶¶ 28-29; Dkt. 69 at ¶ 4 ("I have heard Dr. Zada many times compare the related case to a case involving the theft of real property. . . . '[B]ecause Giganews is basically stealing other people's property, they are never going to win.'"). Mr. Zada has also used the following hypotheticals to characterize Plaintiffs' services:

- "if someone has a car lot which contains stolen cars and legally owned cars, the fact that one sells all of the cars on the lot does not protect them from being prosecuted."
- "if someone steals a car using a robot, the fact that the theft was accomplished in some automated fashion would not be a viable defense."

Dkt. 45-1 at 84; *see also* 52 at 1; 56-4 at 4:25–6:12.

These characterizations have no bearing on the transfers from Perfect 10 to Mr. Zada to frustrate Plaintiffs' enforcement of the judgment. They are an attempt to smear Plaintiffs as copyright infringers, contrary to the judgments of this Court and the Ninth Circuit, and to liken Plaintiffs' services to common theft. These inflammatory suggestions are highly prejudicial and will confuse and mislead the jury. *See, e.g.*, *Optional Capital, Inc. v. Kyung Joon Kim*, No. CV 04-3866 ABC (PLAx), 2007 WL 9653243, at *2-3 (C.D. Cal. Dec. 18, 2007) (excluding statements that defendants' actions "constitute the largest or one of the largest fraud schemes ever conducted" and "constituted a crime"); *U.S. E.E.O.C. v. Consol.*

FENWICK & WEST LLP
ATTORNEYS AT LAW

*Energy, Inc.*, No. 1:13-cv-215 (STAMP), 2015 WL 2170012, at *1–3 (N.D. W. Va. May 8, 2015) (excluding "evidence concerning irrelevant and hypothetical rationale for defendants' action" where evidence was "speculative" and would "not provide actual proof of [defendants'] state of mind"), *aff'd*, 860 F.3d 131 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 976 (2018).  The Court should therefore exclude them.

### 3. *Evidence or argument regarding copyrighted works not owned by Perfect 10*

Defendants propose to offer evidence and argument at trial that the Usenet contains Hollywood movies, television shows, and popular music, and that these are accessible through Plaintiffs' services. *See, e.g.*, Dkt. 45-1 at 69–78; Dkt. 72 at Nos. 43, 45, 65; Dkt. 74 at 27, 41, 44-47.  As none of the copyrights in these works belong to Perfect 10, the evidence bears no connection to the original copyright case, let alone the claims here.  They are irrelevant to prove reasonable likelihood of a litigation loss for Perfect 10 or a fee award against it.  In the copyright case itself, the Court ruled that similar evidence was irrelevant: "A 'general awareness that infringement may be occurring' is usually irrelevant to the specific question of whether a particular defendant violated a particular copyright held by a particular plaintiff."  Gregorian Decl. Ex. 16 (quoting *Viacom Int'l. v. YouTube, Inc.*, 676 F.3d 19, 35 (2d Cir. 2012).  Evidence of this nature collaterally attacks the district court's summary judgment rulings, confuses the jury, and distracts from the relevant issues: Defendants' transfers and financial fraud. The Court should exclude it.

### 4. *Evidence of other civil and criminal litigation or investigations that do not involve Plaintiffs or Perfect 10*

Defendants propose to offer evidence of civil and criminal proceedings against nonparties—including some in foreign countries—to prove that Perfect 10 expected to win its copyright case against Giganews and could therefore not reasonably foresee incurring a fee award or monetary sanction. *See, e.g.*, Dkt. 73 at

FENWICK & WEST LLP
ATTORNEYS AT LAW

¶¶ 33, 40; Dkt. 72 at 7–14; Dkt. 73 at ¶ 35, Ex. 20 (compiling "articles which I have found regarding arrests of Usenet Operators in Europe"). But those unrelated proceedings against unrelated parties have no bearing on whether Perfect 10 would succeed on its claims against Giganews. Mr. Zada's subjective *beliefs* about them are similarly irrelevant, as they are independent of whether Mr. Zada made the transfers to hinder Perfect 10 creditors, and they do not show whether a fee or sanctions award was a foreseeable risk of Perfect 10's 2014 cases against Giganews and others. This evidence will also prejudice Plaintiffs, as it will mislead the jury and sow confusion as to whether *Plaintiffs* were a target of these other proceedings. *See* Fed. R. Evid. 403.

