1     [Attorneys on Next Page]

2

3

4

5

6

7

8                 UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11 GIGANEWS, INC., a Texas corporation; and LIVEWIRE SERVICES, INC., a Nevada corporation,

    Case No.: 2:17-cv-05075-AB (JPR)

12              **JOINT EXHIBIT LIST WITH OBJECTIONS AND RESPONSES**

13            Plaintiffs,

14       v.

    Trial Date:   March 26, 2019
Time:        8:30 am
Courtroom:   7B
Judge:      Hon. André Birotte Jr.

15 PERFECT 10, INC., a California corporation; NORMAN ZADA, an individual; and DOES 1-50, inclusive,

16

17            Defendants.

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW

1 | ANDREW P. BRIDGES (CSB No. 122761)
abridges@fenwick.com
2 | FENWICK & WEST LLP
801 California Street
3 | Mountain View, CA  94041
Telephone:  650.988.8500
4 | Facsimile:   650.928.5200

5 | JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
6 | TODD R. GREGORIAN (CSB No. 236096)
tgregorian@fenwick.com
7 | ERIC B. YOUNG (CSB No. 318754)
eyoung@fenwick.com
8 | FENWICK & WEST LLP
555 California Street, 12th Floor
9 | San Francisco, CA  94104
Telephone:  415.875.2300
10 | Facsimile:   415.281.1350

11 | RONALD P. SLATES, SBN: 43712
rslates2@rslateslaw.com
12 | RONALD P. SLATES, P.C.
500 South Grand Avenue, Suite 2010
13 | Los Angeles, CA 90071
Telephone:  213.624.1515
14 | Facsimile:   213.624.7536

15 | Attorneys for Plaintiffs/Judgment Creditors,
GIGANEWS, INC. and LIVEWIRE SERVICES, INC.
16 |

17 |
MATTHEW C. MICKELSON (S.B.N. 203867)
18 | matthew@mickelsonlegal.com
LAW OFFICES OF MATTHEW C. MICKELSON
19 | 16055 Ventura Boulevard, Suite 1230
Encino, CA  94136
20 | Telephone:  818.382.3360
Facsimile:   818.382.3364
21 |
Attorneys for Defendants
22 | PERFECT 10, INC. and NORMAN ZADA

23 |

24 |

25 |

26 |

27 |

28 |

JOINT EXHIBIT LIST WITH OBJECTIONS
AND RESPONSES

CASE NO.: 2:17-cv-05075-AB (JPR)

FENWICK & WEST LLP
ATTORNEYS AT LAW

Plaintiffs Giganews, Inc. and Livewire Services, Inc. offer exhibits 4-293, 377-394;
Defendants Perfect 10, Inc. and Norm Zada offer exhibits 294-376, 395.

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---------|-------------|----------------------|----------|-----------------|---------------|
| 4 | 02/13/2015 Perfect 10 Financial Report for 12/31/2014 | No objections. | n/a | | |
| 6 | Spreadsheets of Transfers Between Perfect 10 and Zada; Legal Payments 2016 Onward | No objections. | n/a | | |

Fenwick & West LLP
Attorneys at Law

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| 7 | 07/24/2002 Letter to Norman Zadeh from Gregory Larson w/attachments | Exhibit contains unsigned unused demand notes which are irrelevant and prejudicial and improper character evidence. (FRE 402, 403, 404, see Defendants Motion in Limine ("MIL") #2) | No evidentiary exclusion for unsigned documents and Mr. Zada, and Ms. Poblete can authenticate at trial; relevant to show intent in making transfers (by way of showing Mr. Zada's attempt to cover up the fact his contributions were paid in capital); admissible to show intent, not propensity to keep accurate business records or other character traits. | | |
| 8 | Repayment of Principal notices | Exhibit contains unsigned unused repayment notes which are irrelevant and prejudicial (and improper character evidence. (FRE 402, 403, 404, | No evidentiary exclusion for unsigned documents and Mr. Zada, and Ms. Poblete can authenticate at trial; relevant to show intent in making transfers (by way of showing Mr. | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | see MIL #2) | Zada's attempt to cover up the fact his contributions were paid in capital); admissible to show intent, not propensity to keep accurate business records or other character traits. | | |
| 9 | 04/21/2015 California Title Company cover letter and closing documents for 11803 Norfield Court property | Exhibit is 184 pages and completely irrelevant. It is also hearsay. (FRE 402, 403, 802 see MIL #3) | No federal or Local Rule limiting length of exhibits – Defendants produced as a single PDF; relevant to show intent and challenge Defendants' good faith defense; non-hearsay offered as evidence of Mr. Zada's state of mind; Zada and Perfect 10 statements are party admissions; not hearsay because records of documents that | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | | affect an interest in property, statements in documents that affect an interest in property, present sense impression, and more probative on the point for which it's offered that any other available evidence; business records exception. (FRE 803, 807). | | |
| 10 | 03/27/2017 Membership Interest Purchase Agreements re CW International and June 21, 2018 email string from V. Weber to N. Zada re accountant says no record of Perfect 10 investing in CWI | Completely irrelevant. It is also hearsay. (FRE 402, 403, 802 see MIL #3) | Relevant to show intent and challenge Defendants' good faith defense; non-hearsay offered as evidence of Mr. Zada's state of mind; Zada and Perfect 10 statements are party admissions; not hearsay because records of documents that affect an interest in property, statements in | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | | documents that affect an interest in property, present sense impression, and more probative on the point for which it's offered that any other available evidence; business records exception. (FRE 803, 807). | | |
| 11 | 07/05/2018 M. Poblete LinkedIn profile | No objections. | n/a | | |
| 12 | 08/21/2017 Email string from M. Poblete (gracemelly@live.com) to B. Hersh, cc: Zadare Norm's EDD audit | No objections. | n/a | | |
| 13 | Packet of Perfect 10 endorsed checks to M. Poblete | No objections. | n/a | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---------|-------------|-----------------------|----------|-----------------|---------------|
| 14 | 06/16/2015 E-mail chain from M. Poblete to B. Hersh re Reminder | No objections. | n/a | | |
| 15 | Bank of America transactions/checks written from N. Zada to M. Poblete | No objections. | n/a | | |
| 16 | 07/19/2017 E-mail chain from M. Poblete to B. Neurman, bcc: N. Zada re Department of Labor re-sends the Delinquent Filer Voluntary Compliance inquiry letter | No objections. | n/a | | |
| 17 | 08/16/2017 E-mail chain from N. Zada to G. Augustine & M. Poblete re hot water was too hot need new thermostat | No objections. | n/a | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| 18 | 07/25/2016 Email from M. Poblete (gracemelly@live.com) to B. Hersh re Norm's EDD audit | No objections. | n/a | | |
| 19 | 09/04/2017 E-mail chain from M. Poblete to N. Zada re Please beautify as only you can do | No objections. | n/a | | |
| 20 | 10/18/2017 E-mail chain N. Zada to M. Poblete re State Farm Insurance Payment Receipts requested by M. Poblete | No objections. | n/a | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| 21 | Document entitled "Timeline" | This document contains Mr. Boyle's opinions as to the probability of Perfect 10 losing the case, which are improper legal opinions by a non attorney. (FRE 701, 702, see MIL #1) | The objections mischaracterize the exhibit, which reflect dates of orders entered in the Related Case and not the "legal opinions" of a witness. | | |
| 23 | 3/24/2015, 3/26/2015, 4/1/2015 Minutes of the Special Meeting of Board of Directors of Perfect 10, Inc. | No objections. | n/a | | |
| 24 | 05/15/2015 Email chain from M. Poblete to B. Hersh re Tax Payment | No objections. | n/a | | |
| 25 | 07/14/2015 Email from B. Hersh to M. Poblete re Utilities | No objections. | n/a | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---------|-------------|----------------------|----------|-----------------|---------------|
| 26 | 07/16/2015 Email from M. Poblete to B. Hersh, cc: N. Zada re Perfect 10 v. Norm Zada | No objections. | n/a | | |
| 28 | Perfect 10 2014 Tax Return workpapers | No objections. | n/a | | |
| 30 | 07/24/2002 Letter enclosing Corporate Documents and Demand Notes | Exhibit contains unsigned unused demand notes which are irrelevant and prejudicial (FRE 402, 403, 404, see MIL #2) | No evidentiary exclusion for unsigned documents and Mr. Zada, and Ms. Poblete can authenticate at trial; relevant to show intent in making transfers (by way of showing Mr. Zada's attempt to cover up the fact his contributions were paid in capital); admissible to show intent, not propensity to keep accurate business records or other character traits. | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---------|-------------|----------------------|----------|-----------------|---------------|
| 32 | Perfect 10 2015 Federal Tax Return | No objections. | n/a | | |
| 35 | Perfect 10 2016 Federal Tax Return | No objections. | n/a | | |
| 38 | Zada 2014 Federal and California Income Tax Returns | No objections. | n/a | | |
| 39 | Zada 2015 Federal and California Income Tax Returns | No objections. | n/a | | |
| 40 | Zada 2016 Federal Income Tax Return | No objections. | n/a | | |
| 41 | Zada 2017 Federal Income Tax Return ("not finished") | No objections. | n/a | | |
| 42 | Zada 2017 Federal Income Tax Return | No objections. | n/a | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| 43 | Spreadsheet of Metadata | Exhibit relates to unsigned unused demand notes which are irrelevant and prejudicial (FRE 402, 403, 404, see MIL #2) | No evidentiary exclusion for unsigned documents and Mr. Zada, and Ms. Poblete can authenticate underlying documents at trial and Mr. Eskridge can authenticate the spreadsheet created from them; relevant to show intent in making transfers (by way of showing Mr. Zada's attempt to cover up the fact his contributions were paid in capital); admissible to show intent, not propensity to keep accurate business records or other character traits. | | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Fenwick & West LLP
Attorneys at Law

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| 44 | 09/14/2018 N. Zada's Declaration in support of Defendants' Motion for Summary Judgment | No objections. | n/a | | |
| 45 | Perfect 10 Store Invoices | No objections. | n/a | | |
| 46 | Spreadsheet Reflecting Sales from the Perfect 10 Store | No objections. | n/a | | |
| 47 | 03/26/2015 Email from N. Zada to B. Hersh re Put Money in Retirement Account | No objections. | n/a | | |
| 48 | 01/23/2015 Email from N. Zada to M. Poblete re Loan | No objections. | n/a | | |
| 49 | 11/20/2014 Email string from N. Zada to I. Sky and P. Moseley re Mortgage Broker | No objections. | n/a | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| 50 | 11/20/2014 Email string from N. Zada to I. Sky and P. Moseley re Mortgage Broker | No objections. | n/a | | |
| 51 | 11/29/2014 Email from N. Zada to M. Poblete re Loan Package | No objections. | n/a | | |
| 52 | 04/03/2015 Email from N. Zada to J. Kohut re Hard Money Loan | No objections. | n/a | | |
| 53 | 11/09/2012 Email from M. Poblete to N. Zada re Email to Bruce | No objections. | n/a | | |
| 54 | 09/23/2015 Email string from N. Zada to A. Vaghefi re Updated Contact Information | No objections. | n/a | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| 55 | 03/11/2015 Email from N. Zada to M. Poblete re Please Pay Eric Tomorrow if Possible | No objections. | n/a | | |
| 57 | Lichtman Report Ex. 2 - CV | No objections. | n/a | | |
| 58 | Lichtman Report Ex. 1 - Materials Considered list | No objections. | n/a | | |
| 59 | 12/12/2018 Email string from N. Zada to D. Lichtman re Google's New DMCA Instructions and H/W notes | No objections. | n/a | | |
| 60 | 06/06/2018 Letter agreement from D. Lichtman to M. Mickelson | No objections. | n/a | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| 61 | 02/04/2015 [Dkt. 676] Further Interim Findings re Defendants' Motion for Sanctions, Case No.: 11 -cv-07098 | Plaintiffs should not be allowed to show the jury such a denied, vacated and mistake-ridden order, or related allegations. That would bias the jury and require Defendants to spend scarce Court resources to refute such unfounded claims. (FRE 402, 403, 802; see MIL #4) | Relevant to show intent, reasonable belief that Perfect 10 would incur a debt it could not pay, and fact of pending sanctions for discovery abuses at the time of the fee award; not hearsay to prove the fact that Perfect 10 and Zada expected a monetary sanction to follow. (FRE 801); public records exception. | | |

