ANDREW P. BRIDGES (CSB No. 122761)
abridges@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.928.5200

JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
TODD R. GREGORIAN (CSB No. 236096)
tgregorian@fenwick.com
ERIC B. YOUNG (CSB No. 318754)
eyoung@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

RONALD P. SLATES, SBN: 43712
rslates2@rslateslaw.com
RONALD P. SLATES, P.C.
500 South Grand Avenue, Suite 2010
Los Angeles, CA 90071
Telephone: 213.624.1515
Facsimile: 213.624.7536

Attorneys for Plaintiffs/Judgment Creditors,
GIGANEWS, INC. and LIVEWIRE
SERVICES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| GIGANEWS, INC., a Texas Corporation; LIVEWIRE SERVICES, INC., a Nevada Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>PERFECT 10, INC., a California Corporation; NORMAN ZADA, in individual; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 2:17-cv-05075-AB (JPR)<br><br>**PLAINTIFFS' SUPPLEMENT TO JOINT PRETRIAL CONFERENCE ORDER**<br><br>Pretrial Conf.: March 1, 2019<br>Time: 11:00 a.m.<br>Courtroom: 7B<br>Trial Date: March 26, 2019<br>Judge: Hon. André Birotte, Jr. |

Because Defendants refused to allow any specific discussion of outstanding discovery issues in the joint pretrial conference order, Plaintiffs agreed to omit them from the joint document in order to finalize that document.  Plaintiffs therefore submit this short supplement with the information Defendants would not allow.

## DISCOVERY

Plaintiffs sought and received orders from the Court compelling Defendants to identify physical assets Perfect 10 claims it transferred to Norman Zada. *See* Dkt. 66.  Defendants still have not fully complied. Mr. Zada's October 31, 2018 deposition revealed that there were additional assets that Perfect 10 transferred that Defendants did not disclose in their interrogatory responses or document production; Mr. Zada *assumed* that *if* they were Perfect 10's, he would have *included them in the* transfer, yet he still did not disclose them or investigate whether he or Perfect 10 paid.

Defendants also refused to supplement their interrogatory responses and document productions according to Federal Rule of Civil Procedure 26(e)(1). Defendants completed their original disclosures near the very end of fact discovery. Since that time, they have not provided any supplemental response or production, despite Plaintiffs' requests. Specifically, Defendants have not produced their most recent account statements, which are relevant to show any additional transfers from Perfect 10 to Zada, assets and liabilities to calculate insolvency, and Defendants' ability to pay a punitive damages award.  The First Amended Complaint contains a claim for punitive damages, and the jury must hear and consider relevant evidence on that issue, specifically evidence of Mr. Zada's current financial position.

Defendants also have not produced documents related to Defendants' filings or planned tax filings for the 2018 tax year.  Mr. Zada testified that such filings would occur to "correct" misrepresentations in Perfect 10's filings for 2015, 2016, and 2017.  Those misrepresentations are directly at issue in this case, as they show that Mr. Zada's contributions to Perfect 10 were purchases of equity, not loans, and

that Perfect 10 for years continued to claim depreciation on assets it had supposedly sold to Mr. Zada in 2015.

Defendants also have not produced their recent communications that fall under the Court's order dated September 10, 2018 compelling (1) all communications between Defendant(s) and Bruce Hersh, and (2) all communications between Defendant(s) and Melanie Poblete or Sean Chumura that relate to Defendants' assets, liabilities, or transfers.

Defendants contend that Plaintiffs consented to December 31, 2017 as a cutoff date for all discovery, and therefore waived any right to supplementation under Rule 26. Defendants rely on a statement by Plaintiffs' counsel at a discovery hearing, which refers to specific requests at issue before the Magistrate Judge on a motion to compel. Plaintiffs did not agree to limit the relevant period for all discovery to 2017.

Dated: February 8, 2019       FENWICK & WEST LLP

By: */s/Todd Gregorian*
Todd Gregorian

Attorneys for Plaintiffs/Judgment Creditors, GIGANEWS, INC., and LIVEWIRE SERVICES, INC.