UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 17-05075-AB (JPRx) | Date: | March 13, 2019 |

| | |
|---|---|
| Title: | *Giganews, Inc. et al v. Perfect 10, Inc., et al.* |

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER RE: MOTIONS IN LIMINE

Before the Court are Giganews, Inc., and Livewire Services, Inc.'s ("Plaintiffs") Motions in Limine 1-9, and Defendants Perfect 10, Inc. and Norman Zada's ("Defendants") Motions in Limine 1-8. The Court heard oral argument on March 1, 2019 and rules as follows.[1]

A. **PLAINTIFFS' MOTIONS IN LIMINE**

1. **Plaintiffs' Motion in Limine No. 1 (Dkt. No. 133) to Exclude the Putative Expert Testimony of Douglas Lichtman is <u>GRANTED in part</u> and <u>DENIED in part.</u>**

   Plaintiffs seek to exclude the expert testimony of Douglas Lichtman on the ground that it is not relevant, that it is not reliable, and that it is not helpful to the trier of fact and thus fails the *Daubert* test.

---

[1] This order assumes familiarity with this case and related case *Perfect 10, Inc., v. Giganews, Inc., et al.*, CV11-07098 AB (JPRx) and the appeals thereof.

A witness may offer expert opinions only if qualified "by knowledge, skill, experience, training, or education." Fed. R. Evid. 702. Trial courts have a "gatekeeping role" in admitting expert testimony and before admitting it into evidence, must ensure that all expert testimony is relevant, is reliable, and will assist the factfinder. *Daubert*, 509 U.S. at 596-97 (addressing scientific expert testimony); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999) (applying *Daubert* to all expert testimony).

The Court has reviewed Lichtman's expert report and the salient deposition excerpts. *See* Gregorian Decl. (Dkt. No. 156) Exs. 2 ("Lichtman Depo."), 1 ("Lichtman Report"). Lichtman reviewed the Court's two orders resolving Giganews's two motions for summary judgment in the related case, and offers the opinion that "it is readily plausible to think that someone knowledgeable with respect to copyright law, copyright practice, and also the specific facts of the Giganews Case could have read the Direct Infringement Order and the Indirect Infringement Order and believed, with very high confidence, that the holdings would be sufficiently reversed on appeal so as to cause at least one of the implicated legal theories to be reinstated as a legally viable theory." Lichtman Report ¶ 23. The report then identifies some seven elements of the two orders that, in Lichtman's opinion, could lead a knowledgeable person to believe that the orders would be reversed on appeal, such that at least one of Perfect 10's legal theories against Giganews could be reinstated.

The putative relevance of this opinion is that if it was plausible to believe that at least one of Perfect 10's claims against Giganews would be reinstated, then it was also plausible for Zada to believe that he would win. If Zada believed he would win, then he would not have anticipated the adverse judgment, which rebuts Plaintiffs' theory that the assets were fraudulently transferred from Perfect 10 to Zada to avoid a judgment.

This line of reasoning is quite attenuated: even if the orders in the related case were vulnerable to reversal and some of Perfect 10's theories were reinstated, it does not necessarily follow that Perfect 10 would have prevailed over Giganews. Giganews might still have prevailed and been awarded fees. Lichtman's testimony also risks relitigating the merits of the copyright action. However, it is true that under the Copyright Act, only a prevailing party can be awarded fees, and the two orders Lichtman discusses made Plaintiffs the prevailing party. Accordingly, Lichtman's opinion to the effect that a knowledgeable person could think the orders were vulnerable to reversal does, to some extent, tend to make Zada's claim that he lacked the intent to defraud more likely. The Court also finds that Lichtman's analysis is reliable in that it is based on bis expertise in copyright law. The Court also finds this limited opinion is sufficiently helpful to the trier of fact to warrant admission. The motion is therefore **DENIED** as to this limited opinion.
However, the Court **GRANTS** the motion to exclude analysis of any of the seven

specific legal issues that Lichtman identifies. The Court is not going to let this fraudulent transfer trial turn into an extended course on the finer nuances of copyright law or a trial-within-a-trial about the related case or an in-depth critique of the Court's orders. Such a discussion would not assist the trier of fact, would cause confusion, would consume inordinate amounts of time, and would likely distract from the real factual issue here, which is not whether Zada *could* believe he would prevail in the related case, but whether he actually *did* believe that. This question turns more on Zada's credibility than on the nuances of copyright law.

