ANDREW P. BRIDGES (CSB No. 122761)
abridges@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.928.5200

JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
TODD R. GREGORIAN (CSB No. 236096)
tgregorian@fenwick.com
ERIC B. YOUNG (CSB No. 318754)
eyoung@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

RONALD P. SLATES, SBN: 43712
rslates2@rslateslaw.com
RONALD P. SLATES, P.C.
500 South Grand Avenue, Suite 2010
Los Angeles, CA 90071
Telephone: 213.624.1515
Facsimile: 213.624.7536

Attorneys for Plaintiffs/Judgment Creditors,
GIGANEWS, INC. and LIVEWIRE
SERVICES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| GIGANEWS, INC., a Texas Corporation; LIVEWIRE SERVICES, INC., a Nevada Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>PERFECT 10, INC., a California Corporation; NORMAN ZADA, in individual; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 2:17-cv-05075-AB (JPR)<br><br>**PLAINTIFFS' TRIAL BRIEF**<br><br>Trial Date: March 26, 2019<br>Courtroom: 7B<br>Judge: Hon. André Birotte, Jr. |

Plaintiffs Giganews, Inc. and Livewire Services, Inc. submit this trial brief pursuant to Local Rule 16-10 to address two specific issues that Defendants have raised. The first issue below responds to a point Defendants raised in their memorandum of contentions of fact and law. *See* Dkt. 138 at 8. The second issue responds to an argument that Defendants raised obliquely in their memorandum of contentions at 6 and directly in their argument objecting to a jury instruction Plaintiffs proposed. *See* Dkt. 191 at 22.

## I. DEFENDANTS' MITIGATION OF DAMAGES DEFENSE DOES NOT APPLY AND SHOULD NOT BE PRESENTED TO THE JURY.

If successful on their fraudulent transfer claims, Plaintiffs have an unqualified statutory right to void Perfect 10's transfers to Norman Zada. Cal. Civ. Code §§ 3439.04, 3439.07, 3440. Plaintiffs have not sought consequential damages caused by Mr. Zada's fraud, such as the cost of business disruption. A "failure to mitigate" defense thus does not apply to the claims, and the jury should not hear it.

"A plaintiff who suffers damage as a result of either a breach of contract or a tort has a duty to take reasonable steps to mitigate those damages and will not be able to recover for any losses which could have been thus avoided." *Shaffer v. Debbas*, 17 Cal. App. 4th 33, 41 (1993). The mitigation of damages defense applies "when the event producing injury or damage has already occurred and it then has become the obligation of the injured or damaged party to avoid continuing or enhanced damages through reasonable efforts." *Valle de Oro Bank v. Gamboa*, 26 Cal. App. 4th 1686, 1691 (1994). But mitigation of damages "has no application where its effect would be to require the innocent party to sacrifice and surrender important and valuable rights." *Id.* (quoting *Seaboard Music Co. v. Germano*, 24 Cal. App. 3d 618, 623 (1972)).

In *Valle de Oro Bank v. Gamboa*, the court thus held that the trial court erred in allowing the jury to consider a mitigation of damages defense in a bank's action for the balance due on a vehicle loan. *Id.* at 1688. The defendant argued that the

bank failed to obtain insurance on the vehicle and was thus not entitled to the unpaid balance when the vehicle burned in a fire. *Id.* Reversing the jury verdict against the bank, the Court of Appeals held that the mitigation defense did not apply. "Use of the doctrine in this case did not provide a shield against the unwarranted piling up of damages, but rather constituted a sword against the Bank's contractual right to recover damages resulting from Gamboa's admitted breach of contract." *Id.* at 1694.

    Defendants seek to introduce a failure to mitigate defense in the same impermissible manner. They intend to tell the jury that Plaintiffs could have "eliminated" damages by accepting a settlement offer that paid only $2 million of the judgment, along with a deed of trust on real estate where further collection would be both uncertain and also contingent on conditions. Just as in *Gamboa*, there were no damages "piling up" that Plaintiffs had a duty to mitigate. Instead, Defendants contend that Plaintiffs had to *settle* for something as "insurance" against a later inability to collect, and in the process give up their "valuable rights" to immediate payment of the full judgment. *Gamboa* makes crystal clear that a mitigation defense does not apply in these circumstances.

    Defendants also seek to argue to the jury that Plaintiffs should have seized the funds before Defendants transferred and spent them. Dkt. 138 at 8. Again, this misapplies the defense, as there was no "unwarranted piling up of damages." *Gamboa*, 26 Cal. App. 4th at 1694. Instead, Defendants merely argue that Plaintiffs should have caught them sooner. They improperly raise the defense as a "sword" to "entirely transfer[] to the plaintiff's shoulders the burden of the defendant's violated obligation." *Id.* at 1693-94.

    Both arguments improperly apply the mitigation defense, and allowing the jury to hear them would warrant reversal. *See id.* at 1693-94.

    Notably, Defendants have provided no authority holding that the mitigation defense applies to the statutory right to void a fraudulent transfer. They rely on

FENWICK & WEST LLP
ATTORNEYS AT LAW

*Davis v. Local Union No. 11 International Brotherhood of Electrical Workers, AFL-CIO,* 16 Cal. App. 3d 686, 696 (1971), for the proposition that mitigation of damages is "the general rule of California law." Dkt. 191 at 5 n.4. But *Davis* undermines Defendants' position. It rejected a challenge to a damages award in a malicious prosecution case based on failure to mitigate, on the basis that there is "no California authority for the proposition that the doctrine of mitigation of damages is applicable to malicious prosecution actions." *Id.* at 696.

