Matthew C. Mickelson (S.B.N. 203867)
**LAW OFFICES OF MATTHEW C. MICKELSON**
16055 Ventura Boulevard, Ste. 1230
Encino, CA 91436
818-382-3360

Attorney for Defendants PERFECT 10, INC.
and NORMAN ZADA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIGANEWS, INC., a Texas corporation; LIVEWIRE SERVICES, INC., a Nevada corporation,<br><br>　　　　　　Plaintiffs,<br>　　v.<br>PERFECT 10, INC., a California corporation, NORMAN ZADA, an individual, and DOES 1-50, inclusive<br>　　　　　　Defendants. | Case No.: 2:17-cv-05075-AB (JPR)<br><br>*Before Honorable André Birotte, Jr.*<br><br>**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' TRIAL BRIEF**<br><br>Trial Date:　March 26, 2019<br>Time:　　　8:30 a.m.<br>Courtroom:　7B, 350 West First Street, Los Angeles, CA 90012 |

Defendant's Objections and Responses to Plaintiffs' Trial Brief

The arguments made in Plaintiffs' Trial Brief are legally unfounded, and should be rejected by the Court.

### I. EVIDENCE REGARDING THE OFFER TO SETTLE

Preliminarily, Plaintiffs have already asked the Court to preclude evidence of the offer to settle by means of a motion in limine (Plaintiffs' MIL No. 3). The Court rejected their motion, concluding as follows:

"Here, Defendants proffer Zada's offer for several purposes: to show that Zada did not attempt to frustrate Plaintiffs' efforts to collect the judgment, to show his good character, **to show Plaintiffs' failed to mitigate damages**, and to rebut the punitive damages claim. None of these purposes is barred by Rule 408(a)(1) because none of them challenges the validity of the debt. Although such evidences is not admissible as character evidence, see Fed. R. Evid. 404, it is arguably relevant for the other stated purposes. Therefore, the Court will not exclude Zada's April 2015 offer at this juncture." (Order at p. 5.)

The Court has therefore expressly reviewed the issue of the use of the offer evidence for purposes of mitigation of damages arguments, and has allowed Defendants to make such arguments. Plaintiffs' position has already been rejected, and should be rejected again now.

In any event, Plaintiffs' legal position here is unfounded. The general rule in California is that "[a] plaintiff who suffers damage as a result of either a breach of contract or a tort has a duty to take reasonable steps to mitigate those damages and will not be able to recover for any losses which could have been thus avoided." (*Shaffer v. Debbas* (1993) 17 Cal. App. 4th 33, 41.) "The doctrine applies in tort, wilful as well as negligent." (*Green v. Smith* (1968) 261 Cal. App. 2d 392, 396.) This long-standing principle of law has not been suspended or eviscerated in fraudulent transfer cases, and Plaintiffs cited law does not stand for such a proposition.

Plaintiffs say mitigation of damages argumentation is legally foreclosed by

1  *Valle de Oro Bank v. Gamboa*, 26 Cal. App. 4th 1686, 1691 (1994).  That case, however, deals with a completely inapposite factual situation, in which a defendant could not use the fact that a plaintiff had failed to purchase fire insurance on a vehicle to avoid damages for breach of contract.

Here, Defendants will argue that every cent of the judgment was offered to Plaintiffs, and they turned it down.  Defendants are not arguing that Plaintiffs should have settled for something lesser "as 'insurance' against a later inability to collect" (Trial Brief at p. 2).  Instead, they are asserting that the actual full amount of the judgment (and more!) was tendered, but yet Plaintiffs slapped it away, thereby unjustly exacerbating their damages.  Defendants have the right to make such an argument to the jury.

## II.   EVIDENCE RELATING TO DAMAGES

Plaintiffs once again attempt to get the Court to adopt a rule prohibiting Defendants from pointing out the undeniable fact that both before and after the transfers at issue, Norm Zada deposited funds into Perfect 10.  This is not a fact that goes toward the affirmative defense discussed in Plaintiffs' brief; instead, it bears upon the simple matter of *damage calculation*.  Plaintiffs are complaining that funds were improperly transferred from Perfect 10 to Dr. Zada; as a matter of simple logic, the total amount of such funds must be calculated by the jury, and the only way that can be done is to evaluate both the amount of money that went out and that which went in.  Thus, the funds deposited into Perfect 10 after the last transfer was made must be put into consideration.

DATED:  March 20, 2019         LAW OFFICES OF MATTHEW C. MICKELSON

                              By: */s/ Matthew C. Mickelson*
                                  MATTHEW C. MICKELSON
                                  Attorney for Defendants Perfect 10, Inc.
                                  and NORMAN ZADA