### 5. *Evidence of the conduct of non-parties, including inflammatory comparisons to Megaupload, Usenet.com, UseNext*

The Court should similarly exclude evidence of bad or questionable conduct by nonparties as irrelevant and prejudicial. Perfect 10 and Mr. Zada have drawn inapplicable parallels between Plaintiffs and various Usenet operators or copyright malfeasants like Megaupload that uploaded copyrighted materials without permission. *See* Dkt. 45-1 at 15, 31, 40, 44-45, 65–69; Dkt. 72 Nos. 34–39, 42, 44–45, 47, 64, 86, 89-91, 170-171. This Court ruled in the copyright case that Mr. Zada's parallels were baseless:

> Judge Collins held that it was at last sufficiently plausible to pass the pleading stage in light of the fact that another website, megaupload.com, had previously been found in criminal proceedings to have uploaded massive quantities of copyright materials to its own servers. *After considerable discovery, there is simply no evidence to bear out that unlikely allegation.*

Gregorian Decl. Ex. 17 at 12 (emphasis added, internal citations omitted). The Court should not allow Mr. Zada to draw irrelevant and unsupported comparisons in this case. Improperly associating Giganews and Livewire with nonparties that

have committed bad acts also prejudices Plaintiffs and will confuse the jury. The Court should exclude the comparisons and evidence in support of them.

### 6. *Evidence of amicus arguments in the Ninth Circuit appeal and other cases*

The Court should also exclude as irrelevant any reference to amicus briefs, their proponents, or their arguments in the copyright case or any other case. Defendants propose to submit in evidence briefs from the Motion Picture Association of America and the Recording Industry Association of America in the Ninth Circuit appeal, and a Department of Justice brief in the unrelated *Spanski* case. DX 331, 332, and 342. The briefs were *months and years after* the transfers at issue and therefore have no connection to Mr. Zada's intent when he transferred Perfect 10's cash and assets. Nor do arguments that the recording and movie industries made *on appeal after the fee award*, and which did not pertain to the fee award, bear on whether the fee award (or any other debt of Perfect 10 such as a discovery sanction) was reasonably foreseeable. *See* Cal. Civ. Code § 3439.04(a)(2). The briefs are irrelevant, and they carry a grave risk of juror confusion that outweighs any probative value. The Court should exclude them.

### 7. *Mr. Zada's correspondence with government officials*

Defendants propose to introduce correspondence between Mr. Zada and government officials in his effort to lobby for action against Giganews or otherwise to curry favor or sympathy. *See* Gregorian Decl. Ex. 18. Defendants argue that Mr. Zada relied on the responses he received for his subjective belief in Perfect 10's case. For the reasons Plaintiffs set forth above, Mr. Zada's subjective opinions are irrelevant, and the Court should exclude this evidence as confusing and misleading. Further, Defendants have designated no witnesses who can establish the government officials have or had personal knowledge about the copyright case, and statements from those officials are hearsay.

## CONCLUSION

None of the evidence Plaintiffs seek to exclude can bear, either logically or legally, on the claims. Introduction of the evidence would confuse the narrow issues before the jury and inflame the proceedings and the jury. The Court should grant Giganews and Livewire's motion *in limine* and exclude all testimony, evidence, and argument on these topics.

Dated: January 18, 2019

Respectfully submitted,

FENWICK & WEST LLP

By: */s/ Todd R. Gregorian*
Todd R. Gregorian

Attorneys for Plaintiffs/Judgment Creditors
GIGANEWS, INC. and LIVEWIRE SERVICES, INC.