Fenwick & West LLP
Attorneys at Law

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| 63 | 11/04/2013 [Dkt. 142-12] Ex. 9 to Decl. of Zada ISO Perfect 10's MSJ, August 18, 2011 DMCA Notice from Zada to Mr. Yokubaitis and October 20, 2011 letter from A. Bridges to E. Benink, Case No. 2:11-cv-07098 | No objections. | n/a | | |
| 64 | Copyright Infringement & Remedies, pp. 168-169 | No objections. | n/a | | |
| 65 | Robert Lind, Copyright Law, pp. 157-162 (2018) | No objections. | n/a | | |
| 66 | Robert Lind's H/W notes | No objections. | n/a | | |
| 67 | 07/09/2018 Email from N. Zada to R. Lind re seeking expert testimony | No objections. | n/a | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---------|-------------|----------------------|----------|-----------------|---------------|
| 68 | Lind invoices to M. Mickelson | No objections. | n/a | | |
| 69 | 12/14/2018 Lind invoices to M. Mickelson | No objections. | n/a | | |
| 70 | 01/23/2006 Mark Lachniet, "SANS Institute InfoSec Reading Room A Forensic Primer for Usenet Evidence," Sans Institute (2008) | No objections. | n/a | | |
| 71 | Robert C. Lind CV | No objections. | n/a | | |
| 73 | 12/17/2018 Defendants' Objections to Subpoena on Expert Witness John Cooper | No objections. | n/a | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---------|-------------|----------------------|----------|-----------------|---------------|
| 74 | 05/31/2013 Heidemann v. Detrani, No. D060843, 2013 WL 2370533 (Cal. App. May 31, 2013) | No objections. | n/a | | |
| 75 | H/W notes by J. Cooper re case | No objections. | n/a | | |
| 76 | Boyles CV | No objections. | n/a | | |
| 77 | 11/08/2018 Boyles materials considered index | No objections. | n/a | | |
| 78 | 10/23/2018 Perfect 10 P&L January-December 2012 | These are not the original documents and have been modified by most likely, Mr. Boyles (FRE 106.) (See also MIL #1) | Defendants produced the QuickBooks data and can authenticate it at trial.  Mr. Boyles will authenticate the reports he printed from electronic QB files and testify under oath as to his methods. Those reports are complete; however Plaintiffs or Defendants can | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---------|-------------|----------------------|----------|-----------------|---------------|
| | | | submit the complete, originally produced electronic QB files to meet any FRE 106 concern. | | |
| 79 | 10/23/2018 Perfect 10 P&L January-December 2016 | These are not the original documents and have been modified by most likely, Mr. Boyles (FRE 106.) (See also MIL #1) | Defendants produced the QuickBooks data and can authenticate it at trial.  Mr. Boyles will authenticate the reports he printed from electronic QB files and testify under oath as to his methods. Those reports are complete; however Plaintiffs or Defendants can submit  the complete, originally produced electronic QB files to meet any FRE 106 concern. | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---------|-------------|-----------------------|----------|-----------------|---------------|
| 80 | 10/23/2018 Perfect 10 Transactions by Account as of October 23, 2018 | These are not the original documents and have been modified by most likely, Mr. Boyles (FRE 106.) (See also MIL #1) | Defendants produced the QuickBooks data and can authenticate it at trial.  Mr. Boyles will authenticate the reports he printed from electronic QB files and testify under oath as to his methods. Those reports are complete; however Plaintiffs or Defendants can submit the complete, originally produced electronic QB files to meet any FRE 106 concern. | | |
| 81 | Perfect 10 Index of Demand Notes | Exhibit relates to unsigned unused demand notes which are irrelevant and prejudicial (FRE 402, 403, 404, see MIL #2) | No evidentiary exclusion for unsigned documents and Mr. Zada, and Ms. Poblete can authenticate at trial; relevant to show intent in making transfers (by way of | | |

Fenwick & West LLP
Attorneys At Law

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | | showing Mr. Zada's attempt to cover up the fact his contributions were paid in capital); admissible to show intent, not propensity to keep accurate business records or other character traits. | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---------|-------------|----------------------|----------|----------------|---------------|
| 82 | Perfect 10 Index of Repayments of Principle | Exhibit relates to unsigned unused repayment notes which are irrelevant and prejudicial (FRE 402, 403, 404, see MIL #2) | No evidentiary exclusion for unsigned documents and Mr. Zada, and Ms. Poblete can authenticate at trial; relevant to show intent in making transfers (by way of showing Mr. Zada's attempt to cover up the fact his contributions were paid in capital); admissible to show intent, not propensity to keep accurate business records or other character traits. | | |
| 83 | 10/23/2018 Perfect 10 Transaction Detail By Account January 1996-December 2016 | No objections. | n/a | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| 84 | 10/23/2018 Perfect 10 Transactions by Account as of July 31, 2010 | No objections. | n/a | | |
| 85 | 10/23/2018 Perfect 10 Transactions by Account as of December 31, 2013 | No objections. | n/a | | |
| 86 | 10/23/2018 Perfect 10 Transactions by Account as of December 31, 2010 | No objections. | n/a | | |
| 87 | 10/23/2018 Perfect 10 Balance Sheet as of December 31, 2009 | These are not the original documents and have been modified by most likely, Mr. Boyles (FRE 106.) (See also MIL #1) | Defendants produced the QuickBooks data and can authenticate it at trial.  Mr. Boyles will authenticate the reports he printed from electronic QB files and testify under oath as to his methods. Those reports are complete, however Plaintiffs or | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---------|-------------|----------------------|----------|-----------------|---------------|
| | | | Defendants can submit the complete, originally produced electronic QB files to meet any FRE 106 concern. | | |
| 88 | Beverly Park Sale Journal Entry | This is an irrelevant document which will simply mislead the jury into overestimating Dr. Zada's net worth. It is also hearsay. (FRE 402, 403, 802, see MIL #6) | Relevant to intent, reasonable expectation of a debt Perfect 10 could not pay, insolvency (to prove Perfect 10's business expenses). | | |
| 89 | 10/23/2018 Perfect 10 Transaction Detail By Account January-December 2011 | No objections. | n/a | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| 90 | 10/23/2018 Perfect 10 Transactions by Account as of December 31, 2012 | No objections. | n/a | | |
| 91 | 10/23/2018 Perfect 10 Transaction Detail By Account January-December 2012 | No objections. | n/a | | |
| 92 | 10/23/2018 Perfect 10 Transaction Detail By Account January-December 2013 | No objections. | n/a | | |
| 93 | 10/23/2018 Perfect 10 Transaction Detail By Account January-December 2014 | No objections. | n/a | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| 94 | 08/27/2018 Norman Zada Transaction List by Date - Payments to Krause Kalfayan Benink & Slavens LLP | No objections. | n/a | | |
| 95 | 08/27/2018 Norman Zada Transaction List by Date - Payments to Lynell Davis | No objections. | n/a | | |
| 96 | Index of Payments to Perfect 10 Employees, Consultants, and Affiliates by Norman Zada | No objections. | n/a | | |
| 97 | Perfect 10 Balance Sheet Test as of Date of 2014 Transfers in Question | This document is not evidence, and contains a "probability of Loss for Judgment" row that is completely speculative, created by Mr. Boyles, a non-attorney. (FRE | Defendants provided the underlying QuickBooks data and financial records for these calculations. Mr. Boyles can authenticate document and testify under | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | 701, 702, 402, 403 see MIL # 1) | oath as to his methods;<br><br>Plaintiffs designated Mr. Boyles as a financial forensic expert to give testimony at trial under Rule 26(a)(2)—the "probability of Loss for Judgment" is not a speculation about the likelihood of a judgment; it is a quantitative calculation of what amount of liability, if accrued on Perfect 10's books, would render Perfect 10 insolvent under the balance sheet test.  This is fully within Mr. Boyles' expertise. | | |
| 98 | 10/19/2018 Perfect 10 Transactions | No objections. | n/a | | |

Fenwick & West LLP
Attorneys at Law

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---------|-------------|----------------------|----------|-----------------|---------------|
| | by Account as of April 30, 2015 | | | | |
| 99 | 11/07/2018 FASB 505-10-5-3 - Overview and Background - General | This is simply irrelevant material which will confuse the jury and waste scarce court resources. These are also not admissible under a request for judicial notice. (FRE 402, 403, 902 see MIL # 1, 3) | Relevant to accounting for Zada's contributions to Perfect 10 and to establish accounting standards for determining solvency; Mr. Boyles will be available to testify to the document's authenticity at trial. | | |
| 100 | 11/07/2018 FASB Master Glossary - Loss Contingency | This is simply irrelevant material which will confuse the jury | Relevant to accounting for Zada's contributions to Perfect 10 and to | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---------|-------------|----------------------|----------|-----------------|---------------|
| | | and waste scarce court resources. These are also not admissible under a request for judicial notice. (FRE 402, 403, 902 see MIL # 1, 3) | establish accounting standards for determining solvency; Mr. Boyles will be available to testify to the document's authenticity at trial. | | |
| 101 | 11/07/2018 FASB 450-20-25 Recognition - General | This is simply irrelevant material which will confuse the jury and waste scarce court resources. These are also not admissible under a request for judicial notice. (FRE 402, 403, 902 see MIL # 1, 3) | Relevant to accounting for Zada's contributions to Perfect 10 and to establish accounting standards for determining solvency; Mr. Boyles will be available to testify to the document's authenticity at trial. | | |
| 102 | Eskridge CV | Mr. Eskridge should not be allowed to testify because the unused and unsigned demand and repayment notes are | No evidentiary exclusion for unsigned documents and Mr. Zada, and Ms. Poblete can authenticate at trial; relevant to show intent in | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---------|-------------|----------------------|----------|-----------------|---------------|
| | | completely irrelevant (FRE 402, 403, 404, see MIL #2) | making transfers (by way of showing Mr. Zada's attempt to cover up the fact his contributions were paid in capital); admissible to show intent, not propensity to keep accurate business records or other character traits.<br><br>The objection addresses Mr. Eskridge's testimony, not his CV which is the exhibit in question and can be used to establish Eskridge's qualifications. | | |
| 103 | Metadata index | Exhibit relates to unsigned unused demand notes which are irrelevant and prejudicial (FRE 402, 403, 404, see MIL | No evidentiary exclusion for unsigned documents and Mr. Zada, and Ms. Poblete can authenticate underlying documents at | | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---------|-------------|----------------------|----------|-----------------|---------------|
| | | #2) | trial and Mr. Eskridge can authenticate the spreadsheet created from them; relevant to show intent in making transfers (by way of showing Mr. Zada's attempt to cover up the fact his contributions were paid in capital); admissible to show intent, not propensity to keep accurate business records or other character traits | | |
| 104 | 12/31/2003 Perfect 10 Financial Report | No objections. | n/a | | |
| 105 | 12/31/2004 Perfect 10 Financial | No objections. | n/a | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | Report | | | | |
| 106 | 12/31/2005 Perfect 10 Financial Report | No objections. | n/a | | |
| 107 | 12/31/2006 Perfect 10 Financial Report | No objections. | n/a | | |
| 108 | 12/31/2007 Perfect 10 Financial Report | No objections. | n/a | | |
| 109 | 12/31/2009 Perfect 10 Financial Report | No objections. | n/a | | |
| 110 | 12/31/2010 Perfect 10 Financial Report | No objections. | n/a | | |
| 111 | 12/31/2011 Perfect 10 Financial Report | No objections. | n/a | | |
| 112 | 12/31/2012 Perfect 10 | No objections. | n/a | | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | Financial Report | | | | |
| 113 | 12/31/2014 Perfect 10 Financial Report | No objections. | n/a | | |
| 114 | 11/30/2014 Bank of America Account (ending no. 4952) Summary for November 1, 2014 to November 30, 2014 | No objections. | n/a | | |
| 115 | 05/31/2015 Bank of America Account (ending no. 4952) Summary for May 1, 2015 to May 31, 2015 | No objections. | n/a | | |
| 116 | 09/30/2015 Bank of America | No objections. | n/a | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---------|-------------|----------------------|----------|-----------------|---------------|
| | Account (ending no. 4952) Summary for September 1, 2015 to September 30, 2015 | | | | |
| 117 | 12/05/2016 Perfect 10 General Ledger as of December 31, 2015 | No objections. | n/a | | |
| 118 | 1996 Perfect 10 Federal Tax Return | No objections. | n/a | | |
| 119 | 1997 Perfect 10 Federal Tax Return | No objections. | n/a | | |
| 120 | 1998 Perfect 10 Federal Tax Return | No objections. | n/a | | |
| 121 | 1999 Perfect 10 Federal Tax Return | No objections. | n/a | | |
| 122 | 2000 Perfect 10 Federal Tax Return | No objections. | n/a | | |
| 123 | 2001 Perfect 10 Federal Tax | No objections. | n/a | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | Return | | | | |
| 124 | 2002 Perfect 10 Federal Tax Return | No objections. | n/a | | |
| 125 | 2003 Perfect 10 Federal Tax Return | No objections. | n/a | | |
| 126 | 2004 Perfect 10 Federal Tax Return | No objections. | n/a | | |
| 127 | 2005 Perfect 10 Federal Tax Return | No objections. | n/a | | |
| 128 | 2006 Perfect 10 Federal Tax Return | No objections. | n/a | | |
| 129 | 2007 Perfect 10 Federal Tax Return | No objections. | n/a | | |
| 130 | 2008 Perfect 10 Federal Tax Return | No objections. | n/a | | |
| 131 | 2009 Perfect 10 Federal Tax Return | No objections. | n/a | | |
| 132 | 2010 Perfect 10 Federal Tax Return | No objections. | n/a | | |
| 133 | 2011 Perfect 10 Federal Tax | No objections. | n/a | | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | Return | | | | |
| 134 | 2012 Perfect 10 Federal Tax Return | No objections. | n/a | | |
| 135 | 2013 Perfect 10 Federal Tax Return | No objections. | n/a | | |
| 136 | 12/31/1996 State Income Inception 12.31.1996 | No objections. | n/a | | |
| 137 | 12/31/1997 Perfect 10 Financial Report | No objections. | n/a | | |
| 138 | 01/31/2000 General Ledger as of December 31, 1999 | No objections. | n/a | | |
| 139 | 03/31/2010 2001 03 31 Perfect 10 Financial Report | No objections. | n/a | | |
| 140 | 12/31/2001 2001 12 31 Perfect 10 Financial Report | No objections. | n/a | | |
| 141 | 12/31/2002 2002 12 31 | No objections. | n/a | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---------|-------------|----------------------|----------|-----------------|---------------|
| | Perfect 10 Financial Report | | | | |
| 142 | 07/31/2010 2007 07 31 Perfect 10 Financial Report | No objections. | n/a | | |
| 143 | 12/31/2013 Bank of America Account (ending no. 4952) Summary for December 1, 2013 to December 31, 2013 | No objections. | n/a | | |
| 144 | Bank of America Account (ending no. 4952) Summary for April 2014 through November 2015 | No objections. | n/a | | |
| 146 | 11/07/2018 2-17-cv-07098 Docket Sheet as of 11.7.2018 | Completely irrelevant. (FRE 402, 403, see MIL #3) | Relevant to whether Defendants should have had a reasonable | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | | belief that it would incur a debt beyond its ability to pay, the fact of Perfect 10's losses, and the entry of orders memorializing those losses. | | |
| 147 | 05/14/2015 Email from B. Hersh to M. Poblete re Sales | No objections. | n/a | | |
| 148 | 07/13/2015 Ellenburg counsel email for Perfect 10 Judgement Lien | No objections. | n/a | | |
| 149 | 12/11/2015 T. Brown to Gregorian emails | No objections. | n/a | | |
| 150 | 06/14/2016 Email from M. Poblete to B. Hersh re 2015 Sales - Orders from Shopify.xlsx w/o attachment | No objections. | n/a | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| 151 | Excerpt from Perfect 10's American Express statement for account ending 2-34005 for February 2014 | Completely irrelevant. (FRE 402, 403, see MIL #3) | Relevant to intent to defraud, improper commingling of funds, and Zada paying Perfect 10 expenses. | | |
| 152 | Excerpt from Perfect 10's American Express statement for account ending 2-34005 for February 2014 | Completely irrelevant. (FRE 402, 403, see MIL #3) | Relevant to intent to defraud, improper commingling of funds, and Zada paying Perfect 10 expenses. | | |
| 153 | Excerpt from Perfect 10's American Express statement for account ending 2-34005 for February 2014 | Completely irrelevant. (FRE 402, 403, see MIL #3) | Relevant to intent to defraud, improper commingling of funds, and Zada paying Perfect 10 expenses. | | |
| 154 | Excerpt from Perfect 10's American Express statement for account ending | Completely irrelevant. (FRE 402, 403, see MIL #3) | Relevant to intent to defraud, improper commingling of funds, and Zada paying Perfect | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | 2-34005 for February 2014 | | 10 expenses. | | |
| 155 | Excerpt from Perfect 10's American Express statement for account ending 2-35002 for April 2014 | Completely irrelevant. (FRE 402, 403, see MIL #3) | Relevant to intent to defraud, improper commingling of funds, and Zada paying Perfect 10 expenses. | | |
| 156 | Excerpt from Perfect 10's American Express statement for account ending 2-35002 for June 2014 | Completely irrelevant. (FRE 402, 403, see MIL #3) | Relevant to intent to defraud, improper commingling of funds, and Zada paying Perfect 10 expenses. | | |
| 157 | Excerpt from Perfect 10's American Express statement for account ending 2-35002 for November 2014 | Completely irrelevant. (FRE 402, 403, see MIL #3) | Relevant to intent to defraud, improper commingling of funds, and Zada paying Perfect 10 expenses. | | |
| 158 | 04/10/2012 Certificate of Title for a 2009 Lexus registered to N. | No objections. | n/a | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | Zada | | | | |
| 159 | N. Zada's Wells Fargo statement for account 0814029005 for April 2012 | No objections. | n/a | | |
| 160 | 07/01/2014 Email string from N. Zada to M. Poblete re CALIFORNIA - 2073355 - Perfect 10, Inc. vs Giganews - 6/25/2014 - forwarding Veritext deposition invoice | No objections. | n/a | | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---------|-------------|----------------------|----------|-----------------|---------------|
| 161 | 04/13/2016 Email string from M. Poblete to N. Zada re We are going to need to order my veritex debtor's deposition transcript | No objections. | n/a | | |
| 162 | 03/03/2017 Email string from N. Zedah to D. Pasternak, cc to S. Sereboff, Z. Lake and M. Roman re Perfect 10 v. Giganews | No objections. | n/a | | |
| 163 | 07/14/2017 Email string from N. Zada to D. Pasternak re AOL | No objections. | n/a | | |
| 164 | 08/01/2018 Email string from N. Zada to D. Pasternak, R. Diefenbach cc: A. Bridges re AOL | No objections. | n/a | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| 165 | 07/16/2015 Email from N. Zada to Bookings4marisamiller@cartel-management.com re Protecting the photos of Marisa Miller | No objections. | n/a | | |
| 166 | 07/16/2015 Email from M. Poblete to B. Hersh re Perfect 10 v. Norm Zada | No objections. | n/a | | |
| 167 | 03/02/2017 Email string from D. Pasternak to N. Zada cc to S. Sereboff, Z. Lake and M. Roman re Perfect 10 v. Giganews | No objections. | n/a | | |
| 168 | 08/01/2018 Email string from D. Pasternak to R. | No objections. | n/a | | |