In sum, Lichtman may testify as to his overall conclusion to the effect that a hypothetical "knowledgeable person" could disagree with the Court's rulings. *See, e.g.,* Lichtman Report ¶ 23. Such testimony would suffice to serve the purpose for which Lichtman's expertise is offered: to show that it was plausible to disagree with the Court's orders. However, testimony beyond this is excluded.

### 2. Plaintiffs' Motion in Limine No. 2 (Dkt. No. 134) to Exclude the Expert Testimony of Robert C. Lind is <u>GRANTED</u>.

Plaintiffs seek to exclude the expert testimony of Robert Lind on the ground that it is irrelevant amd unreliable. The Court has reviewed Lind's expert report and his deposition testimony. *See* Gregorian Decl. Ex. 4 ("Lind Report") and Ex. 3 ("Lind Depo"). In his report, Lind analyzes one of the DMCA take-down notices that Defendants sent to Giganews and opines as to whether it complies with the requirements of the DMCA. Lind concludes that the particular notice does comply, and that Zada "was completely justified in believing that the takedown notices sent by Perfect 10 to Giganews were sufficient to put Giganews on notice that infringements of Perfect 10 copyrighted material existed on Giganews's servers and provided sufficient information to locate them." Lind Decl., p. 12. Lind also states that the Court erred in several other rulings relating to whether Perfect 10's notices complied with the DMCA.

Lind's opinion fails Daubert for several reasons. First, Lind analyzed a single DMCA notice provided by Defendants without also determining whether it was representative of Perfect 10's notice. As such, there is no foundation for extrapolating Lind's analysis of this notice to Perfect 10's notices in general. In addition, Lind's analysis is not reliable: he explains that his opinion is based in part on "terms of the Usenet and how it's operated and how it's searched," but he used it only in 1995 (for a summer or year) while on sabbatical, and not since, and only to view messages, not to post or otherwise interact. *See* Lind Depo. 10:1-9. Lind's testimony also reveals that he lacks expertise on how Usenet works such that he is not qualified to render an opinion as to whether DMCA notices for materials posted on Usenet comply with the DMCA. *See, e.g.*, Lind Depo. 11:13-13:6. For example, Lind opines that message IDs are not required

for a DMCA notice to be compliant, but in his deposition he admitted that he had no experience with message IDs when he used the Usenet in 1995. *See also id.* 78:11-79:7 (admitting no training or expertise in Usenet). In addition, Lind relies not on any independent knowledge of how to find infringing content on Usenet without message IDs, but on three Youtube videos created by Zada that appear to be akin to tutorials on the subject, and that Zada specifically asked Lind to watch, even sending Lind their URLs so he could easily locate them. *Id.* 103:21-105:14. A putative expert witness without independent expertise on a subject does not become qualified simply by absorbing a litigant's agenda-driven presentations.

Given Lind's limited use of the Usenet more than 20 years ago, his lack of direct knowledge of how message IDs function, and his lack of independent knowledge of the specific platforms and technologies in issue here, his opinion as to whether Perfect 10's DMCA notices were compliant is not reliable.

The Motion to exclude Robert Lind is **GRANTED**.

3. **Plaintiffs' Motion in Limine No. 3 (Dkt. No. 135) to Exclude Evidence Relating to Settlement and Mediation Communications is GRANTED in part and DENIED in part.**

Plaintiffs seek to exclude evidence of settlement offers and statements made in connection with mediation proceedings or other settlement discussions on the ground that such evidence is irrelevant, inadmissible under Fed. Rule Evid. 501 and the California mediation privilege stated in Cal. Evid. Code § 1119, and under Fed. R. Evid. § 408(a). In particular, Plaintiffs point to the following three items:

  i.  A January 2014 offer Giganews made to settle the case during a mediation with a JAMS mediator in January 2014.

  ii. An April 2015 offer Zada made to settle the case for $2 million and a deed of trust on a property

  iii. Statements a JAMS mediator allegedly made to Zada during a November 2018 mediation of this fraudulent transfer case about what a Giganews officer said in mediation.