The same is true here. Courts that have considered the issue have declined to apply mitigation of damages to fraudulent transfer claims. In *American Express Travel Related Services Co. v. D & A Corp.*, the court considered claims for fraudulent transfer under section 3439.04 and granted summary judgment to the plaintiff on the defendant's failure to mitigate damages defense, holding that "the doctrine of mitigation of damages has no application in this case." No. CVF046737, 2007 WL 3217565, at *44 (E.D. Cal. Oct. 29, 2007). It rejected the defendant's argument that the plaintiff "was remiss in permitting [defendant] to incur the debt." *Id.* Similarly, the court in *Sauer v. Publisher Services, Inc.* excluded evidence that the plaintiff "should have obtained a judgment or garnishment" after finding no authority "supporting that a creditor under the UFTA is required to mitigate damages resulting from a fraudulent transfer." No. 1:14-CV-698-WSD, 2016 WL 4409209, at *5 (N.D. Ga. Aug. 19, 2016).

This authority makes complete sense considering Plaintiffs' claims. Plaintiffs are not seeking general damages based on common-law fraud. They seek to void specific transfers under a statute that gives them an unqualified right to do so. Cal. Civ. Code §§ 3439.04, 3440. Accordingly, the Court should not permit Defendants to present this inapplicable defense to the jury.

///

///

///

FENWICK & WEST LLP
ATTORNEYS AT LAW

## II. THE COURT SHOULD REJECT DEFENDANTS' CHALLENGE TO THE NECESSARY JURY INSTRUCTION REGARDING INAPPLICABILITY OF THE "NETTING" RULE.

Defendants seek to introduce evidence that Norman Zada later paid ongoing expenses of Perfect 10 as an offset to the amounts he took from it originally. Dkt. 138 at 6. But the statute does not permit this. Plaintiffs may obtain "[a]voidance of the transfer or obligation *to the extent necessary to satisfy*" their claim. Cal. Civil Code § 3439.07(a)(1) (emphasis added). To avoid confusion and unfair prejudice from evidence of Norman Zada's alleged contributions, the Court should instruct the jury that Defendants may not count the contributions to Perfect 10 against the amount Plaintiffs are entitled to recover. Dkt. 191 at 22.

The statute provides a defense to liability for a transferee, unlike Norman Zada, that took property "in good faith and for a reasonably equivalent value." § 3439.08(a). This statutory defense is the basis for the "netting" rule, through which courts net the value a transferee provided to the debtor to the value it received from the debtor. The netting rule determines liability for only good faith transferees implicated in a fraudulent transfer. *Donell v. Kowell*, 533 F.3d 762, 771, 773 (9th Cir. 2008). The Ninth Circuit, for example, applies the rule in actions to recover against good faith investors in a Ponzi scheme. *See id.* First, the amounts transferred to the good faith investor "are netted against the initial amounts invested by that individual." *Id.* at 771. Only a net positive return establishes liability. *Id.* Second, to determine the amount of liability, "the court permits good faith investors to retain payments up to the amount invested, and requires disgorgement of only the 'profits' paid to them by the Ponzi scheme." *Id.* at 772.

As *Kowell* and its progeny describe, courts apply the netting rule in the limited scenario of good faith or innocent transferees. *See, e.g.*, *Donell v. Youabian*, No. CV1306483, 2014 WL 12579816, at *3 (C.D. Cal. Apr. 2, 2014) (determining an innocent investor's liability with the "netting rule"); *Hoffman v. Markowitz*, No. CV1601972, 2017 WL 6940501, at *4 (C.D. Cal. July 26, 2017)

FENWICK & WEST LLP
ATTORNEYS AT LAW

(same), *aff'd*, 746 F. App'x 641 (9th Cir. 2018); *In re Positive Health Mgmt.*, 769 F.3d 899, 909 (5th Cir. 2014) (analyzing comparable defense under the Bankruptcy Code and determining whether good faith transferee "receives a fraudulent transfer the value of which exceeds the consideration it gave up in return").

      The netting rule does not apply here. Norman Zada, as Perfect 10's sole owner, director, and executive, both controls the transferor and is the transferee. If the jury finds Mr. Zada had fraudulent intent, there is no possibility that it could find he *also* was an innocent transferee, akin to a third-party investor unknowingly implicated in a Ponzi scheme. *Cf. Donell*, 533 F.3d at 768, 771 (applying netting rule where the transferee "had no idea" the debtor was a fraudulent scheme and the parties did not dispute the transferee "acted with good faith at all times"). The Court should thus instruct the jury that Defendants cannot rely on the netting rule to count Norman Zada's contributions to Perfect 10 or payment of its expenses against the amount of the transfers he caused from Perfect 10 to himself.

Dated: March 19, 2019        FENWICK & WEST LLP

By: */s/ Todd R. Gregorian*
     Todd R. Gregorian

Attorneys for Plaintiffs/Judgment Creditors, GIGANEWS, INC., and LIVEWIRE SERVICES, INC.

FENWICK & WEST LLP
ATTORNEYS AT LAW