Fenwick & West LLP
Attorneys at Law

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---------|-------------|----------------------|----------|-----------------|---------------|
| | Diefenbach , N. Zada cc: A. Bridges re AOL | | | | |
| 169 | 07/17/2017 Email string from D. Pasternak to N. Zada and M. Mickelson re Giganews's false representations to the Court | No objections. | n/a | | |
| 170 | 03/03/2017 Email string from D. Pasternak to N. Zada cc S. Sereboff, Z. Lake and M. Roman re Perfect 10 v. Giganews | No objections. | n/a | | |
| 171 | 09/28/2017 Email string from D. Pasternak to N. | No objections. | n/a | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---------|-------------|----------------------|----------|-----------------|---------------|
| | Zada cc  Z. Lake, M. Mickelson, A. Degenford, A. Ford re Purchase of Perfect 10 | | | | |
| 172 | 02/10/2015 Redacted email string from N. Zada to SGraham@alm.com re Magistrate Hillman's Order | No objections. | n/a | | |
| 173 | Excerpt from a UBS Resource Management Account statement for April 2015, account JP 28492 NO | No objections. | n/a | | |
| 174 | 07/20/2018 Email string from M. Poblete to N. Zada, B. Hersh | No objections. | n/a | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | re quickbooks | | | | |
| 176 | 11/2004 Sheinfeld et al., "Fiduciary Duties of Directors of a Corporation in the Vicinity of Insolvency and After Initiation of a Bankruptcy Case," 60 Bus. Law 79 (2004) | This is simply irrelevant material which will confuse the jury and waste scarce court resources. These are also not admissible under a request for judicial notice. (FRE 402, 403, 902 see MIL # 1, 3) | Relevant to accounting for Zada's contributions to Perfect 10 and to establish accounting standards for determining solvency; Mr. Boyles will be available to testify to the document's authenticity at trial. | | |
| 177 | 2017 Perfect 10 Corrected Federal Tax Return | No objections. | n/a | | |
| 178 | 1996 Perfect 10 California Tax Return | No objections. | n/a | | |
| 179 | 04/04/2015 Email string from A. Bridges to E. Benink, J. Belichick, T. | No objections. | n/a | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | Gregorian, A. Nercessian, J. Wakefield, cc David Schultz, L. Davis re Confidential Proposal to Satisfy Judgment | | | | |
| 180 | Bank of America Account (ending no. 4952) Summary for January 2014 | A number of these statements have not been sufficiently redacted and contain the names of companies who have signed confidential settlement agreements | Defendants have sufficient time before trial to provide notice to those third parties so that they can seek relief if actually necessary. | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---------|-------------|----------------------|----------|-----------------|---------------|
| 181 | Bank of America Account (ending no. 4952) Summary for March 2014 | A number of these statements have not been sufficiently redacted and contain the names of companies who have signed confidential settlement agreements | Defendants have sufficient time before trial to provide notice to those third parties so that they can seek relief if actually necessary. | | |
| 182 | Bank of America Account (ending no. 4952) Summary for April 2015 | A number of these statements have not been sufficiently redacted and contain the names of companies who have signed confidential settlement agreements | Defendants have sufficient time before trial to provide notice to those third parties so that they can seek relief if actually necessary. | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| 183 | 05/15/2015 M. Poblete to B. Hersh re Tax Payment | No objections. | n/a | | |
| 184 | 05/14/2015 M. Poblete to B. Hersh re Tax Payment | No objections. | n/a | | |
| 185 | 01/21/2016 M. Poblete email to N. Zada, cc B. Hersh reTax payment | No objections. | n/a | | |
| 186 | 12/19/2016 Video: Demo_ How to Search and Download from Giganews using Mimo Newsreader available at https://www.youtube.com/watch?v=jMY4VHA-6Dc | No objections. | n/a | | |
| 187 | 12/17/2016 Video: Demo_ | No objections. | n/a | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
|  | How to use Giganews' Mimo Newsreader to Extract Message-IDs available at https://www.youtube.com/watch?v=DZp5KTS10y8 |  |  |  |  |
| 188 | 12/18/2016 Video: Demo_How to extract Message-IDs using Newsrover available at https://www.youtube.com/watch?v=BxlE2YF6VE8&t=93s | No objections. | n/a |  |  |
| 189 | About Giganews - | No objections. | n/a |  |  |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | screenshot | | | | |
| 190 | Photos of Ron and Judy Yokubaitis | No objections. | n/a | | |
| **191** | Giganews webpage screenshot | Missing exhibit; it was never provided to Defendants and must therefore be stricken. | No such exchange is required under the local rules or the Court's standing orders or trial rules. L.R. 16-2.4; Fed. R. Civ. P. 26(a)(3)(A)(iii). Plaintiffs agree to provide a copy of the exhibit. | | |
| 193 | 11/27/2017 [Dkt. 25] Order on Motion to Dismiss | The Court's preliminary orders in this case are not evidence and will simply prejudice the jury. (FRE 402, 403, see see MIL #3) | Objection mischaracterizes the order; relevant to show fraudulent intent, specifically Zada's changing justifications of his reasons for the transfers. | | |
| 194 | 02/28/2018 [Dkt. 39] Order Denying Defs Motion for Judgment on | The Court's preliminary orders in this case are not evidence and | Objection mischaracterizes the order; relevant to show fraudulent | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | the Pleadings | will simply prejudice the jury. (FRE 402, 403, see MIL #3) | intent, specifically Zada's changing justifications of his reasons for the transfers. | | |
| 197 | 04/28/2011 [Dkt. 26-1] Perfect 10 v. Giganews, Complaint, Case No. 2:11-cv-0905 | No objections. | n/a | | |
| 198 | 03/26/2013 [Dkt. 26-2] Perfect 10 v. Giganews, First Amended Complaint, Case No. 2:11-cv-07098 | No objections. | n/a | | |
| 199 | 11/14/2014 [Dkt. 26-3] Perfect 10 v. Giganews, Order Granting Defendants Motion for Partial Summary | No objections. | n/a | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | Judgment on the Issue of Direct Copyright Infringement, Case No. 2:11-cv-07098 | | | | |
| 200 | 11/14/2014 [Dkt. 26-4] Perfect 10 v. Giganews, Order Granting Defendants Motion for Partial Summary Judgment on the Issue of InDirect Copyright Infringement, Case No. 2:11-cv-07098 | No objections. | n/a | | |
| 201 | 11/26/2014 [Dkt. 26-5] | No objections. | n/a | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | Perfect 10 v. Giganews, Judgment in Favor of Defendants, Case No. 2:11-cv-07098 | | | | |
| 202 | 03/24/2015 [Dkt. 26-6] Perfect 10 v. Giganews, Order Granting Defendants' Motion for Attorneys' Fees and Costs, Case No. 2:11-cv-07098 | Certain findings in this order are demonstrably false or hotly contested and will bias the jury. (FRE 402, 403, see MIL # 8) | Relevant to determining whether Defendants should have had a reasonable belief that Perfect 10 would incur a debt beyond its ability to pay; the fact of the order's existence cannot be contested, and it has been affirmed by the Ninth Circuit. The fact of the | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | | order is judicially noticeable (FRE 201) and the document is self-authenticating (FRE 902). | | |
| 203 | 02/13/2015 [Dkt. 26-7] Perfect 10 General Ledger as of December 31, 2014 | No objections. | n/a | | |
| **204** | Quickbooks Perfect 10 native files, including, but not limited to the native document produced as Perfect102016-9-9(thru2012012).QBA | Missing exhibit; it was never provided to Defendants and must therefore be stricken. | The parties never agreed to exchange exhibits, and no such exchange is required under the local rules or the Court's standing orders or trial rules. L.R. 16-2.4; Fed. R. Civ. P. 26(a)(3)(A)(iii). The document comes from Defendants' production and was sufficiently identified. Plaintiffs can | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | | provide Defendants a copy if necessary. | | |
| 205 | Quickbooks N. Zada native files, including, but not limited to the native document produced as Norman Zadeh.QBW | Missing exhibit; it was never provided to Defendants and must therefore be stricken. As of January 17, 2019, Defendants still do not know what is contained in such files but they suspect that they contain all sorts of expenses of Dr. Zada that are personal, completely | The parties never agreed to exchange exhibits, and no such exchange is required under the local rules or the Court's standing orders or trial rules. L.R. 16-2.4; Fed. R. Civ. P. 26(a)(3)(A)(iii). The document comes from Defendants' production and was sufficiently identified. Plaintiffs can | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

Fenwick & West LLP
Attorneys at Law

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---------|-------------|----------------------|----------|-----------------|---------------|
| | | irrelevant, and which will substantially bias (See MIL #6) | provide Defendants copies if necessary. | | |
| 206 | 08/18/2014 [Dkt. 356] Defendants' Motion to Compel Discovery Compliance and for Sanctions | Plaintiffs should not be allowed to show the jury such a denied, vacated and mistake-ridden order, or related allegations. That would bias the jury and require Defendants to spend scarce Court resources to refute such unfounded claims. (FRE 402, 403, 802; see MIL #4) | Relevant to show intent of transfers, reasonable belief that Perfect 10 would incur a debt it could not pay, and fact of pending sanctions for discovery abuses; not hearsay to prove the fact that Perfect 10 and Zada anticipated a monetary sanction to follow. (FRE 801). | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---------|-------------|----------------------|----------|-----------------|---------------|
| 207 | 08/18/2014 [Dkt. 388] Joint Stip. re Defendants' Motion to Compel Discovery Compliance and for Sanctions | Plaintiffs should not be allowed to show the jury such a denied, vacated and mistake-ridden order, or related allegations. That would bias the jury and require Defendants to spend scarce Court resources to refute such unfounded claims. (FRE 402, 403, 802; see MIL #4) | Same as 206. In addition, Defendants are parties against whom the admissions in the joint stipulation are offered and have personal knowledge of the contents of sections they submitted to the Court. | | |
| 208 | 08/18/2014 [Dkt. 389] Gregorian Decl. ISO Defendants' Motion to Compel Discovery Compliance and for Sanctions | Plaintiffs should not be allowed to show the jury such a denied, vacated and mistake-ridden order, or related allegations. That would bias the jury and require Defendants to spend scarce Court resources to refute such unfounded | Same as 206. Relevant to show a basis for reasonable belief that Perfect 10 would incur debts beyond its ability to pay. | | |