Defendants do not deny that the first and third pieces of evidence are subject to California's mediation privilege, but they argue that they should be admitted because they are relevant. But California's mediation privilege "unqualifiedly bars disclosure of communications made during mediation absent an express statutory exception." *Foxgate*

*Homeowners' Ass'n, Inc. v. Bramalea California, Inc.*, 26 Cal. 4th 1, 15, 25 P.3d 1117 (2001). Defendant has pointed to no statutory exception to the privilege, so the first and third items—statement from the January 2014 mediation and the November 2018 mediation—are inadmissible.

As for Zada's April 2015 offer to "settle" the related case for $2 million and a deed of trust on a property, Plaintiffs contends that it is barred by Fed. R. Evid. 408(a)(1), which states, as relevant, "Evidence of the following is not admissible — on behalf of any party — either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction: (1) furnishing, promising, or offering — or accepting, promising to accept, or offering to accept — a valuable consideration in compromising or attempting to compromise the claim; . . ." Rule 408 thus bars settlement offers when used only for the purpose of proving the validity or invalidity of the underlying claim. Here, Defendants proffer Zada's offer for several purposes: to show that Zada did not attempt to frustrate Plaintiffs' efforts to collect the judgment, to show his good character, to show Plaintiffs' failed to mitigate damages, and to rebut the punitive damages claim. None of these purposes is barred by Rule 408(a)(1) because none of them challenges the validity of the debt. Although such evidences is not admissible as character evidence, *see* Fed. R. Evid. 404, it is arguably relevant for the other stated purposes. Therefore, the Court will not exclude Zada's April 2015 offer at this juncture.

The Motion is therefore **GRANTED** as to the statements allegedly made in connection with the mediations, but **DENIED** as to Zada's April 2015 settlement offer.

### 4. Plaintiffs' Motion in Limine No. 4 (Dkt. No. 136) to Exclude Improper Behavior, Testimony, and Argument of Norman Zada is **DENIED**.

Plaintiffs point to instances in this case in which Defendant Zada spoke in court while not on the witness stand, offered testimony beyond direct answers to counsel's questions, and proffered expert opinions, and seek an order barring him from the same at trial. The Court declines to issue such a blanket order before trial, so the Motion is **DENIED**. However, the Court expects Zada, like anyone else, to maintain proper courtroom decorum and to observe all applicable rules governing how he may speak in court. The Court expects defense counsel to instruct his client accordingly. The Court will not tolerate breaches of decorum and will sustain objections to improper testimony.

5. **Plaintiffs' Motion in Limine No. 5 (Dkt. No. 149) to Exclude In Part the Expert Testimony of John R. Cooper is <u>DENIED</u>.**

Plaintiffs seek to exclude portions of the testimony of Defendants' rebuttal accounting expert John Cooper on the ground that his testimony is unreliable because it largely serves as a "mouthpiece" for Defendant Zada's self-serving amateur opinions, and that he is not qualified to give an opinion about "reasonably equivalent value" in the context of fraudulent transfer law. The Court has reviewed Cooper's expert report (Gregorian Decl. Ex. 12) and his deposition testimony (Gregorian Decl. Ex. 11) and **<u>DENIES</u>** the motion. The motion largely mischaracterizes Cooper's opinions and testimony. Cooper's opinion is primarily a critique of Plaintiffs' expert Mr. Boyle's opinions, and he grounds them in accounting principles that he articulates in his report and deposition. Insofar as he relies on information provided by Defendant Zada, he appropriately discloses that and provides an analysis of it, and does not simply "parrot" Zada's opinions. Plaintiffs argue that Cooper is not qualified to give an opinion that Perfect 10 received "reasonably equivalent value" when it transferred assets to Zada because Cooper admittedly does not know what that term means in the context of California fraudulent transfer law or bankruptcy. But Cooper states that his opinion of "reasonably equivalent value" is based on accounting principles, and Plaintiffs fail to explain how that concept in the accounting context differs meaningfully from, or is irrelevant to, that concept in the context of fraudulent transfers.

6. **Plaintiffs' Motion in Limine No. 6 (Dkt. No. 150) to Exclude Evidence Relating to Professor Douglas Tygar is <u>DENIED</u>.**

Plaintiffs seek to bar Defendants from presenting evidence concerning the putative expert testimony of Douglas Tygar offered in the related case. Plaintiffs state that Defendants plan to present an exhibit compiling Tygar's declaration testimony from the related case. Plaintiffs argue that Tygar is not designated as a witness or expert witness in this case, so his opinions as presented by Defendant Zada would be hearsay. Furthermore, this would amount to relitigating the related case, and the Court already excluded Tygar's testimony in the related case.