Fenwick & West LLP
Attorneys at Law

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | claims. (FRE 402, 403, 802; see MIL #4) | | | |
| 209 | 08/18/2014 [Dkt. 394] Tran Decl. ISO Defendants' Motion to Compel Discovery Compliance and for Sanctions | Plaintiffs should not be allowed to show the jury such a denied, vacated and mistake-ridden order, or related allegations. That would bias the jury and require Defendants to spend scarce Court resources to refute such unfounded claims. (FRE 402, 403, 802; see MIL #4) | Same as 206. Relevant to show a basis for reasonable belief that Perfect 10 would incur debts beyond its ability to pay. | | |
| 210 | 08/18/2014 [Dkt. 395] Belichick Decl. ISO Defendants' Motion to Compel Discovery Compliance | Plaintiffs should not be allowed to show the jury such a denied, vacated and mistake-ridden order, or related allegations. | Same as 206. Relevant to show a basis for reasonable belief that Perfect 10 would incur debts beyond its ability to pay. | | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | and for Sanctions | That would bias the jury and require Defendants to spend scarce Court resources to refute such unfounded claims. (FRE 402, 403, 802; see MIL #4) | | | |
| 211 | 01/16/2015 [Dkt. 653] Belichick Decl. ISO Motion for Sanctions | Plaintiffs should not be allowed to show the jury such a denied, vacated and mistake-ridden order, or related allegations. That would bias the jury and require Defendants to spend scarce Court resources to refute such unfounded claims. (FRE 402, 403, 802; see MIL #4) | Same as 206. Relevant to show a basis for reasonable belief that Perfect 10 would incur debts beyond its ability to pay. | | |
| 212 | 02/03/2015 [Dkt. 672] Defendants' Response to Perfect 10 | Plaintiffs should not be allowed to show the jury such a denied, | Same as 206. Relevant to show a basis for reasonable belief that Perfect 10 | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---------|-------------|-----------------------|----------|-----------------|---------------|
| | Objections re Sanctions | vacated and mistake-ridden order, or related allegations. That would bias the jury and require Defendants to spend scarce Court resources to refute such unfounded claims. (FRE 402, 403, 802; see MIL #4) | would incur debts beyond its ability to pay. | | |
| 213 | BOFA statement for period 3-21-13 through 4-19-13 for acct. ending in 0277, pp. 1-3 | No objections. | n/a | | |
| 214 | 10/28/2015 [Dkt. 749] Court order to appear for examination | This document serves no purpose other than to bias the jury (FRE 402, 403, see MIL #3) | Relevant to show a basis for reasonable belief that Perfect 10 would incur debts beyond its ability to pay; relevant context for jury to understand debtor examination testimony including | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---------|-------------|----------------------|----------|-----------------|---------------|
| | | | admissions to fraudulent transfers; judicially noticeable (FRE 201). | | |
| 215 | 10/13/2015 Subpoena to Perfect 10 produce documents | No objections. | n/a | | |
| 216 | 10/31/2014 Bank of America Account (ending no. 4952) Summary for October 1, 2014 to October 31, 2014 | No objections. | n/a | | |
| 217 | 03/31/2015 Bank of America Account (ending no. 4952) Summary for March 1, 2015 to March 31, 2015 | No objections. | n/a | | |
| 218 | 01/31/2015 Bank of | No objections. | n/a | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | America Account (ending no. 4952) Summary for January 1, 2015 to January 31, 2015 | | | | |
| 219 | 08/31/2015 Bank of America Account (ending no. 4952) Summary for August 1, 2015 to August 31, 2015 | No objections. | n/a | | |
| 220 | 10/31/2012 Morgan Stanley account statement for October 1-31, 2012 | No objections. | n/a | | |
| 221 | 08/31/2012 Wells Fargo bank statement for account ending in 5312 for August 1-31, 2012 | No objections. | n/a | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| 222 | Bank of America Account Activity Transaction Details for account ending in 0277 | No objections. | n/a | | |
| 223 | 2013 Perfect 10 Federal and California tax documents | No objections. | n/a | | |
| 224 | List of copyright registrations | No objections. | n/a | | |
| 225 | Trademark registrations | No objections. | n/a | | |
| 226 | Action chart | No objections. | n/a | | |
| 227 | Domain name registrations | This document contains a list of websites that Perfect 10 received as part of a settlement as the defendant had few other assets. It is inflammatory and no relevance to the case. It is also hearsay. (FRE 402, 403, 802 | Relevant to show Perfect 10's assets and address Defendants arguments regarding the value of its intellectual property, business expenditures, and cash on hand, all of which are |  |  |

Fenwick & West LLP
Attorneys at Law

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | see MIL #3) | relevant to solvency analysis. | | |
| 228 | Document from Register.com | No objections. | n/a | | |
| 229 | GoDaddy receipt | No objections. | n/a | | |
| **230** | Model database | No objections. | n/a | | |
| 231 | 04/28/2016 Third Party Bruce Hersh's Response to Defendant Giganews, Inc.'s Request for Production of Documents Pursuant to Subpoena | No objections. | n/a | | |
| 232 | 05/11/2015 [Dkt. 714-1] Declaration of Bruce Hersh in Opposition to Defendants' Motion to Alter or Amend Judgment to add Dr. Norman Zada as Judgment Debtor, Case | No objections. | n/a | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Fenwick & West LLP
Attorneys At Law

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | No. 2:11-cv-07098 | | | | |
| 233 | 06/30/2009 Perfect 10, Inc. Financial Report | No objections. | n/a | | |
| 234 | 08/31/2009 Perfect 10, Inc. Financial Report | No objections. | n/a | | |
| 235 | 10/04/2013 E-mail to Bruce Hersh from M. Poblete re 1099s, w/attachments | No objections. | n/a | | |
| 236 | 12/06/2012 E-mail to Melanie Poblete from B. Hersh re Ultima Partners | No objections. | n/a | | |
| 237 | 08/29/2013 E-mail to Bruce Hersh from M. Poblete re NZ Personal Checking, w/attachments | No objections. | n/a | | |
| 238 | 03/21/2014 E-mail to Melanie Poblete from B. Hersh re | No objections. | n/a | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | Solar | | | | |
| 239 | 05/13/2014 E-mail to Melanie Poblete from B. Hersh re Changes File | No objections. | n/a | | |
| 240 | 02/04/2013 E-mail to Melanie Poblete from B. Hersh re QB file to import | No objections. | n/a | | |
| 241 | 01/09/2013 E-mail to Bruce Hersh from M. Poblete re QB, w/attachments | No objections. | n/a | | |
| 242 | 08/25/2016 Subpoena to M. Poblete produce documents | No objections. | n/a | | |
| 243 | 11/17/2016 Amended Response of M. Poblete to Giganews' Subpoena to produce Documents | No objections. | n/a | | |
| 244 | 12/05/2016 Perfect 10 Profit & Loss Detail January | No objections. | n/a | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---------|-------------|----------------------|----------|-----------------|---------------|
| | through December 2015 | | | | |
| 245 | 10/29/2015 M. Poblete signed Certificate of Service re Appellant's Excerpts of Record Vol. 11 of 13 | No objections. | n/a | | |
| 246 | 06/16/2015 M. Poblete email string to B. Hersh re Employment | No objections. | n/a | | |
| 247 | 09/06/2016 M. Poblete email string to B. Hersh re Perfect 10 LLC & Perfect 10 Inc SOS | No objections. | n/a | | |
| 248 | Index of Amazon orders | No objections. | n/a | | |
| 249 | M. Poblete W2 and Schedule C forms | No objections. | n/a | | |
| 250 | 10/21/2013 Letter from M. Poblete to A. Bridges re Perfect 10 v. | No objections. | n/a | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | Giganews | | | | |
| 251 | 09/26/2012 Email from J. Morganelli to M. Poblete re Usenet Piracy | No purpose other than to bias the jury. It is also hearsay. (FRE 402, 403, 802 see MIL #3) | Relevant to intent in making the transfers and foreseeability of Perfect 10 liabilities; Melanie Poblete will be able to authenticate the document during her testimony at trial; not offered for a hearsay purpose; relevant to show then existing state of mind. | | |
| 252 | 07/11/2011 [Dkt. 21] Declaration of M. Poblete in support of Perfect 10's motion for Preliminary Injunction and Exs., Case No. 2:11-cv-07098 | No objections. | n/a | | |
| 253 | Perfect 10s Production Log | This is an improper 1 ½ page truncated version of the actual 6 page multi-colored | The version Plaintiffs submit was the version marked at Ms. Poblete's April 23, 2014 | | |

Fenwick & West LLP
Attorneys At Law

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---------|-------------|----------------------|----------|-----------------|---------------|
| | | document. (FRE 106.) | deposition; the additional pages add nothing of substance, and need not be considered at the same time. (FRE 106). | | |
| 254 | 04/01/2014 Subpoena to M. Poblete produce documents | No objections. | n/a | | |
| 255 | 07/23/2011 Email string from M. Poblete to p [vilnius@centrum.cz re Veronika Zemanova w/attachment | No objections. | n/a | | |
| 256 | 07/29/2011 Copyright application | No objections. | n/a | | |
| **257** | Norm Zada Demo Reel (video available at https://www.youtube.com/wat | Material from a decade-old Perfect 10 promo video has no relevance to this case and is | Relevant to show nature of Perfect 10's business and its associated expenses and | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---------|-------------|----------------------|----------|-----------------|---------------|
| | ch?v=QHXm6t uslOE&ab_cha nnel=broseprod uctions) | simply included in an attempt to bias the jury. It is also hearsay. (FRE 402, 403, 802 see MIL #3) | finances, which is relevant to reasonable expenses for solvency analysis; hearsay exception as then-existing mental or emotional condition (FRE 803); party admission. | | |
| 258 | 10/29/2013 TBMBM Inc. Invoice | No objections. | n/a | | |
| **259** | Video - How'd You Get to Be So Rich episode | Material from a decade-old TV episode has no relevance to this case and is simply included in an attempt to bias the jury. It is also hearsay. (FRE 402, 403, 802 see MIL #3, 6) | Relevant to show nature of Perfect 10's business and its associated expenses and finances, which is relevant to reasonable expenses for solvency analysis; hearsay exception as then-existing mental or emotional condition (FRE 803); party admission. | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| 260 | 03/31/2013 Perfect 10, Inc. Financial Report | No objections. | n/a | | |
| 261 | 05/10/2012 Alison Frankel's On the Case " Perfect 10 CEO: Porno Troll or Copyright Crusader (or both)?, Thomson Reuters | No objections. | n/a | | |
| 262 | 05/07/2012 Rhett Pardon, "Perfect 10 Sues Tumblr Over Posted Images," Xbiz News Report | No objections. | n/a | | |
| 263 | 04/16/2014 DMCA Notice signed by Norm Zada | This is an intentionally degraded version of the actual notice. It is also violative of the best | The notice is legible; this is the version marked as an exhibit at Mr. Zada's April 25, 2014 deposition, | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | evidence rule. (FRE 402, 403, 106, See MIL #3) | and thus the one he has already authenticated as having personal knowledge of; Mr. Zada will be able to authenticate it at trial. | | |
| 264 | 06/03/2014 Letter from Lynell Davis to counsel for Giganews re Perfect 10 v. Giganews - Meet & Confer Re Motion for Sanctions | No objections. | n/a | | |
| 265 | Sample videos 1 diva, 2 abpe scanmaster, 3 sample notice 1 and 2 use and 4 andmore | No objections. | n/a | | |
| 266 | 07/03/2014 Sample Notice 3 video | No objections. | n/a | | |
| 267 | 07/18/2011 [Dkt. 32-8] Declaration of G. Augustine | No objections. | n/a | | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Fenwick & West LLP
Attorneys at Law