First, Plaintiffs have not directed the Court to the specific exhibit that compiles Tygar's declaration testimony, making it difficult to adjudicate this motion. However, Defendants intend to offer Tygar's testimony for their effect on the listener, Zada, and this is not a hearsay purpose, so the hearsay objection is overruled. In addition, the Court previously only excluded a portion of Tygar's opinion, and Defendants do not intent to introduce that portion, so this objection is likewise overruled. This Motion is **<u>DENIED</u>**.

However, as with the other evidence that risks relitigating the related case, the

Court will disallow evidence that is confusing, cumulative, or that goes too far afield from the purpose of showing the effect on the listener.

   **7. Plaintiffs' Motion in Limine No. 7 (Dkt. No. 151) to Exclude Inflammatory Topics that the Court Has Already Deemed Irrelevant is <u>GRANTED</u>.**

Plaintiffs seek to exclude a number of categories of evidence on the ground that they are irrelevant and inflammatory. The Court has considered the briefing and rules as follows:

The Court **<u>GRANTS</u>** the motion as to evidence regarding the arrest of multiple other usenet operators in Europe in 2016 and 2017, or other civil and criminal proceedings or investigations that do not involve Plaintiffs or Perfect 10. Such evidence is irrelevant.

The Court **<u>GRANTS</u>** the motion as to evidence of the conduct of nonparties such as various usenet operators, including Megaupload. This evidence is irrelevant.

The Court **<u>GRANTS</u>** the motion as to other works not owned by Perfect 10 available on usenet. Such evidence is irrelevant.

The Court **<u>GRANTS</u>** the motion as to evidence that child pornography was uploaded to Giganews's servers. Such evidence is irrelevant, and any marginal relevance it may have is outweighed by the risk of undue prejudice.

The Court **<u>GRANTS</u>** the motion as to the amicus briefs filed by the Motion Picture Association of America ("MPAA") and the Recording Industry Association of America ("RIAA") in the appeal of the related case before the Ninth Circuit, and the Department of Justice in a different. Defendants argue that these materials tend to support Zada's view that he would win the related case and that Plaintiffs would never become his creditor, so he did not have fraudulent intent when he transferred assets from Perfect 10 to himself. These materials are of at most tangential relevance to issues in the case, are cumulative, and have a tendency to confuse the jury.

The Court **<u>GRANTS</u>** the motion to bar Zada from comparing Plaintiffs' to thieves.

   **8. Plaintiffs' Motion in Limine No. 8 (Dkt. No. 154) to Exclude Evidence and Argument Aiming to Relitigate the Underlying Copyright Case is <u>DENIED</u>.**

Plaintiffs seek to bar Defendants from presenting evidence that aims to relitigate

the merits of the related case. The Court **DENIES** this motion on the ground that it is vague. Zada's actual intent when he accepted Perfect 10's assets is relevant, and therefore his expectations regarding the outcome of the underlying case are also relevant. However, this does not mean Defendants are free to "relitigate" the underlying case, nor will the Court tolerate wasting jury time with cumulative evidence or causing jury confusion with extensive discussion of the merits of the underlying case. The Court can only make these discretionary evidentiary decisions during trial.

9. **Plaintiffs' Motion in Limine No. 9 (Dkt. No. 155) to Exclude Reference to Zada's Subjective Belief in the Likelihood of Perfect 10's Success is DENIED.**

Plaintiffs seek to exclude evidence of Defendant Zada's subjective belief that Perfect 10 would win the related case on the ground that it is irrelevant. However, Zada's actual subjective intent is relevant to Plaintiffs' first claim for actual fraudulent transfer, which turns in part on whether Zada had "actual intent to hinder, delay, or defraud any creditor of the debtor." Cal. Civ. Code § 3439.04(a)(1). The Motion is therefore **DENIED**. However, this does not mean that Zada is free to extemporize on all the ways he believes the Court's orders were wrong.