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | in support of Perfect 10's Opposition to Motion to Change venue, Case No. 2:11-cv-07098 | | | | |
| 268 | 07/11/2011 [Dkt. 18] Declaration of Sheena Chou in support of Perfect 10's Motion for Preliminary Injunction, Case No. 2:11-cv-07098 | No objections. | n/a | | |
| 269 | 07/11/2011 [Dkt. 20] Declaration of Sean Chumura in support of Perfect 10's Motion for Preliminary Injunction, Case No. 11 CV 0905 | No objections. | n/a | | |
| 270 | 05/10/2014 Declaration of Mike Saz and Exhibits | No objections. | n/a | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---------|-------------|----------------------|----------|-----------------|---------------|
| **271** | 01/29/2001 Howard Stern Show Audio | Material from a decade-old Howard Stern show has no relevance to this case and is simply included in an attempt to bias the jury. It is also hearsay. (FRE 402, 403, 802 see MIL #3, 6) | Relevant to show nature of Perfect 10's business and its associated expenses and finances, which is relevant to reasonable expenses for solvency analysis; hearsay exception as then-existing mental or emotional condition (FRE 803); party admission. | | |
| **272** | 04/08/2002 Howard Stern Show Audio | Material from a decade-old Howard Stern show has no relevance to this case and is simply included in an attempt to bias the jury. It is also hearsay. (FRE 402, 403, 802 see MIL #3, 6) | Relevant to show nature of Perfect 10's business and its associated expenses and finances, which is relevant to reasonable expenses for solvency analysis; hearsay exception as then-existing mental or emotional condition (FRE 803); party | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | | admission. | | |
| 273 | 04/11/2002 Howard Stern Show Audio | Material from a decade-old Howard Stern show has no relevance to this case and is simply included in an attempt to bias the jury. It is also hearsay. (FRE 402, 403, 802 see MIL #3, 6) | Relevant to show nature of Perfect 10's business and its associated expenses and finances, which is relevant to reasonable expenses for solvency analysis; hearsay exception as then-existing mental or emotional condition (FRE 803); party admission. | | |
| 274 | 10/27/2003 Howard Stern Show Audio | Material from a decade-old Howard Stern show has no relevance to this case and is simply included in an attempt to bias the jury. It is also hearsay. (FRE 402, 403, 802 see MIL #3, 6) | Relevant to show nature of Perfect 10's business and its associated expenses and finances, which is relevant to reasonable expenses for solvency analysis; hearsay exception as then-existing mental or | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | | emotional condition (FRE 803); party admission. | | |
| **275** | 10/31/2003 Howard Stern Show Audio | Material from a decade-old Howard Stern show has no relevance to this case and is simply included in an attempt to bias the jury. It is also hearsay. (FRE 402, 403, 802 see MIL #3, 6) | Relevant to show nature of Perfect 10's business and its associated expenses and finances, which is relevant to reasonable expenses for solvency analysis; hearsay exception as then-existing mental or emotional condition (FRE 803); party admission. | | |
| 276 | 11/23/2008 Perfect 10 v. Amazon, Inc., Case No. 2:05-cv-04753-AHM-SH, Reply Declaration of N. Zada in Support of Perfect 10's Motion for Partial | No objections. | n/a | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | Summary Judgment | | | | |
| 277 | 06/13/2013 Perfect 10 v. Yandex N.V., Case No. 3:12-cv-01521-WH, Declaration of N. Zada in Support of Perfect 10's Opposition to Defendants' Motion for Partial Summary Judgment | No objections. | n/a | | |
| 278 | 03/08/2013 [Dkt. 97] Order Granting Defendants' Motion to Dismiss in Part, Case No. 2:11-cv-07098 | No objections. | n/a | | |
| 279 | 07/10/2013 [Dkt. 129] Order Granting Defendants' Motion to Dismiss in Part, Case No. 2:11-cv-07098 | No objections. | n/a | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| 280 | 03/24/2015 [Dkt. 685] Order Denying Discovery Sanctions Motion, Case No. 2:11-cv-07098 | Plaintiffs should not be allowed to show the jury such a denied, vacated and mistake-ridden order, or related allegations. That would bias the jury and require Defendants to spend scarce Court resources to refute such unfounded claims. (FRE 402, 403, 802; see MIL #4) | Same as 206. Relevant to show a basis for reasonable belief that Perfect 10 would incur debts beyond its ability to pay; relevant to show that the Court denied sanctions for mootness, i.e., in absence of a fee award Perfect 10 still would have had a multimillion dollar liability that rendered it insolvent. | | |
| 281 | 01/11/2018 Email string from D. Pasternak to N. Zada, R. van Eendenburg, CC Mickelson re AOL | No objections. | n/a | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| 282 | 09/27/2017 Email string from D. Pasternak to N. Zada, Z. Lake, Mickelson re purchase of Perfect 10 | No objections. | n/a | | |
| 283 | 09/28/2017 Email string from D. Pasternak to A. Bridges re purchase of Perfect 10 | No objections. | n/a | | |
| 284 | 09/26/2017 Email string from D. Pasternak to A. Bridges re Perfect 10 | No objections. | n/a | | |
| 285 | 10/24/2018 Email string from D. Pasternak to N. Zada, CC R. Diefenbach, A. Bridges re AOL | No objections. | n/a | | |
| 286 | 10/13/2017 Email string from D. Pasternak to A. Bridges, CC J. | No objections. | n/a | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | Wakefield, T. Gregorian re Perfect 10 | | | | |
| 287 | Spreadsheet entitled "Perfect 10 domains RWR_1491345933_2017-04-04" | No objections. | n/a | | |
| 288 | Spreadsheet entitled "Zada domains RWR_1491345519_2017-04-04" | This document contains a list of websites that Perfect 10 received as part of a settlement as the defendant had few other assets. It is inflammatory and has no relevance to the case. It is also hearsay. (FRE 402, 403, 802 see See MIL #3) | Mischaracterizes exhibit—the parties reached no settlement in this or the underlying case; relevant to valuation of Perfect 10 assets, and Perfect 10 business expenditures and finances, including solvency; Zada will be able to authenticate at trial; not hearsay as record of regularly conducted activity— keeping track of domain names and IP (FRE | | |

Fenwick & West LLP
Attorneys at Law

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---------|-------------|----------------------|----------|-----------------|---------------|
| | | | 803). | | |
| 289 | 04/04/2017 Email string from A. Bridges to D. Pasternak, S. Sereboff, J. Kluewer, CC R. Slates, J. Wakefield, T. Gregorian, K. Sarvaiya, S. Menking, J. Weinstein re Giganews/Perfect 10 -- enforcement -- Due Diligence of Perfect 10's IP Portfolio [P245-G17374 - Domains w/attachments | No objections. | n/a | | |
| 290 | 09/02/2014 [Dkt. 425] Defendants' Supplemental Memo in Support of Sanctions, Case No. 2:11-cv-07098 | Plaintiffs should not be allowed to show the jury such a denied, vacated and mistake-ridden order, or related allegations. That would bias the jury and | Same as 206. Relevant to show a basis for reasonable belief that Perfect 10 would incur debts beyond its ability to pay. | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | require Defendants to spend scarce Court resources to refute such unfounded claims. (FRE 402, 403, 802; see MIL #4) | | | |
| 291 | 09/02/2014 [Dkt. 427] Belichick Declaration in Support of Defendants' Supplemental Memo in Support of Sanctions, Case No. 2:11-cv-07098 | Plaintiffs should not be allowed to show the jury such a denied, vacated and mistake-ridden order, or related allegations. That would bias the jury and require Defendants to spend scarce Court resources to refute such unfounded claims. (FRE 402, 403, 802; see MIL #4) | Same as 206. Relevant to show a basis for reasonable belief that Perfect 10 would incur debts beyond its ability to pay. | | |
| 292 | 09/02/2014 [Dkt. 424] Gregorian Declaration in Support of Defendants' Supplemental | Plaintiffs should not be allowed to show the jury such a denied, vacated and mistake-ridden | Same as 206. Relevant to show a basis for reasonable belief that Perfect 10 would incur debts beyond its | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | Memo in Support of Sanctions, Case No. 2:11-cv-07098 | order, or related allegations. That would bias the jury and require Defendants to spend scarce Court resources to refute such unfounded claims. (FRE 402, 403, 802; see MIL #4) | ability to pay. | | |
| 293 | 12/31/2008 Perfect 10, Inc. Financial Report | No objections. | n/a | | |
| 294 | Redacted bank statements showing $70,000 and $454,002 wires into Perfect 10 from Zada account | I; M.  Plaintiffs will stipulate to a complete unredacted copy of PN-BOA-NZ1-0001-0004. | The additional bank statements that Plaintiffs request to put into evidence are not properly redacted and display Dr. Zada's complete personal bank account number, are violative of his privacy, may | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | | bias the jury, and are completely irrelevant. | | |
| 295 | Documents showing Dr. Zada purchased Lexus in 2012 with his own funds | AU; I; IC; M; R. | These documents show that Dr. Zada already owned the Lexus when he mistakenly purchased it from Perfect 10 and support his testimony that he intentionally overpaid for Perfect 10's assets in a futile attempt to the avoid the exact allegations Plaintiffs are making now. | | |
| 296 | Email dated 8/10/2018 from receiver to Dr. Zada advising that 2004 scanner has little if any value | AU; R; P; H. | This is relevant and irrefutable evidence that the 11 year old scanner was essentially worthless when Dr. Zada purchased it from Perfect 10 in 2015. | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| 297 | Documents showing value of items from Ebay | AU; R; P; B; F; I; IC; H. | These documents show the prices that used couches, printers, and computers fetch on Ebay similar to the ones purchased from Perfect 10, and are thus highly relevant in determining the fair value of the physical assets that were transferred to Dr. Zada. | | |
| 298 | Email exchange dated 8/10/18 for receiver to pick up 1,000 Perfect 10 back issues | AU; F; R; P; H. | It is highly relevant that the Receiver has apparently been unable to sell the 1,000 back issues provided to him by Perfect 10 for anything. | | |
| 299 | Excerpts from 7/11/18 Zada Depo Transcript | MIL; R; P; S; H; ND; I. | Relevant to Dr. Zada's state of mind regarding Perfect 10 winning the Related Case, as well as determining | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---------|-------------|----------------------|----------|-----------------|---------------|
| | | | exactly what Dr. Zada purchased from Perfect 10; not offered for truth of matter asserted, and therefore not hearsay. | | |
| 300 | Excerpts from 10/31/18 Zada Depo Transcript | MIL; R; P; H; ND; I. | Relevant to Dr. Zada's state of mind regarding Perfect 10 winning the Related Case; as well as determining exactly what Dr. Zada purchased form Perfect 10; not offered for truth of matter asserted, and therefore not hearsay. | | |
| 301 | Offer to settle from Benink | MIL; R; P; S. | It is extremely relevant that Defendants offered to pay the award in full days after it was entered. Defendants are unaware of any successful prosecution for unlawful transfer | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---------|-------------|----------------------|----------|-----------------|---------------|
| | | | after the Plaintiff had rejected a full priced offer. Relevant to Dr. Zada's state of mind re transfers; not offered for truth of matter asserted, and therefore not hearsay. | | |
| 302 | Bank statements showing transfers in 2001 and 2002 from P10 to Zada totaling $5.4 million | AU; IC; I; M; ND; R (including because Defendants sought and received a time limitation on discovery); P; B. | Relevant to typicality of transfers and therefore to Dr. Zada's mental state in making them, and to Dr. Zada's entitlement to funds. | | |
| 303 | Bank statements showing settlements received in 2013 and 2014 and amounts left after transfers | AU; R; P; IC; I; M; B.  Plaintiffs will stipulate to the complete, original, unredacted, and unmarked copies of the bank statements. | It is highly relevant that Dr. Zada left over a million dollars in the Perfect 10 bank account after the first set of $900,000 in disputed transfers, which demonstrated that Perfect 10 was left with the ability to pay | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | | reasonably expected debts. The complete set of documents that Plaintiffs seek have highly confidential account numbers and names of parties involved in confidential settlements and irrelevant materials that may bias the jury. | | |
| 304 | Redacted bank statements showing amounts in Zada personal account prior to transfers | AU; R; P; IC; I; M; B.  Plaintiffs will stipulate to the complete, original, unredacted, and unmarked copies of the bank statements. | These statements are relevant because they show that Dr. Zada had little money in his account when the transfers were made, which argues against claims that he was transferring monies to keep them from Plaintiffs. The full version that Plaintiffs seek contains highly confidential as well as | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | | irrelevant and possibly inflammatory information. | | |
| 305 | Redacted bank statements and financial statements showing quarterly Perfect 10 bank balances | AU; R; P; IC; I; M; B.  Plaintiffs will stipulate to the complete, original, unredacted, and unmarked copies of the bank statements. | It is highly relevant that when Dr. Zada removed the disputed $850,000, he left approximately $338,000 in Perfect 10's account, which was roughly its historical average balance. The pages that Defendants provide were redacted to remove highly confidential as well as irrelevant information. | | |
| 306 | Redacted bank statements showing additions and withdrawals | AU; R; P; IC; I; M; B.  Plaintiffs will stipulate to the complete, original, unredacted, and unmarked copies of the bank | Relevant to Dr. Zada's mental state re transfers, his entitlement to funds, and Perfect 10's ability to pay its debts. The full version that Plaintiffs seek | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | statements. | contains highly confidential information such as the identities of parties who made confidential settlements as well as irrelevant and possibly inflammatory information. | | |
| 307 | Redacted bank statements showing direct payment of Perfect 10 bills by Zada | AU; R; P; IC; I; M; B.  Plaintiffs will stipulate to the complete, original, unredacted, and unmarked copies of the bank statements. | Plaintiffs cannot be allowed to object to evidence on various grounds and simultaneously seek the full unredacted versions. Plaintiffs should not be allowed to show confidential and inflammatory materials to the jury when they have no relevance to the case. | | |
| 309 | Signed promissory notes from P10 | IC; I (incomplete version of | Plaintiffs are asking that | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | to Zada totaling over $1.655 million | Plaintiffs' Ex. 7. This has an extra cover page that is not a promissory note. Duplicative, but not complete as to 7); M. | Defendants be required to use Plaintiffs exhibit, which combines unsigned unused notes with signed notes. This is improper, as Defendants have not used the unsigned notes for any purpose in this case. | | |
| 310 | Documents describing Giganews | MIL; R; P; F; B; AU; IC; I. | This case is about Dr. Zada's interpretations of certain documents, whether those interpretations are correct or not. The documents at issue were part of the reason Dr. Zada expected Perfect 10 to prevail. They are not offered for truth of matter asserted, and therefore not hearsay; Dr. Zada will confirm on | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---------|-------------|----------------------|----------|-----------------|---------------|
| | | | direct that he read and was aware of such documents during the pendency of the Related Case. | | |
| 311 | Article that Usenet Site agreed to pay MPAA $15 million in 2006 | MIL; R; P; F; H; AU. | This case is about Dr. Zada's interpretations of certain documents, whether those interpretations are correct or not. The documents at issue were part of the reason Dr. Zada expected Perfect 10 to prevail. They are not offered for truth of matter asserted, and therefore not hearsay; Dr. Zada will confirm on direct that he read and was aware of such documents during the pendency of the Related Case. | | |

Fenwick & West LLP
Attorneys at Law

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| 312 | Warning from DOJ that it is unlawful to reproduce copyrighted materials without authorization | MIL; R; P; F; H; AU. | This case is about Dr. Zada's interpretations of certain documents, whether those interpretations are correct or not. The documents at issue were part of the reason Dr. Zada expected Perfect 10 to prevail. They are not offered for truth of matter asserted, and therefore not hearsay; Dr. Zada will confirm on direct that he read and was aware of such documents during the pendency of the Related Case. | | |
| 313 | Congress' definition of a pirate website as offering movies and other obviously pirated materials for | MIL; R; P; F; H; AU. | This case is about Dr. Zada's interpretations of certain documents, whether those interpretations are correct or | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | download | | not. The documents at issue were part of the reason Dr. Zada expected Perfect 10 to prevail. They are not offered for truth of matter asserted, and therefore not hearsay; Dr. Zada will confirm on direct that he read and was aware of such documents during the pendency of the Related Case. | | |
| 314 | International Anti-piracy caucus news release dated May 19th, 2010 stating that copyright holders must be paid for their works | MIL; R; P; F; H; AU. | This case is about Dr. Zada's interpretations of certain documents, whether those interpretations are correct or not. The documents at issue were part of the reason Dr. Zada expected Perfect 10 to prevail. They are not offered for | | |