B. **DEFENDANTS' MOTIONS IN LIMINE**

1. **Defendants' Motion in Limine No. 1 (Dkt. No. 141) to Exclude Testimony of Steven Boyles is DENIED.**

Defendants seek to exclude the testimony of Plaintiffs' accounting expert Steven Boyles on numerous grounds: that he will improperly opine on various legal questions; that his supplemental report is untimely; that he should be disqualified because he makes false statements in his report; that his testimony is not based on personal knowledge and is speculative; and that any relevance is outweighed by undue prejudice under Fed. R. Evid. 403. The Court has reviewed Mr. Boyles' Report (Dkt. No. 181-1) and his Supplemental Report (Dkt. No. 141, Ex. 1) and finds that Defendants' arguments are without merit. The Motion is **DENIED**.

2. **Defendants' Motion in Limine No. 2 (Dkt. No. 142) to Exclude Unsigned Promissory Notes and Testimony of Mark Eskridge is DENIED.**

Defendants seek to exclude unsigned promissory notes created by Defendant Zada and his employee Ms. Poblete on the ground that they are irrelevant, are impermissible character evidence, and are unduly prejudicial under Rule 403. They also seek to exclude the associated testimony of Plaintiffs' computer forensics expert Mark Eskridge as it

would be irrelevant if the promissory notes are excluded.

These objections are overruled. The notes are relevant to Zada's intent to defraud. Defendant argues that there is a non-fraudulent explanation for the notes, but this simply shows that there is a jury question, not that the notes are irrelevant. Nor are the notes excludable as character evidence or as unduly prejudicial under Rule 403. Accordingly, there is no basis for excluding Mr. Eskridge's testimony. The Motion is **DENIED**.

### 3. Defendants' Motion in Limine No. 3 (Dkt. No. 144) to Exclude Inflammatory and Irrelevant Exhibits is **DENIED**.

Defendants move to exclude a numerous pieces and categories of evidence on the ground that they are inflammatory and irrelevant. It is not clear at this juncture what, if any, of these materials Plaintiffs will seek to introduce, and what such evidence Defendants will open the door to. Accordingly, the Court declines to rule on the admissibility of this evidence before trial, but Defendants may raise the appropriate objections at trial. The Motion is **DENIED**.

### 4. Defendants' Motion in Limine No. 4 (Dkt. No. 144) to Exclude Denied and Vacated Sanctions Order is **DENIED**.

Defendants move to exclude from evidence an interim sanctions order issued in the Related Case by Magistrate Judge Hillman that he later vacated because it was redundant to this Court's order awarding Plaintiffs attorneys' fees in that case. Defendants argue that the sanctions order is irrelevant and prejudicial. In opposition, Plaintiffs explain that they do not intent to put on a trial within a trial about Defendants' discovery abuse I nthe related case, and explain how they intend to use the sanctions order: "the jury should hear generally that Perfect 10 faced sanctions liability for specific Perfect 10 misconduct that had occurred during the Related Case and while Mr. Zada took money from the company." Dkt. No. 176, 4:6-8. The Court agrees the sanctions order is relevant for this purpose and admissible to the limited extent described. The Motion is **DENIED**.

### 5. Defendants' Motion in Limine No. 5 (Dkt. No. 145) to Exclude Testimony Regarding Likelihood Perfect 10 Would Not Prevail, Etc., is **DENIED**.

Defendants move to exclude any evidence regarding the likelihood that Perfect 10 would not prevail in the related case prior to entry to summary judgment, or that a fee award would be entered against Perfect 10 prior to the entry of the actual order. Defendants argue that such evidence is speculative and prejudicial and that Plaintiffs have designated no expert who could opine on those matters. Defendants specifically argue that Plaintiffs' attorneys should not be permitted to offer such testimony, nor

should their two experts. But it does not appear that Plaintiffs intend to offer such testimony. The Motion is therefore **DENIED**.

### 6. Defendants' Motion in Limine No. 6 (Dkt. No. 146) to Exclude Evidence Regarding Norman Zada's Wealth and to Strike Punitive Damages Claim is **DENIED**.

Defendants move to exclude as irrelevant and unduly prejudicial a class of exhibits including bank statements, credit card statements, brokerage account and retirement account statements and other documents that show Defendant Zada's wealth and finances over the past 10 years. Defendants also move to strike the claim for punitive damages, arguing that the evidence is incompatible with an award of punitive damages, and because the Ninth Circuit already found there was no evidence of bad faith.