95

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | | truth of matter asserted, and therefore not hearsay; Dr. Zada will confirm on direct that he read and was aware of such documents during the pendency of the Related Case. | | |
| 315 | Comparison of full length movies offered by Giganews vs. Megaupload (Related Case Docket No. 508-2.) | MIL; R; P; F; H; AU; M. | This case is about Dr. Zada's interpretations of certain documents, whether those interpretations are correct or not. The documents at issue were part of the reason Dr. Zada expected Perfect 10 to prevail. They are not offered for truth of matter asserted, and therefore not hearsay; Dr. Zada will confirm on direct that he created such | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | | documents and was therefore fully aware of them during the pendency of the Related Case. | | |
| 316 | Examples of unlicensed movies, TV shows, and songs, offered by Giganews introduced into evidence in Related Case | MIL; R; P; F; AU; M; ND. | This case is about Dr. Zada's interpretations of certain documents, whether those interpretations are correct or not. The documents at issue were part of the reason Dr. Zada expected Perfect 10 to prevail. Whether there were actually movies being offered by Giganews is irrelevant, as long as Dr. Zada believed that there were. The documents in dispute are not offered for truth of matter asserted, and therefore not hearsay; Dr. Zada will | | |

Fenwick & West LLP
Attorneys at Law

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | | confirm on direct that he read and was aware of such documents during the pendency of the Related Case. | | |
| 317 | Examples of infringement of music on Giganews server containing the term "bootleg" in the title | MIL; R; P; F; AU; M; ND. | This case is about Dr. Zada's interpretations of certain documents, whether those interpretations are correct or not. The documents at issue were part of the reason Dr. Zada expected Perfect 10 to prevail. Whether there were actually thousands of pirated songs being offered by Giganews is irrelevant, as long as Dr. Zada believed that there were. The documents in dispute are not offered for truth of matter | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---------|-------------|----------------------|----------|-----------------|---------------|
| | | | asserted, and therefore not hearsay; Dr. Zada will confirm on direct that he read and created such documents and was therefore aware of such documents during the pendency of the Related Case. | | |
| 318 | Takedown notices to Giganews from Warner Brothers, HBO, and Lionsgate | MIL; R; P; F; AU; I; IC; M; B. | This case is about Dr. Zada's interpretations of certain documents, whether those interpretations are correct or not. The documents at issue were part of the reason Dr. Zada expected Perfect 10 to prevail. Whether there were actually thousands of pirated movies and TV series being offered by Giganews is | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | | irrelevant, as long as Dr. Zada believed that there were. The documents in dispute are not offered for truth of matter asserted, and therefore not hearsay; Dr. Zada will confirm on direct that he read and was aware of such documents during the pendency of the Related Case. | | |
| 319 | Movies and TV shows that Giganews continued to offer on its server despite repeated notice | MIL; R; P; F; AU; IC; M. | This case is about Dr. Zada's interpretations of certain documents, whether those interpretations are correct or not. The documents at issue were part of the reason Dr. Zada expected Perfect 10 to prevail, as they showed that Giganews was | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---------|-------------|----------------------|----------|-----------------|---------------|
| | | | clearly, in Dr. Zada's view, engaged in blatant criminal copyright infringement. Based on everything that Dr. Zada knew, people engaged in obvious criminal activity don't win lawsuits, let alone get awarded attorneys fees. Dr. Zada will confirm on direct that he created such documents during the pendency of the Related Case, and was thus very aware of them. | | |
| 320 | Judge Birotte (while U.S. Attorney) issues press release regarding the jailing of Gilberto Sanchez for a | MIL; R; P; AU; F; H. | This is highly relevant to Dr. Zada's expectations that Perfect 10 would prevail. The validity of the press release is irrelevant. What | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | year for uploading one copy of X men origins, wolverine to megaupload.com servers | | is relevant is that Dr. Zada read it and believed it. From Dr. Zada's standpoint, Giganews was profitting from the efforts of thousands of uploaders like Mr. Sanchez. The press release showed that the government viewed such uploaders as criminals. To Dr. Zada, that meant that Giganews was engaged in a criminal conspiracy to infringe copyright, as it was profiting from the uploading efforts of thousands of similar criminals. The disputed document is not offered for truth of matter asserted, and is | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | | therefore not hearsay. | | |
| 321 | Documents showing Giganews offered many copies of X men origins, wolverine in 2014 | MIL; R; P; F; AU; IC; M; B. | This is highly relevant to Dr. Zada's expectations that Perfect 10 would prevail. X Men Origins was the same movie that Gilberto Sanchez was jailed for a year for uploading to megaupload.com servers. Whether Giganews was actually offering multiple pirated copies of that movie is irrelevant. What is relevant is that Dr. Zada believed Giganews was, which in Dr. Zada's mind, meant that Giganews was engaged in obvious criminal copyright infringement and would thus | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---------|-------------|----------------------|----------|-----------------|---------------|
| | | | certainly lose the related case. | | |
| 322 | Email from Giganews subscriber advising Giganews that almost everything it offered was pirated | MIL; R; P; F; I; AU; M; H. | Again, what matters is what Dr. Zada thought when he saw the disputed document, not whether the document is authentic or truthful. The disputed document is not offered for truth of matter asserted, and is therefore not hearsay; Dr. Zada will confirm on direct that he was aware of the document during pendency of the Related Case. | | |
| 323 | E-mail from a Giganews subscriber saying that virtually everything offered by Giganews was stolen | MIL; R; P; F; I; AU; M; H. | Again, what matters is what Dr. Zada thought when he saw the disputed document, not whether the document is authentic or truthful. The | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | | disputed document is not offered for truth of matter asserted, and is therefore not hearsay; Dr. Zada will confirm on direct that he was aware of the document during pendency of the Related Case. | | |
| 324 | Excerpts from Dr. Zada's 4/24/14 deposition | MIL; R; P; I; H; ND. | It is hard to understand the basis for Plaintiffs' objections when they cite to multiple portions of that same deposition in their deposition designations. Dr. Zada's testimony during the pendency of the related case is highly relevant in supporting consistent testimony he will provide at trial; this evidence is | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | | therefore not used to prove the truth of the matters asserted by Dr. Zada during his deposition, but to prove that his mental state has been consistent throughout both the Related Case and this case. | | |
| 325 | Excerpts from Dr. Zada's 6/30/14 deposition | MIL; R; P; I; H; ND. | It is hard to understand the basis for Plaintiffs' objections when they cite to multiple portions of that same deposition in their deposition designations. Dr. Zada's testimony during the pendency of the related case is highly relevant in supporting consistent testimony he will provide at trial; this evidence is therefore not | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | | used to prove the truth of the matters asserted by Dr. Zada during his deposition, but to prove that his mental state has been consistent throughout both the Related Case and this case. | | |
| 326 | Rosenblatt Declaration from Related Case | MIL; R; P; I; B. | Mr. Rosenblatt testified in his declaration that Perfect 10 could easily write a program to automatically create DMCA notices with machine readable Message-IDs, but then admitted in his deposition that he had no idea how to do that and was not a competent programmer. It is absolutely essential to a fair resolution of this case, that Defendants be | | |

Fenwick & West LLP
Attorneys at Law

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---------|-------------|----------------------|----------|-----------------|---------------|
| | | | allowed point out such inconsistencies to the jury between the declarations submitted by Giganews and their deponent's deposition testimony. Such evidence supports Dr. Zada's testimony that he expected Perfect 10 would win in part because he could prove that Giganews' declarants had filed false and misleading declarations with the Court. | | |
| 327 | Documents showing that Message-IDs are incomprehensible, unsearchable, and do not prove the infringing content was | MIL; R; P; F; AU; I; IC; M; B. | Such evidence explains in part why Perfect 10 expected to win the Related Case and is consistent with Professor Robert Lind's opinion that the Perfect 10 DMCA notice | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | ever on Giganews's servers or when | | he examined was DMCA-compliant whereas Giganew's Message-ID requirements were "contrary to the statutory notice and takedown provisions as described in §512(c)(3)." Lind Report p. 12 (Conclusion). | | |
| 328 | Documents showing notices similar to notice sent to Giganews in Related Case were processed by other Usenet Operators | MIL; R; P; H; AU; M; I (including improper redactions); ND. | Such evidence explains in part why Perfect 10 expected to win the Related Case. If other Usenet Operators were able to process Perfect 10's notices, then they must have been sufficient to allow the Usenet Operator to locate the allegedly infringing material. These documents are relevant to Dr. | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | | Zada's mental state re Perfect 10's prospects for winning the Related Case; they are not offered for the truth of the matter asserted, and therefore not hearsay; Dr. Zada will confirm on direct that he created the notices at issue and was fully aware that other Usenet Operators processed them. | | |
| 329 | Perfect 10 notices processed by Facebook and Yahoo | MIL; R; P; H; AU; M; I (including improper redactions); ND. | This evidence simply supports Dr. Zada's beliefs and testimony that Perfect 10's notices were DMCA compliant and were not intentionally deficient as Plaintiffs claimed. The notices and the fact that they | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | | were quickly processed are certainly not hearsay, as Dr. Zada created the notices and sent them out, and created the exhibits showing they were processed. These documents are relevant to Dr. Zada's mental state re Perfect 10's prospects for winning the Related Case; they are not offered for the truth of the matter asserted, and therefore not hearsay; Dr. Zada will confirm on direct that created the notices at issue and was fully aware that Facebook and Yahoo had processed them. | | |
| 330 | Email exchange with Dr. Zada's | MIL; R; P; AU; F; H; B. | Relevant to Dr. Zada's mental state re Perfect | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | father dated 2/11/2014 | | 10's prospects of winning the Related Case; not offered for truth of matter asserted, and therefore not hearsay. | | |
| 331 | RIAA Amicus brief filed in support of Perfect 10's appeal to the Ninth Circuit | MIL; R; P; F; B; H. | The RIAA Amicus brief is highly relevant because the arguments made by the RIAA in its Amicus Brief largely match the arguments made by Perfect 10 before the District Court. For example, both Perfect 10 and the RIAA make the argument that automation is not a defense against direct copyright infringement. If the RIAA, who is an acknowledged expert on copyright, believed that Perfect 10 | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | | should have won the Related Case, and Perfect 10 made the same arguments, then it is completely reasonable that Perfect 10 expected to win as well. Furthermore, it could not have been "reasonably apparent" early on, as Plaintiffs contend, that Perfect 10 or anyone else would have expected Perfect 10 to lose. | | |
| 332 | MPAA Amicus brief filed in support of Perfect 10's appeal to the Ninth Circuit | MIL; R; P; F; B; H. | The MPAA Amicus brief is highly relevant because the arguments made by the MPAA regarding direct financial benefit, largely match the arguments made by Perfect 10 before the District Court. The MPAA | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | | must get all six movie studios to vote in favor of submitting any Amicus brief. That means, among other things, that Perfect 10's lawsuit could not have been objectively unreasonable, if all six studios would vote in favor of supporting a creator of adult images. Because attorney's fees have rarely been awarded when the underlying case was objectively reasonable, that is yet more evidence supporting Dr. Zada's claim that he never expected a fee award in the Related Case. | | |
| 333 | Certified translation of Frankfurt Main | MIL; R; P; F; AU; H. | That Usenet Operators who have enchanged | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | Attorney General's Office release regarding arrests of Usenet Operators, dated 11/10/2017 | | content with Giganews have been arrested, is highly relevant, as it supports Dr. Zada's ongoing belief that Giganews is involved in massive criminal copyright infringement, and never should have won the Related Case, yet alone been granted fees. | | |
| 334 | News articles regarding the German arrests | MIL; R; P; F; H; IC. | That Usenet Operators who have enchanged content with Giganews have been arrested, is highly relevant, as it supports Dr. Zada's ongoing belief that Giganews is involved in massive criminal copyright infringement, and never should have won the Related Case, | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---------|-------------|----------------------|----------|-----------------|---------------|
| | | | yet alone been granted fees. | | |
| 335 | Evidence that Giganews copied content from Usenet Operators who were arrested in Europe | MIL; R; P; F; AU. | That Usenet Operators who have enchanged content with Giganews have been arrested, is highly relevant, as it supports Dr. Zada's ongoing belief that Giganews is involved in massive criminal copyright infringement, and never should have won the Related Case, yet alone been granted fees. | | |
| 336 | Excerpts of email exchange with Jason Gull of the DOJ, dated, 7/23/2018 | MIL; R; P; I; AU; H; I. | That a senior official of the Justice Department spent 90 minutes speaking to Dr. Zada, and asked him to help DOJ criminally prosecute Giganews, simply confirms Dr. Zada's testimony that | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | | he believed that Giganews was unquestionably involved in massive criminal copyright infringement, and never should have won the Related Case, let alone been awarded fees. | | |
| 337 | Lani Hicks documents showing Perfect 10 attempt to buy 1 mil plus film in November 2014 | MIL; R; P; AU; F; H; B; IC. | This is positive proof that Perfect 10 expected to win as Dr. Zada would never have considered buying more than $1 million in new film if Perfect 10 anticipated a loss. | | |
| 338 | Documents showing Fantasy Records revenues | MIL; R; P; F; H; AU; I; B. | Relevant to Dr. Zada's mental state re Plaintiffs' receiving an attorney fee award in the Related Case; not offered for truth of matter asserted, and | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | | therefore not hearsay; Dr. Zada will confirm on direct that he was aware that Fantasy records could easily pay the award that was granted during pendency of the Related Case. | | |
| 339 | Documents showing Mattel Revenues | MIL; R; P; F; H; AU; I; B. | Relevant to Dr. Zada's mental state re Plaintiffs' receiving an attorney fee award in the Related Case; not offered for truth of matter asserted, and therefore not hearsay; Dr. Zada will confirm on direct that he was aware during the pendency of the related case, that Mattel's revenues were much greater than the award it | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | | was ordered to pay. | | |
| 340 | Giganews, Inc.'s responses to Defendant Perfect 10, Inc.'s Special Interrogatories, Set One | M; R; I; ND. | These response are highly relevant because Perfect 10 and Dr. Zada asked Giganews to identify cases where a Usenet Operator won, or where a fee exceeding the losers' yearly sales was awarded, and related requests, and Giganews refused to provide any cases at all for any of the requests. Unless Giganews can provide a case where a fee award against a copyright holder exceeded the copyright holders yearly sales (which it apparently cannot), it should not be allowed to contend that | | |