Defendants' relevance and Rile 403 objections to this evidence are overruled. Defendant Zada's financial condition is relevant to the issue of whether he had fraudulent intent when he removed assets from Perfect 10, and it is relevant to punitive damages. Furthermore, Zada himself may put his financial condition in issue because he has stated that he and Perfect 10 did not have enough cash to pay the judgment. There is no basis for excluding this entire category of evidence before trial. Defendants may object to particular items at trial. The Court denies the motion to strike the punitive damages claim, as this is really a motion for summary adjudication not properly raised in a motion in limine. The Motion is **DENIED**.

### 7. Defendants' Motion in Limine No. 7 (Dkt. No. 147) to Exclude Evidence of Deposition of Live Testimony From Various Witnesses is **DENIED**.

Defendants seek to exclude transcripts or videotapes of depositions from the following: Rebekah Chaney, Jennifer McCall, Gwendalyn Augustine, Szabolcs Apai, Sean Chumura, Melanie Poblete, Sheena Chou, Mike Saz, and Bruce Hersh.

As to Hersh and Poblete, Defendant argues that they do not satisfy any of the bases for admitting deposition testimony set forth in Fed. R. Civ. P. 32(a). In particular, both Hersh and Poblete have been subpoenaed to appear, live within 100 miles of the Courthouse, and are on Plaintiffs witness list, so they are not "unavailable" as required to admit their deposition testimony under Fed. R. Civ. P. 32(a)(4). This objection is overruled. Fed. R. Civ. P. 32(a)(2) allows use of a deposition for cross-examination, impeachment, "or for any other purpose allowed by the Federal Rules of Evidence," without regard to whether the witness is unavailable. *See* Fed. R. Civ. P. 32 Advisory Cmte. Notes (explaining that rule was revised to make clear that "the rules of evidence are to be applied to depositions offered at trial as though the deponent were then present

and testifying at trial. This eliminates the possibility of certain technical hearsay objections [] based not on the contents of the deponent's testimony but, on his absence from court."). In turn, Fed. R. Evid. 801(d)(2) provides that a statement is not hearsay if "it is offered against an opposing party and . . . was made by the party's agent or employee on a matter within the scope of that relationship and while it existed." Here, both Hersh and Poblete were employed by Defendants, and Defendants do not object that their testimony concerned matters outside the scope of their roles.

As to Chaney, McCall, Augustine, Apai, Chumura, Szabolcs, Chou, and Saz, Defendants contend that the proffered testimony is irrelevant and unduly prejudicial. Defendants direct the Court to a number of designated excerpts from their depositions and tries to explain their irrelevance. The Court declines to rule on all of these excepts without context, and unless and until it is clear which excerpts Plaintiffs will actually seek to introduce. The Court **ORDERS** the parties to meet and confer before seeking to admit deposition testimony to attempt to resolve or narrow any issues.

This Motion is **DENIED**.

### 8. Defendants' Motion in Limine No. 8 (Dkt. No. 148) to Exclude Limited Portions of the Fee Order is **DENIED**.

Defendants move to exclude certain "hotly contested findings" in the attorneys' fees order on the ground that they would unnecessarily prejudice the jury. Defendants identify 5 broad categories of such "findings," including, for example, that Perfect 10 was a tax write-off and that Zada intended Perfect 10 to operate at a loss for tax purposes (DMIL 8, 2:16-17), and that Perfect 10's notices were intentionally deficient and Perfect 10 failed to provide machine-readable message-IDs (DMIL 8, 3:15-17). Defendants' objections are overruled. Simply stated, the attorneys' fees order is relevant to Defendant Zada's state of mind when he made the transfers thereafter. Furthermore, that Zada strenuously disagrees with some of the Court's findings does not render them irrelevant. The Motion is therefore **DENIED**. However, the Court does have some concerns about how Plaintiffs intend to introduce the fee order, and whether all of its 59 pages is relevant.

//

//

//

C. **CONCLUSION**

For the foregoing reasons, the Court rules as follows:

- Plaintiffs' Motions in Limine Nos. 2 and 7 are **GRANTED**.

- Plaintiffs' Motions in Limine Nos. 1 and 3 are **GRANTED in part and DENIED in part** as discussed above.

- All other motions are **DENIED**.   IT IS SO ORDERED.

**IT IS SO ORDERED.**