Fenwick & West LLP
Attorneys at Law

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | | Perfect 10 could have reasonably expected to be ordered to pay a fee award that was more than 140 times sales. | | |
| 341* | Locke Declaration from Related Case listing cases where fees were sought | MIL; R; P; I; F; H; AU; IC; improper expert opinion. | The Locke Declaration supports Dr. Zada's testimony and belief that fees had never previously been awarded to parties who used other's people property for commercial gain. The document is not being offered for the truth of the matter asserted, and therefore not hearsay. Dr. Zada will confirm on direct that he was familiar with the general basis on which fees could be awarded, based on Perfect 10's successful | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | | defense against fee motions in the past. | | |
| 342* | MPAA Amicus brief in Spanski case | MIL; R; P; F; H; B. | The MPAA Amicus brief in Spanski s highly relevant because the arguments made by the MPAA regarding direct infringement liability largely match the arguments made by Perfect 10 before the District Court. For example, both Perfect 10 and the MPAA make the argument that automation is not a defense against direct copyright infringement. If the MPAA, who is an acknowledged expert on copyright, believed that Perfect 10 should have won the Related | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | | Case, then it is completely reasonable that Perfect 10 expected to win as well. Furthermore, it could not have been "reasonably apparent" early on, as Plaintiffs contend, that Perfect 10 or anyone else would have expected Perfect 10 to lose. | | |
| 343* | DOJ brief in Spanski | MIL; R; P; F; H; B. | The DOJ and Copyright Office Amicus brief in Spanski is highly relevant because the arguments made by the DOJ and the Copyright Office regarding direct infringement liability largely match the arguments made by Perfect 10 before the District Court. For example, | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---------|-------------|----------------------|----------|-----------------|---------------|
| | | | both Perfect 10 and the DOJ/Copyright Office make the argument that copyright infringement is essentially a strict liability tort. What that means, is that the only issue is whether a copy was made without the permission of the copyright holder. It doesn't matter whether the copy was made in an automated way, or whether everything was copied at once, including the allegedly infringing copy (content neutral copying). The District Court and the Ninth Circuit seemed to feel that automated copying was inactionable, as | | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---------|-------------|----------------------|----------|-----------------|---------------|
| | | | was copying a large number of unauthorized works at the same time. Perfect 10 and the DOJ and Copyright Office disagreed, as did the RIAA and MPAA. The bottom line is that the DOJ/Copyright Office Amicus brief is further evidence that it was not at all apparent that Perfect 10 would lose the Related Case. | | |
| 344* | Email regarding flood in P10 basement, dated October 18, 2014 | R; H. | Relevant to reasons why unsigned promissory notes and repayment notes were probably drafted. | | |
| 345 | Files suggestive of child pornography offered by Giganews in | MIL; R; P; AU; F; M. | Relevant to Dr. Zada's mental state re Perfect 10's prospects of winning the Related Case; | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | 2014 | | not offered for truth of matter asserted, and therefore not hearsay; Dr. Zada will confirm on direct that he was aware of such files being offered by Giganews during the pendency of the Related Case. | | |
| 346* | 6 page multi color production log provided to Plaintifs in Related Case | MIL; R; P. | This will only be relevant if the jury is allowed to see the denied and vacated sanctions order or related allegations. In that event, Defendants should have the right to challenge the accuracy of that denied and vacated order. That challenge will in part note that Defendants provided almost 30 times as much discovery, | | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Fenwick & West LLP
Attorneys at Law

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | | along with a six page multi-colored log. Plaintiffs have a truncated log (1 ½ pages) which is of low resolution in their exhibits as Ex. 253. If any production log is provided to the jury, it should be the higher resolution version. | | |
| 347* | Laven Decl. stating Giganews's production was defective | MIL; R; P; F. | This will only be relevant if the jury is allowed to see the denied and vacated sanctions order or related allegations. In that case, Defendants should have the right to challenge the accuracy of that denied and vacated order. That challenge will in part note that Defendants provided almost 30 times as | | |

Fenwick & West LLP
Attorneys at Law

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | | much discovery, and that Plaintiffs production was deficient as explained in Mr. Laven's declaration, of which Dr. Zada was fully aware. | | |
| 348* | Related Case response to Giganews RFP No. 2, containing 33 pages list of websites that infringed Perfect 10's content | MIL; R; P; F; H; ND; I. | This will only be relevant if the jury is allowed to see the denied and vacated sanctions order or related allegations. In that case, Defendants should have the right to challenge the accuracy of that denied and vacated order. That challenge will in part note the amount of work that Defendants did to create the 33 page list of websites that infringed Perfect 10's content shown in the | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | | disputed RFP response. These documents are relevant to Dr. Zada's mental state re Perfect 10's prospects for winning the Related Case; they are not offered for the truth of the matter asserted, and therefore not hearsay; Dr. Zada will confirm on direct that he created the response to RFP No. 2. | | |
| 349* | Perfect 10 response to second set of interrogatories in Related Case | MIL; R; P; F; H; ND. | This will only be relevant if the jury is allowed to see the denied and vacated sanctions order or related allegations. In that instance, Defendants should have the right to challenge the accuracy of that denied and vacated order. | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | | That challenge will in part note the amount of work that Defendants did to respond to the second set of interrogatories in the Related Case.own in the disputed RFP response. These documents are relevant to Dr. Zada's mental state re Perfect 10's prospects for winning the Related Case; they are not offered for the truth of the matter asserted, and therefore not hearsay; Dr. Zada will confirm on direct that he wrote the interrogatory responses at issue. | | |
| 350* | Discovery to Eileen Koch in Related Case | MIL; R; P; B. | This will only be relevant if the jury is allowed to see the denied and vacated | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

Fenwick & West LLP
Attorneys at Law

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | | sanctions order or related allegations. In that instance, Defendants should have the right to challenge the accuracy of that denied and vacated order, and show the extent to which Plaintiffs heeped abusive discovery requests on Perfect 10's former publicity agent, who had not worked for Perfect 10 for seven years. | | |
| 351* | Perfect 10 objections to interim sanctions order in Related Case (Dkt. 681.) | MIL; R; P; F; H. | This will only be relevant if the jury is allowed to see the denied and vacated sanctions order or related allegations. In that instance, Defendants should have the right to challenge the accuracy of that | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | | denied and vacated order. | | |
| 352* | List of repeat infringers of Perfect 10 content in Related Case | MIL; R; P; F; H; AU; IC; improper expert opinion. | This will only be relevant if the jury is allowed to see the denied and vacated sanctions order or related allegations. In that instance, Defendants should have the right to challenge the accuracy of that denied and vacated order, and show, for example, that Plaintiffs failed to provide the real identities of parties who were alleged to have infringed Perfect 10's copyrights, as shown by the disputed exhibit. These documents are relevant to Dr. Zada's mental state re Perfect 10's prospects for winning the Related Case; | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | | they are not offered for the truth of the matter asserted, and therefore not hearsay; Dr. Zada will confirm on direct that he create the list of repeat infringers at issue. | | |
| 353* | Perfect 10 response to third set of interrogatories in Related Case | MIL; R; P; F; H; ND. | This interrogatory response proves a that Perfect 10 did in fact provide Giganews with over 39,000 pages of full message headers which contained close to 54,000 machine readable Message-IDs, at P-FH000001-39771. Giganews submitted a false declaration by Philip Molter (see in particular Dkt. 442, ¶ 39), where he lied about this fact. | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---------|-------------|----------------------|----------|-----------------|---------------|
| | | | In retrospect, that lie may very well have won the Related Case for Giganews. These documents are relevant to Dr. Zada's mental state re Perfect 10's prospects for winning the Related Case; they are not offered for the truth of the matter asserted, and therefore not hearsay; Dr. Zada will confirm on direct that he wrote Perfect 10's interrogatory responses. | | |
| 354* | Zada Decl. in opposition to attorneys fee motion in Related Case showing examples of the 54,000 machine readable Message-IDs | MIL; R; P; M; H. | This is another critical piece of evidence that Perfect 10 did in fact provide Giganews with 54,000 machine readable Message-IDs which Giganews lied about. (See | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---------|-------------|----------------------|----------|-----------------|---------------|
| | provided by Perfect 10 to Giganews in June 2014, which Giganews did not process | | Dkt. 442, ¶ 39.) The evidence is clearly not hearsay as Dr. Zada created all of the machine readable Message-IDs and provided them to Fenwick and West. | | |
| 355* | Additional examples of the 54,000 machine readable Message-IDs that were provided to Giganews in June of 2014 | MIL; R; P; AU; F; ND. | This is just more evidence that Fenwick and West deponents, as well as Fenwick and West attorneys, grossly misled the Court. The Court can search the sample message-IDs provided in the exhibit to see that they are completely machine readable. In other words, Giganews actually had all the machine readable message-IDs it requested, it just | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---------|-------------|----------------------|----------|-----------------|---------------|
| | | | never processed them. | | |
| 356* | Davis declaration detailing lies told by Giganews deponents | MIL; R; P; M; I; H; F. | Yet more reasons why Dr. Zada expected that Perfect 10 would win the Related Case. Such evidence is not hearsay because Dr. Zada attended the depositions and was very aware of the content of Giganews's declarations. | | |
| 357* | Molter Declarations in Related Case (Dkt. 442) | MIL; R; P; I; B; H; F; AU. | These declarations are highly relevant to Dr. Zada's mental state, because Dr. Zada knew that Molter's deposition testimony conflicted with the declarations Molter submitted to the Court. Dr. Zada expected Perfect 10 would win easily in part | | |

Fenwick & West LLP
Attorneys At Law

Fenwick & West LLP
Attorneys at Law

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | | because he believed that Perfect 10 could readily demonstrate that Giganews's witnesses filed multiple false and misleading declarations with the Court. These documents are relevant to Dr. Zada's mental state re Perfect 10's prospects for winning the Related Case; they are not offered for the truth of the matter asserted, and therefore not hearsay; Dr. Zada will confirm on direct that was fully aware of these declarations during pendency of the Related Case. | | |
| 358* | Ron Yokubaitis Declaration | MIL R; P. | This declaration is highly relevant to Dr. Zada's mental | | |

Fenwick & West LLP
Attorneys at Law

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---------|-------------|----------------------|----------|-----------------|---------------|
| | | | state, because Dr. Zada knew that Mr. Yokubaitis' deposition testimony conflicted with his declarations. Dr. Zada expected Perfect 10 would win easily in part because he believed that Perfect 10 could demonstrate that Giganews's witnesses filed multiple false and misleading declarations with the Court. | | |
| 359* | Excerpts of Perfect 10 expert Professor Douglas Tygar declarations which contend that Giganews copies content and that Perfect 10's notices were compliant | MIL; R; P; I. | Relevant to Dr. Zada's mental state re Perfect 10's prospects of winning the Related Case; not offered for truth of matter asserted, and therefore not hearsay; Dr. Zada will confirm on direct that he read this during | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | | pendency of the Related Case. | | |
| 360* | Ron Youkubaitis emails saying Giganews has 145 employees which contradicts his deposition testimony | MIL; R; P. | The document is highly relevant to Dr. Zada's expectation that Perfect 10 would win. When Mr. Yokubaitis was deposed, he testified that he did not know if Giganews had more than 20 employees. | | |
| 361 | Amended Perfect 10 tax return | IC (same Bates ranges carrying different docket stamps; duplicative of Plaintiffs' Ex. 177) | Plaintiffs want to include portions of Perfect 10's return that Defendants believe are irrelevant. | | |
| 362 | Expert report issued by Professor Lichtman | MIL; R; P; H. | Professor Lichtman's report supports Dr. Zada's testimony that he expected Perfect 10 to win the Related Case and that it was not "reasonably apparent" that Perfect 10 would | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | | lose the Related Case. | | |
| 363 | Expert report issued by Professor Lind | MIL; R; P; H. | Professor Lind's report states that the Perfect 10 notice he examined was DMCA compliant, and also states that Giganew's Message-ID requirements were "contrary to the statutory notice and takedown provisions as described in §512(c)(3)." Lind Report p. 12 (Conclusion). This report is critically important and highly relevant because it supports Dr. Zada's contention that he believed that Perfect 10's DMCA notices were compliant and Message-IDs were not. The report also | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

Fenwick & West LLP
Attorneys at Law

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | | supports Dr. Zada's contention that Fenwick and West won the case by submitting multiple false and misleading declarations written by Fenwick and West attorneys which substantially misled the Court. | | |
| 364 | Notice Professor Lind Reviewed and opined was DMCA compliant which Giganews belatedly processed | MIL; R; P; M. | The notice is highly relevant because Professor Lind opined that it was DMCA compliant and the notice is similar to most of the other notices that Perfect 10 sent to Giganews. This supports Dr. Zada's testimony that he fully expected that | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | | Perfect 10 would win the case. | | |
| 365 | Cooper Expert Report | MIL; R; P; H. | Relevant to reasonably equivalent value received by Perfect 10 from Dr. Zada and to rebut assertions made by Steven Boyles | | |
| 366 | Misc financial documents | IC; I. | Relevant to various transfers and other financial issues. | | |
| 367* | Tax documents showing Zada had no income to offset by Perfect 10 losses | R; I; B. | This document will be needed if Defendants are unsuccessful in their Motion in Limine to prevent the jury from hearing certain findings in the fee award that Defendants strenuously disagree with, in particular, the finding that Dr. Zada benefitted from Perfect 10's losses, a finding which was simply not | | |

Fenwick & West LLP
Attorneys at Law

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | | correct and based on misleading statements made by Plaintiffs. | | |
| 368 | Order denying alter ego motion in Related Case (Dkt. 734) | R; P; B. | This order is relevant to the issue of whether Perfect 10 was able to pay reasonably expected debts as they became due. | | |
| 369 | Excerpts from Ninth Circuit ruling in appeal of Related Case | MIL; I. | This order is relevant to the issue of whether Perfect 10 was able to pay reasonably expected debts as they became due. | | |
| 370 | Bank of America Account (ending in 0277) statements from March 2015 through August 2018 | No objections. | n/a | | |
| 371* | Chaney related | R; P; B; H; IC; I (including | This evidence will be needed to | | |

Fenwick & West LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | improper redactions); AU; Fed. R. Civ. P. 5.2; ND | refute Ms. Chaney's testimony if Ms. Chaney is allowed to testify or portions of her video are played to the jugy. | | |
| 372 | 01/10/2019 N. Zada Quickbooks Find Report | R; P; IC; AU; M; ND | No response served. | | |
| 373 | 09/08/2014 [Dkt. 436] Perfect 10's Opposition to Defendants' Motion for Partial Summary Judgment of No Direct Infringement, Case No. 2:11-cv-07098 | R; P; MIL; FUS; ND; AU | This document is needed to demonstrate that Perfect 10's arguments in the Related Case were similar to the arguments made by the RIAA, MPAA, DOJ and Copyright Office before the Ninth Circuit and/or in the D.C. Appelate court in *Spanski*. In other words, it demonstrates that it was not "reasonably | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | | apparent" to either the RIAA, MPAA, DOJ, or Copyright Office that Perfect 10 would lose the Related Case. These documents are relevant to Dr. Zada's mental state re Perfect 10's prospects for winning the Related Case; they are not offered for the truth of the matter asserted, and therefore not hearsay; Dr. Zada will confirm on direct that he co-drafted Perfect 10's opposition. | | |
| 374 | 10/06/2014 [Dkt. 536] Perfect 10's Opposition to Defendants' Motion for Partial Summary Judgment of No Indirect Infringement, | R; P; MIL; FUS; ND; AU | This document is needed to demonstrate that Perfect 10's arguments in the Related Case, were similar to the arguments made by the RIAA, and MPAA, before | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---------|-------------|----------------------|----------|-----------------|---------------|
| | Case No. 2:11-cv-07098 | | the Ninth Circuit as well as Professor Lichtman in his expert report. In other words, it demonstrates that it was not "reasonably apparent" to either the RIAA, MPAA, or Professor Lichtman, that Perfect 10 would lose the Related Case. These documents are relevant to Dr. Zada's mental state re Perfect 10's prospects for winning the Related Case; they are not offered for the truth of the matter asserted, and therefore not hearsay; Dr. Zada will confirm on direct that he co-drafted Perfect 10's opposition. | | |
| 375 | 10/20/2014 [Dkt. 550] | R; P; MIL; ND; | This document is needed to | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | Perfect 10's Opposition to Motion for Partial Summary Judgment on Inadequacy of Perfect 10's Notices Under the Section 512 Safe Harbor, Case No. 2:11-cv-07098 | AU; M | demonstrate that Perfect 10's arguments in the Related Case, were similar to the opinions expressed by Professor Robert Lind. These documents are relevant to Dr. Zada's mental state re Perfect 10's prospects for winning the Related Case; they are not offered for the truth of the matter asserted, and therefore not hearsay; Dr. Zada will confirm on direct that he co-drafted Perfect 10's opposition. | | |
| 376 | 01/12/2015 [Dkt. 650] Perfect 10's Opposition to Motion for Award of Attorney's Fees and Expenses | ND; R; P; MIL | This document will support Dr. Zada's testimony as to why Perfect 10 did not expect to be ordered to pay any of Giganews's attorneys fees. | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | | These documents are relevant to Dr. Zada's mental state re Perfect 10's prospects for winning the Related Case; they are not offered for the truth of the matter asserted, and therefore not hearsay; Dr. Zada will confirm on direct that he co-drafted Perfect 10's Opposition. | | |
| 377 | Beverly Park Images | This is an irrelevant document which will simply mislead the jury into overestimating Dr. Zada's net worth. It is also hearsy, its origin and provenance are not explained and it is thus inadmissible because it isnot authorized or properly | Relevant to show nature of Perfect 10's business and its associated expenses and finances, which is relevant to reasonable expenses for solvency analysis; trial witnesses will authenticate; exhibit is not testimonial in nature/includes no "statements" | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---------|-------------|----------------------|----------|-----------------|---------------|
| | | identified. It was also not produced by Plaintiffs in discovery and is thus inadmissible. (FRE 402, 403, 802, 901, see also MIL #3, 6) | and therefore is not offered for the truth of any matter asserted. | | |
| 378 | Norfield Court Images | This is an irrelevant document which will simply mislead the jury into overestimating Dr. Zada's net worth. It is also hearsay, its origin and provenance are not explained and it is thus inadmissible because it isnot authorized or properly identified. It was also not produced by Plaintiffs in discovery and is thus inadmissible. (FRE 402, 403, | Relevant to show nature of Perfect 10's business and its associated expenses and finances, which is relevant to reasonable expenses for solvency analysis; trial witnesses will authenticate; exhibit is not testimonial in nature/includes no "statements" and therefore is not offered for the truth of any matter asserted. | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---------|-------------|-----------------------|----------|-----------------|---------------|
| | | 802, 901, see also MIL #3, 6) | | | |
| 379 | 3/17/2014 Related Dkt. No. 223, Order re Motion to Compel | This document is completely irrelevant and will be incomprehensible to the jury as the interrogatory and document requests that are ordered are not listed. Plaintiffs seek to improperly use such incomprehensible and irrelevant materials for one purpose and one purpose only, to smear Dr. Zada. If such materials are allowed to be shown to the jury, Defendants will be forced to spend substantial time proving to the jury that it was in fact Plaintiffs who were guilty of discovery violations, not | Relevant to determining fraudulent intent and whether Defendants should have had a reasonable belief that Perfect 10 would incur a debt beyond its ability to pay; offered to prove that the threat of a significant discovery sanction was known to Zada early in the case. | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---------|-------------|----------------------|----------|-----------------|---------------|
| | | Defendants. See MIL #3. | | | |
| 380 | 4/24/2017 Related Dkt. No. 254, Order re Motion to Compel | This document is completely irrelevant and will be incomprehensible to the jury as the interrogatory and document requests that are ordered are not listed. Plaintiffs seek to improperly use such incomprehensible and irrelevant materials for one purpose and one purpose only, to smear Dr. Zada. If such materials are allowed to be shown to the jury, Defendants will be forced to spend substantial time proving to the jury that it was in fact Plaintiffs who were guilty of discovery violations, not | Relevant to determining fraudulent intent and whether Defendants should have had a reasonable belief that Perfect 10 would incur a debt beyond its ability to pay; offered to prove that the threat of a significant discovery sanction was known to Zada early in the case. | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---------|-------------|----------------------|----------|-----------------|---------------|
| | | Defendants. See MIL #3. | | | |
| 381 | 6/5/2014 Related Dkt. No. 312, Order re Motion to Compel | This document is completely irrelevant and will be incomprehensible to the jury as the interrogatory and document requests that are ordered are not listed. Plaintiffs seek to improperly use such incomprehensible and irrelevant materials for one purpose and one purpose only, to smear Dr. Zada. If such materials are allowed to be shown to the jury, Defendants will be forced to spend substantial time proving to the jury that it was in fact Plaintiffs who were guilty of discovery violations, not | Relevant to determining fraudulent intent and whether Defendants should have had a reasonable belief that Perfect 10 would incur a debt beyond its ability to pay; offered to prove that the threat of a significant discovery sanction was known to Zada early in the case. | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | Defendants. See MIL #3. | | | |
| 382 | 6/23/2014 Related Dkt. No. 326, Order re Motion to Compel | This document is completely irrelevant and will be incomprehensible to the jury as the interrogatory and document requests that are ordered are not listed. Plaintiffs seek to improperly use such incomprehensible and irrelevant materials for one purpose and one purpose only, to smear Dr. Zada. If such materials are allowed to be shown to the jury, Defendants will be forced to spend substantial time proving to the jury that it was in fact Plaintiffs who were guilty of discovery violations, not | Relevant to determining fraudulent intent and whether Defendants should have had a reasonable belief that Perfect 10 would incur a debt beyond its ability to pay; offered to prove that the threat of a significant discovery sanction was known to Zada early in the case. | | |

Fenwick & West LLP
Attorneys At Law

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---------|-------------|----------------------|----------|-----------------|---------------|
| | | Defendants. See MIL #3. | | | |
| 383 | 11/14/2014 Related Dkt. No. 619, Order Granting Defendants' Motion for Partial Summary Judgment on the Issue of Direct Copyright Infringement | No objection. | n/a | | |
| 384 | 11/14/2014 Related Dkt. No. 620, Order Granting Defendants' Motion for Partial Summary Judgment on the Issue of InDirect Copyright Infringement | No objection. | n/a | | |
| 385 | 11/26/2014 Related Dkt. No. 628, Judgment in Favor of Giganews and | No objections. | n/a | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | Livewire | | | | |
| 386 | 3/6/2015 Related Dkt. No. 682, Order Denying Plaintiff's Motion for Reconsideration | No objections. | n/a | | |
| 387 | 3/24/2015 Related Dkt. No. 686, Amended Order Granting Defendants' Motion for Attorney's Fees and Costs | Certain findings in this order are demonstrably false or hotly contested and will bias the jury. (FRE 402, 403, see MIL # 8) | Relevant to determining fraudulent intent and whether Defendants should have had a reasonable belief that Perfect 10 would incur a debt beyond its ability to pay; Plaintiffs are collaterally estopped from challenging the Court's ruling; any inflammatory effect on the jury would be legitimate as the misconduct described is directly relevant to the claims in | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---------|-------------|----------------------|----------|-----------------|---------------|
| | | | the case. | | |
| 388 | 1/23/2017 *Perfect 10, Inc. v. Giganews, Inc., et al.*, D.C. Nos. 15-55500, -55523, Opinion (9th Cir.) | No objections. | n/a | | |
| 389 | 9/14/2018 Defendants' Motion for Summary Judgment (Dkt. 67) | Plaintiffs are improperly seeking to put Defendants' pleading before the jury and then note that the Court rejected them. Such pleadings are irrelevant, and will likely confuse and bias the jury. See MIL #3) | Statements in the document are relevant to show fraudulent intent, specifically Zada's shifting explanations for his reasons for the transfers. | | |
| 390 | 11/30/2018 Defendants' Reply in Support of Motion for Summary Judgment (Dkt. 121) | Plaintiffs are improperly seeking to put Defendants' pleading before the jury and then note that the Court rejected them. Such pleadings are irrelevant, and | Statements in the document are relevant to show fraudulent intent, specifically Zada's shifting explanations for his reasons for the transfers. | | |

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | will likely confuse and bias the jury. See MIL #3) | | | |
| 391 | 9/5/2017 Defendants' Motion to Dismiss (Dkt. 12) | Plaintiffs are improperly seeking to put Defendants' pleading before the jury and then note that the Court rejected them. Such pleadings are irrelevant, and will likely confuse and bias the jury. See MIL #3) | Statements in the document are relevant to show fraudulent intent, specifically Zada's shifting explanations for his reasons for the transfers. | | |
| 392 | 10/6/2017 Defendants' Reply in Support of Motion to Dismiss (Dkt. 19) | Plaintiffs are improperly seeking to put Defendants' pleading before the jury and then note that the Court rejected them. Such pleadings are irrelevant, and will likely confuse and bias the jury. See MIL #3) | Statements in the document are relevant to show fraudulent intent, specifically Zada's shifting explanations for his reasons for the transfers. | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---------|-------------|----------------------|----------|-----------------|---------------|
| 393 | 2/2/2018 Defendants' Motion for Judgment on the Pleadings (Dkt. 33) | Plaintiffs are improperly seeking to put Defendants' pleading before the jury and then note that the Court rejected them. Such pleadings are irrelevant, and will likely confuse and bias the jury. See MIL #3) | Statements in the document are relevant to show fraudulent intent, specifically Zada's shifting explanations for his reasons for the transfers. | | |
| 394 | 2/16/2018 Defendants' Reply in Support of Motion for Judgment on the Pleadings (Dkt. 37) | Plaintiffs are improperly seeking to put Defendants' pleading before the jury and then note that the Court rejected them. Such pleadings are irrelevant, and will likely confuse and bias the jury. See MIL #3) | Statements in the document are relevant to show fraudulent intent, specifically Zada's shifting explanations for his reasons for the transfers. | | |

Fenwick & West LLP
Attorneys at Law

| Ex. No. | Description | Objection and Reasons | Response | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| 395 | Additional payments of Perfect 10 expenses made by Norman Zada | ND; R; P; B; AU | These documents show other Perfect 10 legal expenses paid for by Dr. Zada. | | |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:  January 18, 2019          FENWICK & WEST LLP


By:  */s/ Todd R. Gregorian*
          Todd R. Gregorian

Attorneys for Plaintiffs,
GIGANEWS, INC. and LIVEWIRE
SERVICES, INC.


Dated: January 18, 2019          LAW OFFICES OF MATTHEW C.
          MICKELSON


By:  */s/ Matthew C. Mickelson*
          Matthew C. Mickelson

Attorneys for Defendants,
PERFECT 10, INC. and NORMAN ZADA